APPEAL,CLOSED,OPEN_MJ,PROSE

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: 2:25−cv−00674−DAK

Velasquez v. Amazon.com Services
Assigned to: Judge Dale A. Kimball
Demand: $12,000,000
 Case in other court:  Tenth, 25−04145
                                   Tenth, 26−04000
Cause: 28:1331 Fed. Question

Date Filed: 08/12/2025
Date Terminated: 11/14/2025
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Carlos Velasquez**

represented by **Carlos Velasquez**
PO BOX 581365
SALT LAKE CITY, UT 84158
(801)671−0361
Email: cfv1983@gmail.com
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**Amazon.com Services**
*Inc.*

represented by **Brian D. Tuttle**
LITTLER MENDELSON
222 MAIN ST 5TH FL
SALT LAKE CITY, UT 84101
801−401−8312
Email: btuttle@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16974*
*Bar Status: Active*

**Ethan D. Thomas**
LITTLER MENDELSON PC
8474 ROZITA LEE AVE STE 200
LAS VEGAS, NV 89113
702−862−8800
Email: edthomas@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 15751*
*Bar Status: Active*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 08/25/2025 | 11 | MOTION and Affidavit for Recusal of the Jurist filed by Plaintiff Carlos Velasquez. Motions referred to Cecilia M. Romero. (eat) (Entered: 08/25/2025) |
|---|---|---|
| 10/03/2025 | 17 | MOTION/Formal Request to Show Cause for Delay on Action for Recusal filed by Plaintiff Carlos Velasquez. Motions referred to Cecilia M. Romero. (eat) (Entered: 10/03/2025) |
| 10/08/2025 | 18 | ORDER DENYING 11 Motion for Recusal; and DENYING AS MOOT 17 Motion/Formal Request to Show Cause for Delay on Action for Recusal. Signed by Judge Dale A. Kimball on 10/8/2025. (eat) (Entered: 10/08/2025) |
| 10/16/2025 | 24 | NOTICE OF FILING Notice to Cease and Desist filed by Plaintiff Carlos Velasquez. (eat) (Entered: 10/16/2025) |
| 10/21/2025 | 25 | RESPONSE to Motion re 21 MOTION for Extension of Time to File Response/Reply as to 15 MOTION to Dismiss and Memorandum in Support , 19 MOTION to Show Cause for Refusal on Recusal *and 23 Notice of Filing Proof of Publication and 24 Notice of Filing Notice of Cease and Desist* filed by Defendant Amazon.com Services. (Tuttle, Brian) (Entered: 10/21/2025) |
| 10/23/2025 | 26 | RESPONSE to Motion re 15 MOTION to Dismiss filed by Plaintiff Carlos Velasquez. (eat) (Entered: 10/23/2025) |
| 10/28/2025 | 27 | ORDER denying 19 Motion to Show Cause for Refusal, on Recusal; and denying as moot 21 Motion for Extension of Time to File Response. Signed by Judge Dale A. Kimball on 10/28/2025. (eat) (Entered: 10/28/2025) |
| 11/06/2025 | 28 | REPLY to Response to Motion re 15 MOTION to Dismiss and Memorandum in Support *Plaintiff Complaint* filed by Defendant Amazon.com Services. (Thomas, Ethan) (Entered: 11/06/2025) |
| 11/06/2025 | 29 | NOTICE OF INTERLOCUTORY APPEAL as to 18 Order Denying Motion for Recusal and 27 Order Denying Motion to Show Cause for Refusal on Recusal filed by Carlos Velasquez. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee: $605. (eat) (Entered: 11/06/2025) |
| 11/10/2025 | 33 | DOCKET TEXT ORDER taking under advisement 15 Motion to Dismiss. The court intends to issue a decision on the Motion to Dismiss on or before November 14, 2025. Signed by Judge Dale A. Kimball on 11/10/2025. No attached document. (awm) (Entered: 11/10/2025) |
| 11/12/2025 | 34 | RESPONSE re 28 Reply Memorandum/Reply to Response to Motion filed by Carlos Velasquez. (eat) (Entered: 11/12/2025) |
| 11/13/2025 | 35 | ORDER of USCA Tenth Circuit as to 29 Notice of Appeal − Interlocutory, filed by Carlos Velasquez. Jurisdiction challenged. Response due on 12/01/2025 for Carlos Velasquez. Briefing on the merits is suspended pending further order of the court. (jrj) (Entered: 11/13/2025) |
| 11/14/2025 | 36 | MEMORANDUM DECISION AND ORDER granting Defendant's 15 Motion to Dismiss. Plaintiff's action is dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Judgment will be entered accordingly. Signed by Judge Dale A. Kimball on 11/14/2025. (eat) (Entered: 11/14/2025) |
| 11/14/2025 | 37 | |

| | | |
|---|---|---|
| | | JUDGMENT − Pursuant to the 36 Memorandum Decision and Order Granting Defendant's Motion to Dismiss, dated November 14, 2025, Plaintiff Carlos Velasquez's action is dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Case Closed. Signed by Judge Dale A. Kimball on 11/14/2025. (eat) (Entered: 11/14/2025) |
| 11/17/2025 | 38 | OBJECTIONS filed by Carlos Velasquez. (eat) (Entered: 11/17/2025) |
| 11/20/2025 | 39 | MANDATE of USCA as to 29 Notice of Appeal − Interlocutory, filed by Carlos Velasquez. According to the USCA the appeal is dismissed for lack of jurisdiction. (kec) Modified by correcting docket text on 11/20/2025 (eat). (Entered: 11/20/2025) |
| 12/01/2025 | 40 | RESPONSE re 38 Objections, filed by Amazon.com Services. (Tuttle, Brian) (Entered: 12/01/2025) |
| 12/03/2025 | 41 | ORDER of USCA Tenth Circuit as to 29 Notice of Appeal − Interlocutory. Order filed by Judges Holmes, Phillips, and Federico denying petition for rehearing filed by Appellant Mr. Carlos Velasquez. (kec) (Entered: 12/03/2025) |
| 12/08/2025 | 42 | SURREPLY to Document 40 filed by Carlos Velasquez. Procedural Concession and Declaration of Intent to File a Separate Motion Within a Reasonable Time. (eat) (Entered: 12/08/2025) |
| 12/15/2025 | 43 | MOTION for Discretionary Review filed by Plaintiff Carlos Velasquez. (eat) (Entered: 12/15/2025) |
| 12/16/2025 | 44 | ORDER OVERRULING 38 Plaintiff's Objection and DENYING 43 Plaintiff's Motion for Discretionary Review. Because this action has been dismissed and judgment has been entered against Plaintiff, this case is closed. Any document emailed or otherwise sent to the court by Plaintiff will be lodged in the docket as correspondence. The court will not respond to any future filings by Plaintiff in this case, and Defendant need not respond to any filing by Plaintiff unless specifically directed to do so by the court. Signed by Judge Dale A. Kimball on 12/16/2025. (eat) (Entered: 12/16/2025) |
| 01/05/2026 | 45 | NOTICE OF APPEAL as to 36 Order on Motion to Dismiss, Memorandum Decision, 37 Judgment, 44 Order on Motion for Miscellaneous Relief filed by Carlos Velasquez. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee $ 605. (Attachments: # 1 Addenda)(kec) (Entered: 01/05/2026) |

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| *Carlos Velasquez,* Plaintiff | **Case No. 2:25-cv-00674-DKA-CMR** |
| *v.* | Plaintiff's Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law |
| *Amazon.com Services Inc.,* Defendant | |

Pleading for Honorable Recusal

1. The Constitution of the United States of America is dedicated to *the people* without *exception,* so any of the people have any right not to be intimidated by *perjury,* nor any kind of persistent and applied *threat* to commit perjury. We demonstrate *nul tiel record* Hon. Dale Kimball has made such an implied threat in the past, and cannot preside.

2. 28 U.S. § 144, law states, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

3.  28 U.S. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

4.  Additionally we show several other jurists in this court *may not preside,* see Grounds below.

GROUNDS

Cause 1

5.  Hon. Judge Dale Kimball *will be* obligated to recuse once a new case is filed which involves an allegation of *Fraud on the Court* against Judges in the District of Utah who comitted *perjury* to have protected him; the brief is in its *final production phases.*

6.  The Plaintiff has *in production* since April 2024 new *civil action* for *Fraud on the Court* wherein Judge Dale Kimball took *judicial action* to *disfavor the plaintiff* in **Case No. 2:20-cv-205-DAK/DB-PMW,** *Velasquez v. State of Utah;* without grounds in that instance the jurist issued a statement who declared, "The Court certifies the Plaintiff's current appeal is not taken in good faith. Plaintiff failed to plead plausible causes of action against Defendants. Despite filing a lengthy Complaint, Plaintiff's allegations were vague and difficult to decipher. Moreover, his claims were barred by claim preclusion." **See Above Case, <u>Doc. No. 40</u>.**

7.  The Complaint was an explicit application described in *Saucier v. Katz,* 533 U.S. 194 (2001), with a multi-part *test of process* evaluating *frivolous* and *misapplied* statutes in Utah Division of Aging and Adult Services/Adult Protective Services, an *administrative censure;* it subjected the plaintiff and family to *administrative* and not *civil scrutiny,* and cannot ever be described the way it was described by Hon. Mr. Kimball; Hon. Mr. Nuffer; Hon. Mr. Benson; prejudice of the Circuit Court *notwithstanding.*

8.  There was pending an allegation of *Fraud on the Court* against the now deceased Hon. Judge Dee Benson, whom Hon. Mr. Kimball *did not review* at the time of his declaration. **See Addenda. (Note:** A deliberate *malpractice strategy* is evident; *intentional collateral error,* had Hon. Mr. Kimball reviewed the *Fraud on the Court* motion prior to the disposition, considering difficulty of the circumstance of the death of the jurist by a brain tumor, and even carrying the implication of prior such errors on his part; Hon. Mr. Kimball refused the *cause of action* narrative, while the *claim preclusion* issue was at the center of the same question: the plaintiff would have been obligated *to rewrite* the complaint within the dispositive motion and not have *incorporated it by reference,* that is a *collateral error* where *issues orientations* are concerned.)

9.  On the death Hon. Mr. Benson the case was stalled on *transfer* to the Circuit Court, the plaintiff filed *Notice* (Id. Doc. No. 38) of the death of the Judicial Officer, and the court immediately reassigned it to Hon. Mr. Kimball, who immediately and without supporting his resolution, declared the plaintiff's application was unwarranted and disfavored the appeal.

3

10. *Disfavor against the appeal* appeared to be a cryptic token for *subornation to commit perjury* in *constructive malpractice;* admitted to the Circuit Court, and admitted as before the District Court: the victim of *malpractice* has a "narrow" opportunity to evade *obstruction of justice,* which includes *enforced recusal* standards which were *disobeyed* and *perjured* against by *all of the jurists* in those relevant cases; the force of contempt under color of skepticism is used to do extreme harm to *the people* who are before them.

11. Restated, the appeal subsequently suffered *Fraud at Determination* while members of the Circuit Court plainly conspired against the Plaintiff and his cause of action, a subject under Family Law and Constitutional Law. **Those papers are within the court's record.**

12. The Hon. Deceased may have been ill at the time, and his disposition of the matter was convoluted and improper; he falsely stated the *supplemental authority* of the Court's jurisdiction wherein the Judiciary had refused to confer sufficient standing upon the Plaintiff, and falsely testified the force of the *Rooker-Feldman* doctrine, the jurist did not resolve a meaningful question of the prejudicial disposition under the Federal and Civil Rights Act Jurisdictions, and were mistaken upon Hon. Judge David Nuffer's declaration against precedence under the jurisdiction of the Administrative Procedures Act; Hon. Mr. Nuffer's opinion improperly and illiberally ruled out statutory action to amend the Jurisdiction of the Complaint and *falsely testified* the authority of said *doctrine.*

13. Hon. Mr. Kimball bears direct and intentional *false testimony* of the case; to improperly have insulated judiciary who were in *strict conference,* and imposed such a *personal*

*opinion* against all measure of propriety than *fraud* and *judicial malpractice,* but has risked

*invasion of privilege* on *conspiracy to obstruct Justice* and *violate Civil Rights;* his prior

*ruling* is a veiled threat to *maintain circumstances of perjury against the plaintiff,* and

THEREFORE may *recuse* and be *disqualified,* Hon. Mr. Kimball *may appear to be biased*

*against the law,* moreover he *may not adjudge conditions of his personal and official*

*liability,* when it comes to Pro Se Plaintiff, Carlos Velasquez who at the time had declared

he was a Civil and Bureaucratic Federalist proceeding to vindicate a question of family law

that was wrongfully suppressed, as based in the **Addenda.**

Cause 2

14. The immediate case matter of *constructive termination* shows circumstancial dispositions

in part aggravated by *related* case matters; Hon. Mr. Kimball magnifies the same *threat of*

*perjury* as was aggravated by Hon. Judge Howard Nielson and Hon. Magistrate Jared

Bennet, who *falsely testified* the plaintiff could have *no cause of action* against Hon. Mr.

Kimball for *fraud on the court;* whether they perceived *civil action* against jurists to be

overbearing, or whether the left the entire case construction technically unresolved, they

conspired to commit *perjury* and violate the constitutionality of *declaratory judgment.*


15. **See Exhibit No. 17** (this case) where the Case No. 2:22-cv-00133-HCN (Case No. 22-

4098), *Velasquez v. Hon. Baldock et al.* is featured as a narrative cause related to the

circumstance of the disposition; Hon. Mr. Kimball was *defendant* wrongfully vindicated,

properly served by mail.

16. The present case is a matter consistent with *stalking;* stalking as a practice engages all kinds of *personal capacities,* some of which are not harmful and confer benefits, and some of which can only do harm; the complaint against Hon. Mr. Kimball is of the latter sort.

17. Restated, the jurist bears any appearance of *intent* to maintain a politicized *stalking culture,* as marked against from District Court, to destroyed Workplace Opportunity, to the University System, and back to the District Court, where all of this began, it is inappropriate for a jurist to demand *cause* and *remedy* from the *victim* without having undergone *rehabilitation* from *malpractice.*

18. These cases are nowhere near resolved; the crime *active* and *ongoing,* while the judiciary remain improperly insulated having breached confidence of the perimeter of their discretion; *perjury, conspiracy,* and *obstruction;* the action that amounts to a format for *political stalking, stalking* as after *the power of the people,* is ongoing, nearto the same disposition, and even the plausible ethos of *workplace stalking* who would know the victim by his disposition are all transferable if *civil integrity* is not maintained.

Cause 3

19. "A Judge should avoid impropriety and the appearance of impropriety in all activities." CJC3.

20. *Fraud on the Court* demands a question of *criminal malpractice*, the even appearance of Hon. Mr. Kimball's name upon the docket has aggravated the open criminal posture of the

Republican Party, who refuse to admit their own partisans may suffer civil and criminal liability; there is a plain *partisan-conferential conspiracy* playing out in the United States of America, and *the people* have any right not to be governed under *strict conferential* ethics, who refuse standing against some of *the people,* who from time-to-time *falsely testify* in the cause of *personal conference.*

21. Their decision to *falsely testify,* to proceed the government under *strict conference* does rather admit a cause to demand his resignation, or his open opinion *to recant,* confess all the crimes that he knows, and promise theretofore to remain *dedicated to the people without exception* and guarantee the *promissory resolution* of a *beneficent government; rehabilitation.*

22. A decision not to do so may impose an improper *chilling effect* on the party with even a narrow demonstration of related *malpractice, Fraud on the Court;* may constitute *criminal attrition.*

CONCLUDING ARGUMENT

1.

23. The Canon of Judicial Conduct Nos. 2 and 3 prevails on a rational standard to admit not just *very definite* grounds for recusal, but evenly conditions the mere *appearance* of a *conflict of interest* or an *impropriety;* we read Canons 2 and 3 *synthetically* because the standards are interpreted to be designed *to improve confidence* and NOT to impose

vexatious standards, nor standards prohibitive to effective litigation and official precedence.

24. In this way, the rule for recusal is non-prejudicial and dignitary; the judiciary refusing does seek a higher standard of review, and does take a *conferential privilege* from the party who makes a showing that would NOT arise to a standard of even low-level *plausibility.*

25. Critically, the District of Utah has one prominent instance of *false testimony* under the 28 U.S. § 455 to which any *refusal to recuse* wherein former Senior Judge Paul Cassell *authorized* Senior Judge Ted Stewart to preside over a case where he had *professional exposure* to circumstances close to the *cause of action,* "[Section] 455(a) does not require recusal based on *unsubstantiated suggestions of personal bias or prejudice.* Rather, the inquiry is *limited to outward manifestations and reasonable inferences drawn therefrom.*" *Salt Lake Tribune v. AT&T Corp.,* 353 F. Supp. 2d, 1160 (2005). A *synthetic* standard is a plain "outward manifestion."

26. *Recusal* is not a dispositive standard, and rejecting a recusal query requires the Judicial Officer to more or less prove it is a *vexatious* application of the statute; *Salt Lake Trib.,* the attorney therein sought the recusal of Judge Ted Stewart because he worked for the Utah Governor's Office at the time the governor had *personal knowledge* of the business deal that threatened propriety of the *Salt Lake Tribune* magazine, it had been inadvertently sold to AT&T and a saving clause had to be enforced confidently through the courts, cost the

magazine's original ownership an excessive amount of money, and postured a "culture war" type of courtroom polemics.

27. Literally, the governor testified on the subject of *recusal* that Hon. Mr. Stewart did not have *personal knowledge* of the subject-matter at the time, and that testimony was treated *putatively* by Hon. Mr. Cassell who apparently *exaggerated* the standard of review to allow Hon. Mr. Stewart to preside then, where he would be engaged with the President of the LDS Church who was subject to some interrogatory, Hon. Mr. Stewart *personally biased,* and held a *personal interest* to be in the presence of an important *religious authority.*

28. It was plain the level of knowledge in the Governor's office could have borne *prejudice* that was damaging either to the public-facing politics of the magazine, or damaging to the confidence of its *ownership* where *confidence* was an issue. Because *confidence* falls into a meaningful question of the *perimeter* of both the Governor's Office and the Hon. Mr. Stewart's precedence there, Hon. Mr. Cassell committed *perjury* to impose a faulty review standard under Section 455(a); arguably the narrow *perjury* was used to demean the magazine before Party, Church, and Country, and certainly is construed herein to be an informal permission slip.

29. Beyond a persistent appearance of a *conflict of interest,* the standard of *authority* and *credibility* apparently outweighed the civil integrity of the Public Law, so we can argue therefrom, the District Court has a *historical precedence* to *falsely testify* on recusal

questions of *polemical* and *political* nature; whenever it may suit the Republican Party, or whenever it would protect the liability of a jurist, it does *take exception.*

30. The cases *in production* show persistent perjuries from those jurists who in-turn conducted the *Fraud on the Court* and related *Recusal* motions improperly; they effectively *avoided* the *Fraud on the Court* precedence, and designed a criminal posture based in the *conferential privilege* of the Republican Party to proceed under *preterition;* restated, they are no longer under oath and have *falsely dedicated* their agency.

31. This same question is persistent, and unresolved *nul tiel record,* and so it is proper for the jurist to have recused while we present a credible allegation how a *Fraud on the Court* question remains unanswered, while the Court's membership have coerced the circumstance of inordinate prejudice their active opinions are untried; we develop litigation even now to expose the truth of the matter, and because that will compromise even in part the precedence of Hon. Mr. Kimball, he may *recuse* himself now, and allow precedence of *disqualification* to begin to impose order upon the court.

2.

32. The opportunity is so proximate to restoration of this party's dignity, and yet the court cannot have secured its opinions in the same breadth where the Plaintiff is pursued by the circumstance of *judicial malpractice.*

33. It compromises the perimeter of official discretion to have *criminally abused procedures; false testimony* to commit *perjury,* 18 U.S. §§ 1001, 1621, the jurist as *biased against the law* when it comes to the efficient Party.

2.

34. The Judiciary in the United States District Court for the District of Utah has *repeatedly* constructed a disposition of malpractice against this plaintiff; Hon. Mr. Nielson and Hon. Mr. Bennet *falsely reported* a cause of *vexatious litigation* against the plaintiff which had *no grounds;* it was rooted in *criminal discrimination* to protect the judiciary from *constitutional resolution,* the absolute *judicial immunity* without a providential standard, even liability for *Fraud on the Court,* and additionally composed black letter construction for *malpractice per se;* their malpractice was to have insulated Hon. Mr. Kimball for this exact instance, to prove the right of *invasion of privilege,* one evenly protected against under the Amended Bill of Rights, and proscribed against by the Public Law.

35. Moreover, the properly *constitutional* format for precedence should unseat an undisciplined Republican Party, and they may be biased to protect the political conference above *the people.*

36. This is a repeated and episodic attempt to have abused procedures to intimidate and destroy the right to petition; even admitting *unsubstantiated abuses of procedures* allows the action under *false testimony* to pass under color, which allows the *criminal tortfeasor* to

repeatedly reassert *criminal authority* over a *traumatic episode; gross criminal malpractice.*

37. The action to impose the *fee* against the plaintiff yet bears the mark against the Plaintiff-Victim*,* in spite of the Magistrate's non-prejudicial posture on declension of the *in forma pauperis* petition. The fee is presently paid.

38. There are multiple Jurists in this jurisdiction who are subject to the substantiated lawsuit presently *under preparation,* the following:

   1. **D.UT Case No. 2:22-cv-00133-HCN-JCB:** Senior Howard Nielson,  Magistrate Judge Jared Bennet, Senior Judge Jill Parrish, Senior Judge Robert Shelby

   2. **D.UT Case No. 2:20-cv-00205-DB: Judge** Dale Kimball, Judge Dee Benson (dec.), Judge Paul Warner (ret.)

   3. **D.UT Case No. 2:18-cv-00728-DN:** Judge David Nuffer, Judge Paul Warner (ret.)

23. Other members of the court will also be made Defendants:

   4. Operations Manager, Jeffery Taylor; Staff Attorney, Tiffany Brown; Intake Supervisor, Amy Faust; all for *tortious interference* and *invasion of privilege, violation of civil rights.*

24. In the public opinion  of this Person, Citizen, and Family, those named jurists may resign from their positions because they maintain a suppressive culture consistent with a

bureaucratic degree of *terrorism;* a stalwart culture of *promissory harm,* the persistent threat to commit *perjury* in hardened *black collar ethics,* and have no longer dedicated their agency to *the people.*

25. They have committed those crimes while the Republican Party has socially engineered a genocide in Jerusalem-Gaza, while the Republican Party to have plotted repeatedly to steal the elections, while the Presidency has designed those crimes to bear the appearance of *intentional negligence,* and does expose the Plaintiff and Victim to the overbearing prejudice of *parliamentary review* sub rosa, and does *radicalize* its own posture in *false testimony* of its dedication to *the people,* forever covering up criticism, how the Supreme Court has committed *Perjury* against the Fourteenth Amendment, and the Presidency has become proceeded in a *false* and *threatening* testimonial posture, how the Supreme Court has abandoned constitutional resolution and designed a conferential government apparently dedicated to genocide.

26. For whatever reason, their *political conference* has chosen to enforce an *inferior destiny* and the actions of the Judiciary prejudice an allegation of *criminal contempt* that is literally beyond the United States Department of Justice; they have no confidence in prosecuting *Republican* aligned jurists, nor does our Federal Agency show a consistent interest in doing so; because we can prove there was *perjury* we have a *civil cause of action* against the United States; the judiciary must remain impartial and dedicated to *the people*, and must

recuse when they are subjected to an effective *criminal malpractice complaint* in the *civil context.*

27. For the government to *learn* and *integrate* actual *civil intelligence* it cannot proceed by *exception* from the *Public Law,* and cannot violate the law to have harmed the Petitioner, cannot demand *personal, official,* or "sovereign" immunity in contempt of *the people,* not in any way, shape or form; the Public Law is expressly proscriptive and prohibitive to protect *civil integrity* as measured in any of *the people,* and not held as some organic derivative.

28. See Addenda.

29. s/Carlos Velasquez

Carlos Velasquez

Digitally signed by Carlos Velasquez
Date: 2025.08.25 09:22:12 -06'00'

30. Civil Bureaucratic Federalist

# ADDENDA

Case 2:25-cv-00674-DAK    Document 11    Filed 08/25/25    Page 16 of 49    PageID 332
Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 19

Case 2:20-cv-00205-DAK    Document 20    Filed 05/08/20    PageID.631    Page 1 of 27

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 0 8 2020

D. MARK JONES, CLERK
BY_____
         DEPUTY CLERK

Carlos Velasquez, Appellant

1848 Ramona Ave

SLC, UT 84108-3112

PH: 801.671.0361

E: cfv1983@gmail.com

| | |
|---|---|
| Velasquez<br><br>v.<br><br>State of Utah, by & through Utah Legislature including the Utah Office of Legislative Research and General Counsel, The Utah Department of Human Services, Agencies, *et al.* | Case No. 2:20-cv-00205-DB-PWM<br>(Central Dist. of Utah) |

MOTION TO SET ASIDE FOR FRAUD ON THE COURT[1]

PLEASE DO READ!!![2]

CONSCIENCE, CONSTITUTION, MENTAL HEALTH, AND LIVELIHOOD

DEPEND UPON YOUR IMPARTIALITY, URGENCY AND HONESTY!!!

---

[1] Motion is filed pursuant to Rule 12(b), DuCivR 7-1, for any question to the form of the paper.
[2] Notice: Precedence of the Chief Judge is requested to prevent a miscarriage of justice, respectfully found 28 U.S. § 136(b).

1

## STATEMENT

1.  Presented is a Motion to Set aside a judgment for *Fraud on the Court*, with objections to the present order as if by a defensive motion respective Fed. R. Civ. P. 12.

2.  Also entailed are grounds for Recusal of the Judge Benson.

3.  Grounds for new trial, with new time for pre-trial replies.

4.  The decision of Hon. Dee Benson was received 4/29/20, dated 4/27/20. This objection and motion is timely provided from the date of receipt.[3]

5.  There is grounds to state a dual jurisdiction; the Federal Question related to the Older Americans Act as controlling effect interpreting Utah Code § 62A-3-301, *et seq.* where it violates discrete prohibitions of coercion of participation under the OAA, by authorizing an administrative censure for purposes related to Utah Department of Professional Licensing, other agencies

6.  The Civil Rights Act, upon the same violation of the OAA, finds ethical redundancy, frivolousness, and lacking Due Process to be a pervasive bias of covert prosecution under color of questions of protective order and undue expression of administrative privilege.

---

[3] A copy of the order is available upon any entry of Appearance by parties served process, a free copy is available at: https://ecf.utd.uscourts.gov/cgi-bin/DktRpt.pl?119531.

7.      The prejudices are complex enough not to restate every element of the case in this objection; it should be sufficient to state that a *Writ of Prohibition* is sought under 42 U.S. § 1988, wherein the Civil Rights Act appears efficient to carry the Federal Question, that this is the pre-trial question which must become answered after sixty days time, and before the commencement of a trial for a punitive fine.

8.      The Complaint is appropriately organized to isolate Jurisdictional claims,[4] the Statement of the Complaint,[5] Facts and Alleged Facts,[6] the Argument,[7] and Relief[8] is in order to isolate a default interest in a *Writ of Prohibition,*[9] and several interrogatory subpenae.[10] Cause of action is defined at Fed. R. Civ. P. 52(c), partial judgment, and requires responsive defenses from State of Utah.

9.      The Statement of the complaint provides insight into the complexity of the question, that it involves several UDHS agencies, and the argument develops the grounds for injunction, fine, is synthetic.

----

[4] ECF No. 4, at Page 22 (1)
[5] *Id.,*, at Page 30 (9)
[6] *Id.,* at Page 27 (6).
[7] *Id.,* at Page 57 (36).
[8] *Id.,* at Page 70 (49).
[9] *Id.,* at Page 71 (50) ¶191.
[10] *Id.,* at Page 89 (68).

3

OBJECTIONS

I.

10.    Two times now, a Judge in this court has dismissed this question without subject-matter basis; the *in forma pauperis* statute has been expressed as jurisdiction *per se,* with a prejudice to preclude the challenge against an unconstitutional statute by *Rooker-Feldman* doctrine, without any express statement of the case to define either deficiency of the subject-matter jurisdiction, or failure of the application.

11.    Hon. Mr. Benson's opinion lacks subject-matter, is not related to any part of the petitioner's complaint. Hon. David Nuffer's opinion which is critically relevant and controlling to Hon. Mr. Benson's opinion also lacks subject-matter jurisdiction. (Fed. R. Civ. P. 12 (b)(1)). Both opinions as cited in the dispositive order refer only to the IFP statute and make no recognizable claim related to any statement Velasquez actually pleaded.

12.    Both opinions are provided beside a Supplemental brief of disclosures wherein all prior case process is available.[11]

13.    The only conclusion the petitioner can reach is that Hon. Mr. Benson has not actually read the Complaint he cites to a deficiency, "[P]laintiff's complaint

---

[11] ECF No. 4-7.

4

in this action is generally confusing and difficult to comprehend. As best the court can decipher, it appears that Plaintiff's complaint alleges that his civil rights were violated in the proceedings in the Administrative Case and that certain Utah statutes and legislation are unconstitutional."[12]

14.    Objection finds the above statement is only an allegation of fact which requires some direct trial; on its face, the counterclaim withstanding is that Hon. Mr. Benson has not appreciated the complexity of the plenary claim upon the complaint. It is actionable at present.

15.    The petitioner notified this court beside the disclosure that there are grave deficiencies in what was described, "*Velasquez I,*" primarily that rulings did not comply with *Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.* 524 U.S. 280 (2005), given a lack of subject-matter,

> "A Federal Court lacks jurisdiction only if (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the judgment was rendered before the federal suit was filed; and the plaintiff is inviting the district court to review and reject the state judgment." *In re Philadelphia Entm't Partners* v. *Commonwealth of Pennsylvania Dept. of Revenue,* 569 B.R. 394 (E.D. Pa. 2017), citing *Great Western Mining & Mineral Co.,* v. *Fox Rothschild LLP,* 615 F.3d at 166.[13]

---

[12] ECF No. 18, at Page 6.
[13] ECF NO. 4-7, at Page 12.

16.    The Judge has rather expressed the *in forma pauperis* statute as jurisdiction related to Civil Rights Act, and did not address any part of the administrative case, the federal question, or the Federal Administrative Procedures Act. The opinions of any Utah Appellate Court are not cited, and if those were reviewed the Judge would have difficulty finding same grounds for any claim preclusion within *Rooker-Feldman* doctrine.

17.    The IFP statute should be evaluated *under* jurisdiction, and any deficiency from the queried application more specific thereof. Otherwise, the Judge ignores the direct jurisdictional question and falsifies claim preclusion.

18.    Hon. Mr. Benson stated,

> "[u]nder this transactional approach adopted by the Tenth Circuit, the court concludes that of Plaintiff's 'claims or legal theories of recovery' in this action against State Defendants 'arise from the same transaction, event, or occurrence.' *Wilkes* v. *Wyo. Dept. of Empl. Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2003).[14] Plaintiff's complaint in this action make it clear that, as in *Velasquez I,* all of his claims and legal theories have their genesis in the Administrative case."

19.    *Wilkes* itself is sustained of *King* v. *Union Oil Co.,* 117 F.3d 443 (10th Cir. 1997), a Rule 56(c) standard, that a "[S]ummary Judgment is appropriate if there

---

[14] *Id.* at Page 10 ¶ 2.

is no genuine issue as to any material fact and… the moving party is entitled to judgment as a matter of law."

20.    Hon. Mr. Benson is leaving out an important part of the decision in *Wilkes,* "This court has repeatedly held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes* at 504, citing *Mitchell* v. *City of Moore,* 218 F.3d 1190, 1202 (10th. Cir. 2000).

21.    This is neither a civil cause at action without Federal laws to find a Federal question intervening to action by and under the Civil Rights Act (this is a late pre-emption case), nor is there any subject-matter basis against which a Summary Judgment related to the IFP statute, as should have been found from Hon. David Nuffer, and opinions from Utah Appellate Courts.

22.    It is unclear, in terms of the *transactional approach,* if Hon. Mr. Benson finds that claim preclusion voids new application for original jurisdiction in employment contracts, or criminal IFP filings, and so civil IFP filings, "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred

7

from subsequent litigation." *Wilkes* citing *Nwosun* v. *General Mills Rest.,* Inc., 124 F.3d 1255, 1257 (10th. Cir. 1997).

23.        Hon. Mr. Benson enlarges the comparison by *Wilkes* in order to use the *transactional approach* to disfavor applications of jurisdiction held mitigating *Rooker-Feldman* applications per *Exxon Mobil* as presented of *In re Philadelphia Entm't Partners*.

24.        *Wilkes, transactional approach,* is improperly expressed *pari passu,* to make a deliberate casualty out of the plaintiff's petition against Judicial power to distort a Rule 56 precedence without subject-matter. To preclude the claims in the same expression as *Rooker-Feldman* claims, *transactional* approaches must not only identify the same parties, but they must first find precisely where the plaintiff expresses the same claim upon the Summary Judgment.

25.        It is mandatory to have evaluated the question on the petition against the substance of the Hon. David Nuffer's opinion in order to establish subject-matter relevance. Otherwise, "claim preclusion" interest is only partial to terminate because *King* finds there is obvious dispute of the subject-matter basis as related to the complaint, as should define *Rooker-Feldman* applications when true.

26.        The previous attempt is not recognizable as a resolution for the second attempt under the same jurisdiction. Velasquez declared on the Supplemental Brief

8

that he held the allegation the previous process was perjured, and was intent upon a new filing to redress that disposition.[15]

27.　　Any other rulings expressed are badly placed and do not require deposition while there is lacking subject-matter basis for resolution against applications for jurisdiction.

II.

28.　　The process conducted by the court is insufficient (Fed. R. Civ. P. 12(b)(6)).

29.　　Hon. Mr. Benson has issued a dispositive order after service of process, with time for replies, has not notified those parties served, and as stated on objection I, lacks subject-matter jurisdiction to have defined the case question as cited.

30.　　Such discomposure is likely a result of assignment of the process to a magistrate under 28 U.S. § 636(b)(1)(B).

31.　　The complaint requests magistrate assignment for non-dispositive matters, under 28 U.S. § 636(b)(1)(A); the magistrate assignment was made by a separate clerk than the clerk issuing summons, and a separate clerk from the clerk who made docket corrections.

---

[15] *Id.,* at Page 15 (13) ¶65.

9

32.     A judge or clerk in chambers looking at a petition and attempting to decide whether it were sufficient, or if the magistrate's precedence was due could arbitrarily assign the case to a magistrate for all dispositive matters as a means of conducting frivolous IFP review. A review of the Docket finds the person assigned the case was "reb."

33.     Subsequently, Hon. Mr. Benson presumes state of Utah's position without stating it, and without allowing the State to reply.

34.     It is possible the motion for Reassignment of the Magistrate,[16] which requested assignment per the complaint, would have completely prevented an undue termination.

III.

35.     Statements regarding Defendants are incorrect, the complaint has not been reviewed, and the Clerk has not informed the judge of the dialogue presented related to original Summons.

36.     The motion at Summons clarifies this.[17] The Administration on Aging, as related to the American Commission on Living, has subject-matter precedence per several statutes as cited from the petition.

---

[16] ECF No. 11.
[17] ECF No. 9, at Page 4 (4).

10

37.     The Operations Manager does not clarify whether the court would allow a non-defendant Respondent agency upon the docket, as summoned to reply, and only removed the named party therefrom leaving the ACL agency upon the docket.[18] The resultant problem is not dispositive to the case, and depends upon whether the Administration on Aging will respond to any independent queries.

38.     If the complaint had not become terminated, any action by Administration on Aging might have clarified it. Otherwise, a motion for a written interrogatory in the same scope of the question could be sufficient.

39.     Either way, the question was not answered, and the rebuke against the petitioner resultant of lacking diligence by the clerk in chambers is not respectful, and also a result of lacking communications between the Operations Manager, the Docketing Clerk, and the Judge and Clerk in Chambers.

CONCLUSIONS

I.

40.     Hon. Mr. Benson is unduly prejudiced to terminate the case and cannot reference any petition or decision to find the exact place where Velasquez' expressions are deficient, or redundant. The fraudulent precedence avoids emphasis

---

[18] Addenda, at Page 4 (4/14/20, Page 4/5).

of redundancy, and overrelies upon a negative form of "res judicata," that unmerited expression *pari passu.*

41.    Hon. David Nuffer's position is only speculative and no better, and as stated elsewhere, the Court of Appeals did not recognize any statutory question than declared Velasquez seeks repair against the State court judgment,[19] when it was a plenary challenge against a statute as stated most generally under the statement of jurisdiction.[20] A critical evaluation of instant *Rooker-Feldman* application should have recognized the procedure was fraudulently composed.

42.    Without a statutory basis to preclude any claim, as to find a claim was precluded in Utah Appellate courts, "The Supreme Court has made clear that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights: 'A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S. § 1331 to resolve." *The Wilderness Society* v. *Kate County, Utah* 470 F. Supp. 2d 1300, 1304 (D. Utah 2006) citing *Shaw* v. *Delta Airlines, Inc.,* 463 U.S. 85, 96 n.14 (1983).

---

[19] ECF No. 4-5, at Page 12 (005).
[20] ECF No. 4, at Page 22 (1).

Case 2:25-cv-00674-DAK   Document 11   Filed 08/25/25   Page 28 of 49   PageID 344
Appellate Case: 26-4000   Document: 11-2   Date Filed: 02/05/2026   Page: 31

Case 2:20-cv-00205-DAK   Document 20   Filed 05/08/20   PageID.643   Page 13 of 27

43.     The Older Americans Act, as stated in complaint's Jurisdiction, has Federal question jurisdiction as defined both in OAA statutes 42 U.S. § 3027 and 3058i,[21] and Utah Administrative Rule R510-1, which cites the OAA.[22]

44.     The Civil Rights Act may share the same standing in a course of vindication, given precisely that 42 U.S. § 1988, Proceedings in vindication of civil rights, prevails the Federal question when it states, "The jurisdiction in civil and criminal matters conferred on the district courts… shall be exercised in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect[.]"[23]

45.     I do not perceive there to be a controversy of *Exxon Mobil* expressed by Supreme Court, I rather argue the case presents dual jurisdiction of the standing of the Civil Rights Act.

## II.

46.     The pre-trial case review is highly-decentralized, apparently speculative to the Judge's opinion, and left highly vulnerable to casualty of process. Any petition with ambiguities/uncertainties about a disposition, whether a judge will

---

[21] ECF No. 4, at Page 34 (13) ¶46.
[22] *Id.,* at Page 29 (8) ¶31.
[23] *Id.,* at Page 23 (2) ¶5.

allow the petition, or about parties named and served, is at risk for partial judgment, not on the merits.

47.    The process is insufficient; State of Utah has not been allowed to plead its cause related to the subject matter, while the standing of the law was in balance upon "claim preclusion," the Summary implicit which neglected jurisdiction. Is also not impartial, than expressed of apparent prejudice to close the matter.

III.

48.    Problems with American Commission on Living as related to the Administration on Aging, named as a respondent party, and not defensive, are not substantive, and yet require some further pre-trial action to clarify given new information in the appellant's possession.

IV.

49.    Statements on Motions are premature; without properly establishing subject-matter jurisdiction, literally the question of the subject-matter of the complaint under a qualified and exclusive jurisdiction, where any review of a motion before magistrate assignment, or after having actually read the petition, may have prevented the present circumstance.

50.    All non-dispositive motions are not moot, but due.

14

## MOTION

51.     "Fraud on the court is a somewhat nebulous concept usually discussed in civil cases. No court system can function without safeguards against actions that interfere with its administration of justice. This concern must be balanced against the necessity for finality of court judgments; thus, only actions that actually subvert the judicial process can be the basis for upsetting otherwise settled decrees.

52.     "Professor Moore's definition is frequently cited[:] Fraud upon the court should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct[.] *Moore's Federal Practice and Procedure ¶ 60.33*." *Demjanjuk* v. *Petrovsky,* 10 F.3d 338, 352 (6th Cir. 1993).

53.     Given there is not subject-matter basis for Hon. Mr. Benson to have discovered in Hon. David Nuffer's opinion found in the Supplemental Brief, that claim preclusion of *Rooker-Feldman* doctrine simply has not accounted for the jurisdictional application on this complaint, just as the original claim did not account for the statements on the original complaint, and that declarations of a confusing complaint are not based on subject-matter than find the IFP statute having subsumed

15

the jurisdictional application, are themselves only alleged fact and not substantial fact, that there is referenced on this paper with clarity where the petitioners claims arise and terminate, anticipating a centralizing motion for partial judgment, finding both relevant jurisdictions, can only have concluded the case and complaint must survive any premature *sua sponte* action to dismiss as holding significant defenses under Rule 12, and permit the State of Utah the burden of actually defending a State law against United States, as proceeded by the Appellant.

54.    Rather, the opinion cited expresses the *in forma pauperis* statute as a jurisdictional and appellate qualification to distort the nature of the case; 28 U.S. § 1915, that is as the textual law is applied, a judge may be putting emphasis on a terminology of "appeal" than "civil action," or may have leant Section 1915A to a undue screening treatment by 28 U.S. § 1915(2)(B)(ii), in the same motion that would have already identified an action were frivolous or malicious, or which seeks monetary relief after an evaluation of qualified immunity.

55.    That is, the Judge makes a knowledge claim about the case as to dismiss it, to reduce the time the court works upon it, but covers up the statement that should be relevant as if inappropriate, and rather appears to put himself and Hon. David Nuffer at immediate liability for *conspiracy, contempt, fraud, obstruction,* and *perjury.* There is executed the reverse of the justiciable effect of the stated IFP

16

termination; any wrongful politicization may be a pervasive bias to damage the rights of citizens, IFP petitioners, prisoners, independent petitioners.

56.     The opportunity to appeal the decision, or to amend it, was corrupted beyond recognizability, and the Federal Jurisdiction substantively protects the plaintiff's claims as based in *King*, although at some increased effort in reading the prior process.

57.     The following, as based upon the foregoing, are due:

(1) Hon. Mr. Benson's Order and Judgment are due Set Aside for *Fraud on the Court* (Fed. R. Civ. P. 60(d)(3)).

(2) Notice is due to State of Utah, renewal of time for replies, upon New Trial (Fed. R. Civ. P. 59), renewed the original service of this process dated 4/20/20.[24]

(3) Motions held moot are due; as clarification of summons to Administration on Aging, or whether the party labeled ACL will be removed from the docket entirely; clarification of the jurisdiction of the magistrate is due after a planning meeting.

(4) Hon. Mr. Benson may recuse from this proceeding, 28 U.S. § 455(a); his honor's impartiality is reasonably in question where there lacks any

---

[24] ECF No. 17.

17

significant evidence of his reading of the complaint, than any prejudice to terminate a case from the docket, given there is significant grounds for the question that was presented and served.

(5) The court may open a new case for any of the following questions: (a) *contempt of court* 18 U.S. § 401(2) – *perjury* 18 U.S. § 1621; (b) to consolidate a motion to amend a judgment related to *Velasquez* v. *State of Utah, et al.* Case no. 2:18-cv-00728-DN.

(6) A motion to recover costs at frivolous delay, time on the motion against the pre-trial process, against Hon. Mr. Benson, 28 U.S. § 2412, a minimal fine under 42 U.S. § 1983.

Any decision not to Set Aside by the court requires a Hearing (Fed. R. Civ. P. 12(i); it is absolutely unacceptable to have harmed me, or my family, pursuant to any *Fraud* or *Perjury*. I was not allowed any objection to the order just as subject-matter jurisdiction and process are obviously insufficient.

SIGNATURE

s/Carlos Velasquez, Appellant

Civil Bureaucratic Federalist

18

# ADDENDA

Appellant Email Communications With Operations Manager (4/13/20 - 4/14/20)..........................................................................................Page 001

Case 2:25-cv-00674-DAK     Document 11     Filed 08/25/25     Page 35 of 49     PageID 351
Appellate Case: 26-4000     Document: 11-2     Date Filed: 02/05/2026     Page: 38

Case 2:20-cv-00205-DAK     Document 20     Filed 05/08/20     PageID.650     Page 20 of 27



Carlos V <cfv1983@gmail.com>

### Docket Changes; Case 2:20-cv-00205-DB-PMW
5 messages

**Carlos V** <cfv1983@gmail.com>                                    Tue, Apr 14, 2020 at 12:32 PM
To: UTDecf Clerk <utdecf_clerk@utd.uscourts.gov>

Dear Clerk,

I am noting recent changes on the docket; defendant parties have been added.
The Administration on Aging is a non-defendant party, with a genuine interest to the question and should not be labeled as a
defendant.

Also, none of my pre-trial motions have been addressed. This leaves the case stalled, and enlarges time. Further result, I am unable to
access electronic documents to make any timely issue. Why has the court not acted?

Thank you,

Sincerely,
Carlos Velasquez, Appellant
Civil Bureaucratic Federalist
PH: 801.671.0361
E: cfv1983@gmail.com

**Jeff Taylor** <Jeffery_Taylor@utd.uscourts.gov>                                    Tue, Apr 14, 2020 at 2:36 PM
To: "cfv1983@gmail.com" <cfv1983@gmail.com>
Cc: John Durham <John_C_Durham@utd.uscourts.gov>

Good afternoon, Mr. Velasquez.

Your concerns from yesterday and today were forwarded to me for a response. I apologize for the delay in getting back to
you.


I will do my best to address your concerns.


First, as to the timing of the court's ruling on your non-dispositive motions. The court does its best to address motions in a
timely manner. The decision of when to rule on a motion is up the individual judge so at this time I cannot give you a
timeframe as to when they might be ruled on.


Second, as to the defendants in your case. The front page caption of your complaint listed only the State of Utah, Utah
Department of Human Services, Utah Division of Aging and Adult Services/APS and Utah Office of Administrative
Hearings as the defendants so the clerk who opened the case added them as the defendants. However, upon my review
 I did see that you listed additional defendants later in your complaint. I have instructed the clerk's office to add those
additional defendants, which has been completed. If I understand your most recent email, Lance Robertson, Assistant
Secretary to the Administration on Aging, should be removed as a defendant. I will remove him unless you wish him to
remain.


If you wish to submit proposed summonses for those defendants the clerk would be happy to issue them for you. Once
the court finishes it screening of your case under the IFP statute, the clerk will forward the summonses to the US

001

Case 2:20-cv-00205-DAK    Document 20    Filed 05/08/20    PageID.651    Page 21 of 27

Marshal's Service for service.

The summonses issued have not been served by the court. They can be sent once the screening process is complete or you can serve them now with you paying the costs.

As to the proper venue of filing this case, that is something that you as the plaintiff would need to determine on your own.

Should you have any other questions, John Durham, law clerk Chief Magistrate Judge Paul M. Warner, would be happy to answer them. I have cc'd him to this response to give you his email information.

Best Wishes,


Jeff Taylor

Operations Manager

U.S. District Court

District of Utah



**From:** UTDecf Clerk <UTDecf_Clerk@utd.uscourts.gov>
**Sent:** Tuesday, April 14, 2020 1:42 PM
**To:** Jeff Taylor <Jeffery_Taylor@utd.uscourts.gov>
**Subject:** FW: Docket Changes; Case 2:20-cv-00205-DB-PMW



**From:** Carlos V <cfv1983@gmail.com>
**Sent:** Monday, April 13, 2020 12:48 PM
**To:** Ut Support <Ut_support@utd.uscourts.gov>
**Subject:** Critical Concern and Complaint, 2:20-cv-00205-DB-PMW


Dear Clerk,


I have several concerns regarding the treatment of my case.

002

Case 2:25-cv-00674-DAK    Document 11    Filed 08/25/25    Page 37 of 49    PageID 353
Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 40

Case 2:20-cv-00205-DAK    Document 20    Filed 05/08/20    PageID.652    Page 22 of 27

(1)  A motion to file electronic papers has not been reviewed, I am unable to access documents I require to complete initial service. This motion was filed April 1, and it is two weeks without a responsive form.

(2) I declared a number of defendants on the complaint I filed, and the clerk appears to have construed a number of them to be non-defendants; only one party is a non-defendant. The refusal to issue amends my original discretion incorrectly and the motion is now pending before the judge presiding for seven days.

Both of the actions are non-dispositive, and essential to the vitality of the case, the court as I may lawfully access it. My concern is that the case is not being leant any sufficient priority as defined on the complaint.

There is Federal law which promotes cases have a civil priority; this case declared that on the complaint's procedural statement at page viii.

This is three weeks from the opening of the complaint; and we are not yet allowed to access critical documents, our parties not summoned, and our procedural statements are not respected. This is a cause of grave concern because the procedural motion has not been prioritized to the extent required to successfully initiated a petition.

Several Questions:

1) What is the current status of summons issued 4/6/20? Are these presently mailed? What is the regular term for issue of non-dispositive motions?

2) What is the appropriate venue of complaint at this stage?

3) Is the clerk aware that when he or she amends a statement of action, such as a summons, by interpreting it, or refusing it, that it constitutes an infringement unless it is defined? Refusal to act destroys the right to petition, and destroys the genius of the case.

4) Is the clerk aware that coercing a form of summons which does not respect the case is abusive?

5) Why has the Judge in chambers, or the magistrate, not returned non-dispositive motions?

My principle concern is that this Civil Rights case is being attacked; and not on grounds, but in a suppressive and defamatory manner. The court's only advisement at present is Fed. R. Civ. P. 72; I am not aware of good reason the clerk should refrain from issuing a summons, and I am also not aware of any good reason the court may require two to three weeks to complete the most basic filing procedures.

At any rate, I am extremely worried and concerned that this case is not being respected sufficiently to define the issue. Any information provided is appreciated. Thank you for taking this seriously.

Carlos Velasquez, Appellant

003

Case 2:20-cv-00205-DAK    Document 20    Filed 05/08/20    PageID.653    Page 23 of 27

Civil Bureaucratic Federalist

E: cfv1983@gmail.com

PH: 801.671.0361

**Carlos V** <cfv1983@gmail.com>                                    Tue, Apr 14, 2020 at 2:52 PM
To: Jeff Taylor <Jeffery_Taylor@utd.uscourts.gov>

Mr. Taylor,

Thank you for your reply.
Yes, please remove Mr. Robertson from a list of defendants. The Administration on Aging is not a defendant to this complaint; the
agency has a respondent standing which may require an opinion. I would like to request a response directly to the same question, and
if the the AOA cannot be summoned in a non-defendant capacity, I will make a direct petition to the agency.

I will look for any other communications.

Sincerely,
Carlos Velasquez, Appellant
Civil Bureaucratic Federalist
PH: 801.671.0361
E: cfv1983@gmail.com
[Quoted text hidden]

**Jeff Taylor** <Jeffery_Taylor@utd.uscourts.gov>                   Tue, Apr 14, 2020 at 3:01 PM
To: Carlos V <cfv1983@gmail.com>

You're very welcome, sir.


Based on that information, Mr. Robertson has been deleted from the case. As such, since they are not defendants we will
not be able to issue any summonses for him or the AOA.


Best,



Jeff Taylor

Operations Manager

U.S. District Court

District of Utah

004

Case 2:20-cv-00205-DAK    Document 20    Filed 05/08/20    PageID.654    Page 24 of 27

[Quoted text hidden]

**Carlos V** <cfv1983@gmail.com>                              Tue, Apr 14, 2020 at 3:03 PM
To: Jeff Taylor <Jeffery_Taylor@utd.uscourts.gov>

Understood, sir.

Carlos Velasquez, Appellant
Civil Bureaucratic Federalist
PH: 801.671.0361
E: cfv1983@gmail.com

[Quoted text hidden]

005

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE** ®

# PRIORITY® MAIL

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

* Domestic only

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



EP14F Oct 2018
OD: 12 1/2 x 9 1/2

PS00001000014



**UNITED STATES POSTAL SERVICE** ®   **Click-N-Ship**®

usps.com
$7.75
US POSTAGE
Flat Rate Env

9405 5036 9930 0366 7693 50 0075 5000 0018 4101

05/07/2020    Mailed from 84108    0625000001309

**PRIORITY MAIL 1-DAY**™

CARLOS VELASQUEZ                     Expected Delivery Date: 05/08/20
1848 E RAMONA AVE
SALT LAKE CTY UT 84108-3112                      **0005**

Carrier -- Leave if No Response        C002

SHIP
TO:  CLERK OF THE COURT
     UNITED STATES COURTHOUSE, DISTRICT OF UTAH
     351 S WEST TEMPLE RM 1.100
     SALT LAKE CTY UT 84101-1908

**USPS TRACKING #**

9405 5036 9930 0366 7693 50

Electronic Rate Approved #038555749

* Domestic only.    * For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 4 lbs.



Case 2:25-cv-00674-DAK   Document 11   Filed 08/25/25   Page 42 of 49   PageID 358
Appellate Case: 26-4000   Document: 11-2   Date Filed: 02/05/2026   Page: 45

Case 2:20-cv-00205-DAK   Document 20   Filed 05/08/20   PageID.657   Page 27 of 27

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 0 8 2020

D. MARK JONES, CLERK

BY_____
       DEPUTY CLERK

Carlos Velasquez, Appellant

1848 Ramona Ave

SLC, UT 84108-3112

PH: 801.671.0361

E: cfv1983@gmail.com

NOTICE TO THE CLERK AT FILING

Dear Clerk,

At precedence, I am compelled to declare a perjury is becoming substantive by a Judge presiding to this case, and file A Motion to Set Aside for Fraud on the Court.

Because the integrity of the motion may be circumvented by a premature termination, as without deposition of the motion, the same defamation against the matter petitioned, where there lacks a subject-matter basis for any recognizable judgment than an IFP statute, it is critical to find both Hon. Mr. Benson and Hon. Chf. Judge Mr. Shelby are notified of this filing.

Please see the Certificate of Service to verify; if a criminal action is under way in the courthouse, I do not personally anticipate that any actor will adjust his own fraudulent declarations upon the instant motion, nor is there any guarantee to his recusal before acting against the motion.

I am aware the Chief Judge may take precedence at his official attendance to any matter per 28 U.S. § 136(b), "The chief judge shall have precedence and preside at any session which he attends."

1

I have provided three reading copies to each chamber to attempt guarantee this matter takes some serious visibility before the case is totally damaged.

I have also requested upon a cover letter served, that defendants make an entry of appearance at this point in order to circumvent privation against their representation, a fraud on their behalf while this important question is disregarded.

This letter should be included in the case file with the filing; an unbound original is provided with two copies.

Respectfully,

s/Carlos Velasquez, Appellant

Civil Bureaucratic Federalist

5/7/20

2

Case 2:25-cv-00674-DAK    Document 11    Filed 08/25/25    Page 45 of 49    PageID 361
Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 48

Case 2:20-cv-00205-DAK    Document 20-1    Filed 05/08/20    PageID.660    Page 3 of 7

Carlos Velasquez, Appellant

Case No. 2:20-cv-00205-DB-PWM

Velasquez v. State of Utah, by & through Utah Legislature, agencies, *et al.*

1848 Ramona Ave

Salt Lake City, UT 84108

PH: 801.671.0361

E: cfv1983@gmail.com

NOTICE: precedence of the Chief Judge is requested to prevent a miscarriage of justice, respectfully found 28 U.S. § 136(b).

To all persons served the above case process,

### I.

I, the appellant and plaintiff, must allege there is an ongoing perjury and sedition currently being committing in chambers of on Hon. Dee Benson of United States District Court, District of Utah, whereon his honor does neither read a petition, nor does he conduct a judicial review, than falsifies a statement of "claim preclusion" by *Rooker-Feldman* doctrine where no opinion in any court has yet tried the substantive question.

My best opinion is the Hon. Mr. Benson has either very little faith in IFP petitioners, citizens generally, or does not understand faithfully the United States Constitution. He, following the bad example of Hon. David Nuffer, has used the IFP statute as jurisdiction and terminated the case therefrom. He now uses such a standard to define claim preclusion without any statement of jurisdiction.

1

His references to Hon. David Nuffer's opinion, and an opinion from the Tenth Circuit Court of Appeals find absolutely no subject-matter basis for any derivative statement of termination therefrom. No court has heard this question, and both the Older Americans Act and the Civil Rights Act precedent the question to the Federal district.

The result is that the court's opinions reference absolutely no statutory interest, and provoke the immediate question of contempt of court by perjury, obstruction of justice (because the claim actionable when evaluated impartially), conspiracy against right (by sedition); the court is discomposed directly against me, the plaintiff, without a justiciable explanation than an alleged fact, the petition is confusing and difficult to decipher.

It is rather treated comparably to an instance featuring malicious statements; without any Restatement of the complaint by any Judge, there is no respective question, and the result is rather that any review requires an immediate inspection of all cited documents. Such a perjury and coversion reduces the likelihood the U.S. Attorney may prosecute, because the action involves investigating authenticity of a Judicial opinion.

I attempted to resolve this problem on an appeal of Hon. David Nuffer's order, but Court of Appeals rather committed the same coversion against my petition; United States Supreme Court is not apt for non-political, non-high-profile cases, and cannot be relied upon to authenticate a Court of Appeals opinion when it commits a perjury. Supreme Court has only declined *certiorari*, and preserved the originality of the Federal Jurisdiction by the substance of the court's expressions alone.

The United States District Court has jurisdiction so long as the plaintiff presents an independent claim; this is primarily a Civil Rights Act jurisdiction against an unconstitutional law. It is not a direct lateral appeal and any standing to compare it has neither been pleaded, nor represented. There is a Default position obstructed in the court at this moment from upon the complaint.

Moreover, the judgment comes unexpectedly while I am attempting to find persons representing the State of Utah available for any kind of planning meeting,

2

to resolve the most basic pre-trial and discovery questions, whether State of Utah agrees with my assessment, or how it will plead.

Any opinion held relevant does not have standing because there lacks entire subject-matter basis against the content of the complaint, having voided responses.

Such material is directly damning to the same opinion, the statutory claim made is independent to the civil rights act and depends upon the justiciability of the statute.

II.

I am presently requesting that all parties review the matter upon Hon. Mr. Benson's 12/27/20 opinion and submit to the court a position statement; a failure to do so, while I may sustain the allegation, will result in a motion at contempt against Defendants: the State is a genuine interest to any such opinion entailing its responsive interests, and will have allowed a fraudulent process to preclude its defenses, which I have not heard.

I am also requesting the Hon. Mr. Robert Shelby, Chief Judge, take action of his precedence, 28 U.S. § 136 (b), that he will attend to this matter while there is yet no more public action than an IFP disposition, in order to see Hon. Mr. Benson recuse, to Set Aside the said opinion for lack of subject-matter, among other objections.

Chief Judge Hon. Mr. Shelby is known to be honest and equitable, and I thought the same reading Hon. Mr. Benson's case history, that he does deliberately observe a *Public Standing* doctrine, and does not persuade easily. I have not read Hon. David Nuffer's case history, but find it bad that a Chief Judge make any fraudulent statements.

My opinion of the Court of Appeals is that several judges are impeachable; their actions protected the fraudulent disposition by directly fabricating a position without subject-matter basis, and rather took Hon. David Nuffer's opinion in total confidence without reviewing any document, including a *mandamus* petition.

In both instances, the clerkship drives a system which obstructs the action of summons which appears, upon criminal action, to reduce the potential liability of court officers when a State is not served because the clerk awaits a pre-trial

3

termination solely against the IFP statute. The court limits the genuine interest against an available choice for adversarial and undue cloture.

Otherwise, the dignity of the judge is controversial to the petitioner in what I can only define to be conspiracy against right of sedition, to discompose the Judicial agency against citizens, likely prisoners, IFP petitioners, and plausibly some attorneys.

I have the concern that courts have not requisitioned, and have not organized, a staff dedicated more exclusively to these kinds of claims, and so do not do them justice and only politicize their cases in misprision against the U.S. Constitution and Laws relevant.

I generalize because of the two-facedness of their process; in one instance the paper is received and filed, instructions are followed, in the next instructions are not followed and procedure is abandoned against the civil complaint and has resulted in this instance in three fraudulent opinions, and a complete failure of supervisory oversight to either its clerkship or the case under jurisdiction in United States Supreme Court.

The court's officers adversary him before any replies have been received, directly neglect summoning the defendant parties, and decentralize the court against the basic standing of the petition.

Courts have appeared totally prepared to finalize process while entire questions are left unanswered, or at deficiency are not restated and properly cited their claims.

It is unbecoming and any Judge who will not tolerate the citizen, the IFP petitioner, the *pro se* petitioner, in this aggressively humbled opinion, should resign.

The *Public Standing* doctrine in this country is much obscured, and there is a great deal of confusion about what substantiates right, and there a constant sedition springs forth to literally destroy the most superior opportunities of this nation, and those of the world which attempts to recognize it.

4

The people should never be reduced before the capacities of office than defined the plenary and mandatory interest of the law; this includes IFP claims which are under jurisdiction, IFP standing is not jurisdiction *per se.*

Such treatment, *fraud* compounding, literally mocks a petitioner's analytical isolation of "claim preclusion" from within the *Rooker-Feldman* doctrine, by yielding a procedural "claim preclusion" seemingly independent and yet reliant upon the same basis. He becomes trapped in solipsism.

Judges named defraud the court of its original jurisdiction by perjury in order to conspire against his general right to petition in order to obstruct the due processes defined on the complaint.

Please find the motion appreciable to its citations and substance.


Sincerely,

s/Carlos Velasquez, Appellant

Civil Bureaucratic Federalist

5

Carlos Velasquez, Pro Se

PO BOX 581365

Salt Lake City, UT 84154

| | |
|---|---|
| *Velasquez*<br><br>   *v.*<br><br>*Amazon.com* | Case No. 2:25-cv-674-DAK<br><br>FORMAL REQUEST TO SHOW CAUSE<br>FOR DELAY ON ACTION FOR RECUSAL<br>Addressed to Chambers |

**STATEMENT**

Hon. Dale Kimball presently delays to have recused as based on a Motion filed in August of this year; we perceive it is *strategic* delay with an improper predicate to dismiss the case capriciously.

    The delay is perceived to be a violation of the *civil integrity* of United States Courts, it lacks *conviction* and has become a *criminal threat culture;* will be noted on any *criminal contempt* complaint.

    The Defendant party has made an appearance, their pleadings are vague and probative *because* they recognized the gravity of the circumstance of a *demonstration* of *criminal*

1  *aggravation* in the very court; will the jurist perjur the matter brazenly and release those defendants

2  from liability in his private cause?

3     The Republican Party has fallen too strictly into a conference of *absolute privilege,* and the

4  hesitation shown by the jurist presently assigned, as defined from the Motion attached to the paper

5  on *recusal,* imitates and telegraphs the threat of *perjury* to commit to *seditious resolution.*

6  It is unbecoming to the Authority of the Judiciary when they take *criminal exception* from *the*

7  *people.*

8     This is not a question for mere disagreement; Democrats and Republicans can disagree

9  amongst themselves without extraordinary difficulty, but they cannot disagree with one another,

10  we say the Republican Party has formed a quiet *conferential government* who detracts from the

11  integrity of U.S. Courts, and can be corrected if the Judiciary will recant, this does however open

12  them up to *personal liability.*

13     The court has lost touch with reality, how it has actively harmed this party with *criminal*

14  *intent,* the life and experience of the victims of government malpractice, while strict Republican

15  conference becomes more hyper-animated and less capable of political optimism without having

16  threatened and harmed *the people* on "the left."

17     We accuse the jurist, Hon. Mr. Kimball, of having knowingly abused the formal *relief* of

18  U.S. Courts to *aggrieve* people for political cause, they abuse bureaucratic leverage in the manner

19  of a malefic fascism, whereas the *bureaucracy* of the United States of America is supposed to be

20  dedicated to *the people;* again, we experience an implied *threat of criminal malpractice* within

21  U.S. Courts *while* the Republican conference is plainly *no longer under oath,* are *en seditio,* and

we perceive the jurist is exploited the victims of that large malpractice spiritually and vicariously to obtain a greater feeling of *comity* with the party *at large.*

## FACTS

1. On 8/25/25 a Motion and affidavit were filed demanding the recusal of the jurist for a predicate cause of the *fraud on the court;* the cause is demonstrated *nul tiel record.*

2. The Plaintiff has declared an intent to file New Civil Action in the District of Utah, where jurists have dispositioned several matters against him under *fraud.*

3. The Complaint of *Fraud on the Court* was falsely affirmed by the jurist assigned, who failed to do diligence while the Circuit Court conspired against the Plaintiff in the same measure, apparently to provide unlawful *protective relief* to the Federal Officials aligned with the Republican Party in the State of Utah.

## AFFIRMATIVE GROUNDS

### 1. The Code of Conduct is Liberal

The Code of Judicial Conduct enables the jurist to recuse *without cause of prejudice* if there is a plain showing of some *appearance* of a *conflict of interest, personal predisposition,* or *bias against the law.*

Doing so is both a matter of *courtesy* and *justice.*

3

1    Resisting the Motion to recuse against a party *even* in their prejudice, making a plain

2    demonstration for the court's record, is *adversarial,* the jurist proceeding so has a critical standard

3    to directly *refute* a claim rendered.

4    Judicial Implication of *civil* to *criminal prejudice* into review of *Recusal* motions of any

5    kind is improper; it distorts and finally perverts the *categorical approach* with whimsically

6    *unlimited adversity* and allows the record to remain undiscovered, laying the victim open to

7    dignitary attacks from any and all sides.

8    We say it can plainly constitute high-level *stalking,* the kind that attempts to *steal political*

9    *power from the people,* coerce suicide and madness, submission and perplexity, illiberalism, or

10    aggravation of violence, trespass whatever, so much that it cannot be maintained by a United States

11    Court in the course of any kind of *civil action.*

12    The jurist may not presume a political disposition against "Liberalism" in the *elemental*

13    terms consistent with courts; those rhetorical objects are unreviewable for their absurdity in the

14    public space already.

15    **2.  The Jurist Must Show Cause for Continued Delay**

16    The jurist must *show cause* and cannot rely on the doctrine of *res judicata* because the *fraud on*

17    *the court* question pre-empts both *judicial immunity* and *claim preclusion/field pre-emption,* this

18    is the subject of the separate case and it is inappropriate for the jurist to have provoked it here,

19    because it implicates the failure of the Constitution of the United States of America against the

20    victim of its irremediable malpractices.

4

### 3.  A Related Case is in Production on this Matter

The case matter is in production, and will be filed timely with <u>Fed. R. Civ. P. 60(d)</u> and the appropriated jurisdictions; *while,* the jurist has not obeyed the docket *promptly* nor with sufficient time to have reviewed the matter *prejudicially* or *without prejudice.*

### 4.  Replies are In-Process

Replies to the Respondent Counsel for Amazon.com Services LLC, who returned a response on 9/25/25 is in process, but is delayed against the problematic question of past *judicial malpractice* and the unstated *cause for delay* from *recusal,* the same problem of *deliberation to commit perjuries in limine;* we are presently aggravated by the perceived *intent* to *commit perjury* while those adversaries are overzealous.

### RELIEFS DUE

### A.  The Jurist May Not Be His Own Judge

If the jurist will refuse the motion on the basis of that question of *fraud on the court* remains unsettled, no reasonable plaintiff can recognize himself in the Judicial disposition, Hon. Mr. Kimball may pass the motion to a jurist *not named* on the motion for a disposition of the question.

If the jurist is *intent* to dismiss the entire matter *in limine* he could take no other approach than to have delayed address the *recusal* question until a critical *Motion to dismiss* was received. Hon. Mr. Kimball attempts to humiliate us before *defendant* Counsel and add *insult* to compound

1  *civil injury,* adding improper *disfavor;* it is inappropriate to have intentionally corrupted

2  precedence under Fed.Rs.Civ.P. 1, 8, 11, and 12 by *strategery.*

### B.  The Prejudicial Disposition is Reviewable Against *Fraud on the Court*

4  The Superior Courts compounded *fraud on the court* with *fraud at determination,* and the relative

5  standing of their opinions is in question; if the jurist has taken the time to review those dispositions,

6  he is advised the Motion was demonstrated as *providential* bears the integrity of the same claim

7  against the Circuit Court, in terms of the Appellate Rules who adopt the District Court process and

8  may limit *prejudicial determinations* as based in that process already defined in the District Court.

9        Refusing to *hear* a party denies the *civil petition,* and violates the Constitution of the United

10  States of America: to do so prejudicially is a genuine *perjury* and *false testimony;* to say or write

11  *the people are not protected by the law* is to resolve on *seditious grounds.*

### C.  Recusal is an Even Standard of Pleading

13  The jurist must *show cause* and cannot rely on the doctrine of *res judicata* because the *fraud on*

14  *the court* question pre-empts both *judicial immunity* and *res judicata;* this is the subject of the

15  separate case and it is inappropriate for the jurist to have provoked it here, because it implicates

16  an improper *parliamentary conference* within United States Courts who, by definition, are *no*

17  *longer under oath: intentional delay* to inflict *personal grievance.*

18        For this reason, we say even the *appearance* of a *conflict of interest,* even a *criminal bias,*

19  allows non-prejudicial standards for recusal. The court's grounds for overriding that *legal intuition*

20  compares *perjury* against the *text of the law.*

1 **CONCLUDING**

2 The fact is, *breach of confidence* on good faith conditions as *recusal* for questions of *criminal*

3 *malpractice* does sap the vitality of the victim to reduce the likelihood of hisher success, and tells

4 a *false history* of *case precedence* to United States Courts.

5 The unnecessary *delay* does excoriate us, and does *threaten* criminal malpractice in an

6 *unlimited term.*

7 The jurist is not entitled to a *strict conferential testimony* whenever it suits his *conflicts of*

8 *interest;* he or she must be able to put it aside in order to maintain a *constitutional government;*

9 that is the entire meaning of *issues-orientation* under a Constitution, rather than a *private contract.*

10 We will not admit they did not violate the law at this late stage of public petitioning, and

11 we will not tolerate *seditious implications.*

12 The judiciary attempt to purify themselves by harming people the Republican Conference

13 has not ever heard; they are too strict conference to preside herein, and Hon. Mr. Kimball including

14 those named jurists are, in a Constitution dedicated to *the people* without *exceptionalism,* under

15 *oath* to have *recused* or *not* have *falsely testified* Judicial Precedence.

16 We demand action *now;* we have every right not to fear gross caprice and perjury.

17 Carlos Velasquez

Digitally signed by Carlos Velasquez
Date: 2025.10.03 10:41:59 -06'00'

18 s/Carlos Velasquez

19 Pro Se Plaintiff

7

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **CARLOS VELASQUEZ,** | **ORDER DENYING MOTION TO RECUSE AND "FORMAL REQUEST TO SHOW CAUSE FOR DELAY ON ACTION FOR RECUSAL"** |
| **Plaintiff,** | |
| **vs.** | |
| **AMAZON.COM SERVICES, INC.,** | **Case No. 2:25CV00674 DAK** |
| **Defendant.** | **Judge Dale A. Kimball** |

This matter is before the court on Plaintiff Carlos Velasquez's Motion for Recusal and "Formal Request to Show Cause for Delay on Action for Recusal."[1]

Pursuant to 28 U.S.C. § 455, judicial recusal is required when the judge's "impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party."[2] The inquiry requires consideration of whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."[3] Under this test, adverse rulings cannot in themselves form the appropriate

---

[1] ECF Nos. 11 & 17. The recusal motion is styled as "Plaintiff's Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law."

[2] 28 U.S.C. § 455

[3] *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) (citations omitted).

grounds for disqualification."[4] And importantly, "[j]udges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'"[5]

In his Motion for Recusal, Mr. Velasquez has offered no valid justification for recusal. The sole basis for the recusal request appears to be that this court has previously ruled against Mr. Velasquez.[6] It is well settled, however, that adverse rulings do not provide grounds for recusal.[7] Indeed, judges have "a strong duty to sit," and must not so broadly construe the recusal statute "that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

---

[4] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citations, quotation marks, and brackets omitted).

[5] *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

[6] Mr. Velasquez has previously sought the recusal of—or has filed suit against—judicial officers who rule against him in this court. *See Velasquez v. Baldock et al.,* 2:22cv00133. In that case, a magistrate judge issued a Report and Recommendation ("R&R"), recommending dismissal of the action for a variety of reasons, including failing to state a claim. *Id.* at Docket No. 37.

The district judge adopted the R&R and noted that just two days after the R&R was issued, Mr. Velasquez accused the magistrate judge of criminal misconduct. *Id.* at Docket No. 42. Mr. Velasquez then requested that district judge recuse. *Id.* at Docket Nos. 51 & 63. The judge declined, finding that it is well settled that adverse rulings do not provide grounds for recusal. *Id.* at Docket No. 63 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988)).

Additionally, in *Velasquez v. State of Utah*, 2:20cv00205, Mr. Velasquez filed a similar recusal motion after the late Judge Benson dismissed his action. *See* Docket No. 20. Judge Benson denied the motion, recognizing that Mr. Velasquez's allegation that the court is not impartial "apparently stems solely from the fact this court decided against Plaintiff in dismissing the underlying action." *See* Docket No. 29 at 2-3.

[7] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005); *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988); *Willner v. University of Kansas*, 848 F.2d 1023 (10th Cir. 1988).

unsubstantiated suggestion of personal bias or prejudice."[8] This court has no personal or professional connections that would call its impartiality into question in this matter, and it has issued only one decision in previous case brought by Mr. Velasquez. The decision denied Mr. Velasquez's motion to proceed *in forma pauperis* on appeal, after the Honorable Dee Benson had dismissed Mr. Velasquez's case with prejudice.[9] The Tenth Circuit later affirmed the court's dismissal of Mr. Velasquez's claims.[10] Thus, there is no reason to recuse.

Accordingly, IT IS HEREBY ORDERED that Mr. Velasquez's Motion for Recusal [ECF No. 11] is DENIED, and his "Formal Request to Show Cause for Delay on Action for Recusal" [ECF No. 17] is DENIED AS MOOT.

DATED this 8th day of October 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[8] *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

[9] *Velasquez v. State of Utah*, Case No. 2:20cv205, filed on March 26, 2020, Docket No. 40.

[10] *Id.* at Docket No. 45. The United States Supreme Court denied Mr. Velasquez's petition for a writ of certiorari. *Id.* at Docket No. 48.

Carlos Velasquez, Pro Se

Civil Bureaucratic Federalist

PO BOX 581365

Salt Lake City, UT 84158

T: 801.671.0361

E: cfv1983@gmail.com

FILED
2025 OCT 16 AM 10:01
CLERK
U.S. DISTRICT COURT

## NOTICE TO CEASE AND DESIST

Attention: Hon. Dale Kimball, Case No. 2:25-cv-674

*Velasquez v. Amazon.com Services LLC,*

YOU ARE IN CONTEMPT

The Constitution of the United States of America is dedicated to the people without exception, this includes equal and ordinary treatment under the law, the right to demand the *recusal* and *disqualification* of a judicial party related to a withstanding allegation of *fraud on the court,* to file complaints of *contempt* and to impeach jurists, to prove and demand cause for their resignations, for *criminal malpractice* and *false testimony* within the perimeter of their discretion.

I am not a lawyer.

This is Pro Se litigation.

YOU NOW FACE THE CONSTITUTION OF THE UNITED STATES OF AMERICA!

In failing to take action before the weekend 10/10-10/12 you do this party injury; you have violated U.S. Const. Amend. V, and deprived the right of review on recusal.

On receipt of this NOTICE you MUST CEASE AND DESIST any and all actions in obstruction of justice, and false testimony of the Public Law.

You MUST find this matter reassigned properly in accordance with 28 U.S. § 144, your presentation of the standard of the law is convoluted to allow the jurist to commit a crime in the official transaction.

Doc. 19 proves how **Senior Judge Dale Kimball** misstated the "extrajudicial source" question on an ex converso basis; you failed to show cause, and falsely implicate a vexatious or frivolous pleader while violating Section 144.

1

You are therefore DEMANDED within 72 HOURS of having received this notice, to CEASE AND DESIST from any and all plain malpractice, including any improper hesitations, and *reassign* the question of recusal to a non-biased judicial party so that we may proceed in good order, and complete the demonstrations we have already filed.

Judicial Parties who may bear the *appearance* of prejudice, who have engaged in the same *judicial malpractice* are noted in Case Docs. 11, 17, and 19.

## WITHSTANDING JUDICIARY

The following Judges in the District Court are NOT named on any complaint by the above party under a *fraud on the court* allegation:

Senior Judge Clark Waddoups

Senior Judge David Sam

Senior Judge Tena Campbell

Judge Ann Marie McIff Allen

Judge David Barlow

Chief Magistrate Judge Dustin B. Pead

Magistrate Judge Cecilia M. Romero

Magistrate Judge Daphne A. Oberg

Magistrate Judge Paul Kohler

The judiciary cannot pre-empt actual civil questions, we are suffering ongoing litigations and ongoing crimes; we have every right to make the demonstration, just as you have every right to confess it, and to confess for your peers when they commit such a crime against the people.

If *you* do not follow the law to impeach the false testimonies of your errant peers, then we have neither rights nor constitution; at which point we must take new civil action.

Your hesitations and deliberations threaten the civil case, and the rights of the victim.

In having allowed the matter of *reassignment* of a critical *recusal* demonstration citing both 27 U.S. §§ 144, 455, to bypass impartial review you threaten both *future civil rights cases,* and rights on the instant case.

## CASE SUBJECT MATTER IS SENSITIVE

This is a civil case on constructive termination wherein corporate managers are alleged to have abused procedures to conduct high-level *stalking* in the workplace.

The matters are not unrelated to past allegations of *fraud on the court,* indeed the entanglement of *judicial malpractice* was a causal factor to that rendered the victim more vulnerable to *stalking* and *mismanagement.*

It is inappropriate for a jurist who inflicted *causal harm* that dispositioned the workplace to preside, because he stands and imitates the ethical posture of a business malpractice that resulted in a constructive termination circumstance.

You risk to have conspired circumstancially against the victim while you are a Federal Officer or an employee of a Federal Officer who are under oath to uphold the Constitution of the United States of America, which proves dedication to the people *without criminal exception.*

NOTICE, you are perceived to have abused procedures and engaged *griefing* and *political stalking* against a person who brings *civil action* to the United States District Court for the District of Utah, to have treated the person *falsely* and *unseriously, unlawfully;*

NOTICE, you are perceived to have *refused to confer ordinary civil rights at standing,* and of having *perjured* the nature of the complaint and pleadings.

You are perceived to have aggravated Rights of Families on subject-matter involved in Family Law; utterly reprehensible to stand the judiciary so far above the people!

You are perceived to be conducting *political attrition* against the Plaintiff and Victim on an *undisclosed basis,* direct *criminal discrimination;* your obligation is to have met the accusation directly, and in compliance with the law

s/Carlos Velasquez, Pro Se Petitioner

DATE OF PUBLIC NOTICE: 10/15/2025


Cc:

Intake Clerk, U.S. District Court, District of Utah

Magistrate Judge Cecilia M. Romero

Utah State Bar

U.S. Attorney, District of Utah, Felice John Viti

Desert News/Public Notices

Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 66

Carlos Velasquez, Pro Se
Civil Bureaucratic Federalist
PO BOX 581365
Salt Lake City, UT 84158

SALT LAKE CITY UT 840

11 OCT 2025 PM 1 L



ATTN: Hon. Dale Kimball
Orrin G. Hatch United States Courthouse
351 South West Temple, Rm 10.400
Salt Lake City, Utah 84101

84101-192900

Ethan D. Thomas, Utah Bar No. 15751
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone:  702.862.8800
Facsimile:   702.862.8811
edthomas@littler.com

Brian Tuttle, Utah Bar No. 16974
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone:  310.553.0308
Facsimile:   800.715.1330
btuttle@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ, Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES INC.,<br><br>Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS (DKT. NO. 21) AND TO PLAINTIFF'S FURTHER REQUEST FOR RECUSAL (DKT. NOS. 19, 23, 24)**<br><br>Civil No. 2:25-cv-00674-DAK-CMR<br><br>Judge Dale A. Kimball |

Defendant AMAZON.COM SERVICES LLC[1] ("Amazon" or "Defendant"), by and through its counsel of record, Littler Mendelson, P.C., hereby responds to *pro se* Plaintiff

---

[1] Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC. There is no existing entity by the name of Amazon.com Services Inc.

CARLOS VELASQUEZ's ("Plaintiff" or "Velasquez") request for an extension of time to respond to Amazon's Motion to Dismiss (Dkt. No. 21), as well as to Plaintiff's various filings related to his request for recusal of the judge assigned to this action. (Dkt. Nos. 19, 23, and 24). While Amazon does not oppose an extension of time for Plaintiff to prepare his response to Amazon's Motion to Dismiss, Amazon does oppose Plaintiff's repeated request for recusal, which this Court has already rejected once. Amazon further objects to Plaintiff's characterization of the Court's conduct as fraudulent, biased, or otherwise creating a conflict of interest.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff Has Submitted a Flurry of Confusing Filings to this Court in Recent Weeks.

On August 25, 2025, Plaintiff filed a "Pleading for Honorable Recusal." (Dkt. No. 11). Plaintiff then filed his "Formal Request to Show Cause for Delay on Action for Recusal" on October 3, 2025. (Dkt. No. 17). The Court entered an Order denying these recusal requests on October 8, 2025. (Dkt. No. 18). In the interim, Amazon filed its Motion to Dismiss Plaintiff's Complaint on September 25, 2025. (Dkt. No. 15).

Plaintiff then filed a "Motion to Show Cause for Refusal, on Recusal" on October 9, 2025 (Dkt. No. 19). On October 15, 2025, he filed a "Motion to Extend Time to Reply for Cause Improper Recusal Practices in the Court [*sic*]" (Dkt. No. 21), as well as a "Proof of Publication on a Notice to Cease and Desist." (Dkt. No. 23). The next day, he filed a "Notice of Cease and Desist" on October 16, 2025. (Dkt. No. 24).

### B.    Plaintiff Requests an Extension of Time to Respond to Defendant's Motion to Dismiss While Improperly Accusing the Court of Fraud (Dkt. No. 21).

In his "Motion to Extend Time to Reply for Cause Improper Recusal Practices in the Court [*sic*]," Plaintiff asks for "the court to extend time to file a reply from 10/23/25 to 10/31/25, an additional 8 days on top of ordinary 28 day reply period, according to the local rule, after initial

replies were returned on 9/25/25." (Dkt. No. 21 at 2). The Court has interpreted this filing as a request for an extension of time to respond to Amazon's Motion to Dismiss. (*Id.* (docketed by the Court as "Motion for Extension of Time to File Response/Reply")).

In this motion for extension, Plaintiff asserts that the judge assigned to this matter "has not properly removed himself from a recusal question," that Plaintiff "perceives the jurist committed *fraud on the court*, contempt, and perjured a document," that the judge "may not preside because his own actions in malpractice created circumstances that were contributory to a hostile work environment," and that he "may be *biased against the law*." (*Id.* at 1-2 (emphasis in original)). In particular, Plaintiff asks for the extension of time to respond to Amazon's motion to dismiss to "allow the jurist to properly recuse himself, and avoid a *conflict of interest*." (*Id.* at 2 (emphasis in original)).

## II.    DEFENDANT'S POSITION

### A.    Defendant Does Not Object to an Extension of Time for Plaintiff to Respond to Defendant's Motion to Dismiss on Substantive Grounds.

As an initial matter, Amazon does not oppose Plaintiff's request for an extension of time to respond to Amazon's Motion to Dismiss on substantive grounds. Amazon also recognizes that granting such an extension rests with the Court's discretion. Furthermore, as Plaintiff proceeds *pro se*, the Court may understandably conclude that additional time for Plaintiff's substantive response could benefit both parties, as well as the Court, in resolving Amazon's underlying Motion.

### B.    Defendant Does Object to Plaintiff's Characterization of the Court's Conduct as Fraudulent and to Any Further Call for Recusal of the Judge Assigned to This Matter.

However, to the extent Plaintiff's motion for extension of time rests on his characterization of the Court's conduct as constituting "fraud," "bias[]," and/or a "conflict of interest," Amazon does object. (Dkt. No. 21). As this Court has already noted, Plaintiff "has offered no valid justification for recusal," as "[t]he sole basis for the recusal request appears to be that this court

3

has previously ruled against" Plaintiff" and "adverse rulings cannot in themselves form the appropriate grounds for disqualification." (Dkt. No. 18 at 2 (citing *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005); *Green v. Branson*, 108 F.3d 1296,1305 (10th Cir. 1997); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988); *Willner v. Univ. of Kan.*, 848 F.2d 1023 (10th Cir. 1988))).

Plaintiff has alleged no personal or professional connections that would suggest any bias in this matter, nor any other reason to recuse. While the Court may decide to provide Plaintiff with additional time to respond to Amazon's Motion to Dismiss, Plaintiff has not provided good cause for such extension on the basis of any unfounded accusations against this Court.

### C.    Plaintiff's Other Recent Filings Are Redundant and Do Not Require Defendant's Separate Response.

To the extent Plaintiff's other outstanding docket entries call for any response, Amazon asserts those filings serve only to repeat Plaintiff's baseless recusal arguments and to further amplify same. (Dkt. Nos. 19, 23-24). Accordingly, Amazon asks the Court to accept this Response with equal force for the outstanding filings.

## III.    CONCLUSION

For the foregoing reasons, Amazon does not oppose Plaintiff's request for an extension of time to respond to Amazon's Motion to Dismiss but objects to Plaintiff's continued and unsupported calls for recusal from this Court.

Dated: October 21, 2025

LITTLER MENDELSON, P.C.

_____
Ethan D. Thomas
Brian D. Tuttle

Attorneys for Defendant
AMAZON.COM SERVICES LLC

4

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113.4770. On October 21, 2025, I served the within document(s):

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS (DKT. NO. 21) AND TO PLAINTIFF'S FURTHER REQUEST FOR RECUSAL (DKT. NOS. 19, 23, 24)**

☒ By CM/ECF filing – pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the court's case management and electronic case filing (cm/ecf) system:

☐ By PROCESS SERVICE – the above-referenced document was process served via process service upon the parties listed.

☐ By EMAIL – by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below pursuant to agreement of counsel.

> Carlos Velasquez, Pro Se Plaintiff
> Civil Bureaucratic Federalist
> P.O. Box 581365
> Salt Lake City, UT 84158
> Phone: 801.71.0371

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 21, 2025, at Las Vegas, Nevada.

> /s/ Maribel Rodriguez
> Maribel Rodriguez

4917-5163-8900.1 / 114766.1320

Carlos Velasquez, Pro Se Plaintiff

PO BOX 581365

Salt Lake City, UT 84157

E: cfv1983@gmail.com

T: 801.671.0361

| IN THE UNITED STATES DISTRICT COURT |
|---|
| FOR THE DISTRICT OF UTAH |

| *Velasquez* | PAPER OF PLAIN OBJECTIONS TO |
|---|---|
| *v.* | DEFENDANT COUNSEL'S |
| *Amazon.com Services LLC* | MOTION TO DISMISS |
| | Case No. 2:25-cv-674 |

1. The Pro Se Plaintiff, who has every right not to suffer traumatic perjuries in United States Courts, received a Reply Brief from Defendant Counselors, Ethan Thomas (Utah Bar No. 15751) and Brian Tuttle (Utah Bar No. 16974) of LITTLER MENDELSON, P.C. for Defendant Amazon.com Services LLC on 9/25/25 via CM/ECF with a Motion to Dismiss cit. Fed. R. Civ. P. 12(b)(6); "failure to state a claim upon which relief can be granted." The Plaintiff Response is returned before 28 days per DUCivR 7-1(4)(A)(iii); Document is 3152 words.

2. The Plaintiff has not yet moved for judgment, a motion is not contained within the Complaint.

3. The Defendant has not presented any counterclaim; the Defendant believes the complaint is "difficult to parse," but attempts to have provided how the plaintiff has not any cause for civil action in a United States District Court, is pleaded here to be an erroneous application of Fed. R. Civ. P. 12(b)(6).

4. A United States Judge may not have so much levity to threaten the people with perjury, nor may he take satisfaction in presiding over a matter where he has committed a crime against an outspoken party, nor if implicated as outside contributory factor to an injury within a case should he proceed.

STATEMENT

5. Defendant Counsel has moved prematurely to Dismiss, to force the case out of a Pre-Trial phase and into a Judgment phase, to prevent the completion of the Discovery phase and its resultant Facts Statement which may enable the Court to Rule entirely, or in part, in the Plaintiff's favor on questions of *coerced resignation* from employment with Amazon.com Services LLC.

6. The Motion to Dismiss is frivolous, is properly overruled on appreciation of an intersection between *constructive termination/resignation* allegation consistent with *breach of*

*contract,* parallel terms consistent with *tort litigation;* the dismissal Motion did not evaluate the relationship between Human Resources ("HR") and Management.

7. A *preponderance* of the evidence admits a substantive standard for review of *coerced resignation; neglect* to *intentional neglect* of its own duties; *neglect* to inflict *harm* or *emotional distress, vicarious harm* consistent with *retaliation,* with or without the appearance of whole *criminal intent,* Amazon was burdened to investigate up to a point of *termination* of Management and HR.

8. The case admits questions such as: Why the HR agency did not recognize the questions that were asked?

9. Could HR have reasonably investigated these question more fully?

10. Did HR fail to do diligence?

11. Did Managers have an absolute privilege?

12. Did the plaintiff's complaints make clear the seriousness of the questions involved?

13. Is it plausible the DUT7 site, or even Amazon at large, have encouraged abuse of privilege?

14. There is no question that subjective complaints of a claimant can support a civil claim, considering there is objective evidence Managers and HR failed to recognize the actual statements and complaints of the Plaintiff, evaded and suppressed the material questions, *retaliated* thereby, so encouraged and permitted corruption. Paraph. *Jones v. Commissioner of Social Sec.,* 336 F.3d 469 (CA6 2003). Restated, the Plaintiff could not have taken contractual *confidence* after communicating with HR and reports that he could not take confidence in the written and verbal context of several minute disciplinary issues for reasons of their being critically overbearing, or relatively attainted by the Plaintiff's knowing their mismanagement.

15. Defendant Counsel has also alleged a traditional *failure in the cause of action* for Equal Employment discrimination, and Disability discrimination, neither of which are defined in the Plaintiff's complaint; implicates *stalking* as a *cause* above the *coerced resignation* consistent with *breach of contract,* an improper conclusion.

16. Below we show a limited statement of facts and several objections.

17. Defendant Counsel did not provide any basis on which to resolve Amazon itself is not liable for the conspiracies and negligences of whole Site Leadership Teams, and appears unreasonable in a premature demand for dismissal.

FACTS APPARENTLY DISPUTED BY THE DEFENDANT

4

18. The Plaintiff was an employee with Amazon.com Serices llc from 2018 to 2023. See Ex. Nos. 1, 2, 3, 4.

19. The plaintiff was a Level 3 Supervisor with opportunity for promotion after 2021. *Id.*

20. The plaintiff shows at least five disciplinary reports he claims contained false allegations, very strong language, were the subject of immediate and critical disagreements. See Objection 1 Below.

21. The Plaintiff shows a series of HR complaints addressing those disciplinary reports, and email communications that did not do direct and confidence, HR was opaque. See Ex. Nos. 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28; Supplemental Ex. Nos. 30, 31, 32.

22. HR intentionally neglected or failed to uphold the Code of Conduct by conducting insufficient investigations into the nature of disciplinary reports, the substantive limits, allowed several managers an absolute privilege to write whatever they wanted. *Id.;* See Compl. VII.4, 7, 8, 10, 11, 12.

23. The plaintiff alleges workplace stalking and interference with his career, his At-Will contract by both Manager and HR, parallel misconducts.

5

24. Amazon Supervisors are directly tracked by managers for internal reccomendations for promotion. [Disputed, May require Discovery, See "Motion," Doc. 15, Page 10, "As an at will employee…Plaintiff did not have an employment contract with Amazon that could be subject to a tortious interference claim."]

25. All Amazon Associates are bound to the Code of Conduct and Leadership tenets, Amazon.com Services LLC, including Managers and HR, Leadership, is obligated to uphold those standards. See Ex. No. 30, Page 18, "In performing their job duties, Amazon employees should always act lawfully, ethically, and in the best interests of Amazon."

26. The Plaintiff provided in his complaint a *Good Faith and Fair Dealing* is affirmative, ¶197.

27. The Plaintiff easily excelled at the job, and was stalked initially for differences in Leadership style, and apparent interpretation of the same contract. See Ex. No. 9 (Resume).

OBJECTION 1

Amazon did not make "best efforts to discern the claims" brought,

See Defendant's "Motion," Page 5.

28. The DUT7 extended a culture of discrimination (Pre-emptive *retaliation,* Complaint ¶20, 238) against the Plaintiff rooted primarily in *false* and *defamatory written statements,* weak HR investigations; the Plaintiff's complaints to HR did not provide relief from the *false*

6

*light* (*Id.,* ¶31, 54, 127, 235); those corporate agents appear to have disavowed that possibility and suppressed the plaintiff in the workplace.

29. Those statements, before any HR Evaluations *against* Management:

    **a.  See First Incidence, Exhibit No. 5 [DISCOVERY REQUIRED] (Issuer: Alvarez)**

    **b.  See Second Incidence, Exhibit No. 6 (Issuer: Bridges)**

    **c.  See Third Incidence, Exhibit No. 7 (Issuer: Bridges)**

    **d.  See Fifth Incidence, Exhibit No. 11 (Issuer: Wayman)**

    **e.  See Sixth Incidence, Exhibit No. 10 (Issuer: Wayman)**

Other incidences interacting with HR bind those several original incidences.

OBJECTION 2

Defendant Counsel limits on *breach of contract* fail to regard the Code of Conduct to be an integral obligation to At-Will Employment

30. Restating the same standard provided, specifically, "(2) performance by the party seeking recovery, (3) breach of the contract by the other party…" *Premier Sleep Solutions, LLC v. Sound Sleep Med, LLC.,* No. 2:20-cv-0062-JNP-JCB, (D. Utah, 2021); the Defendant Counsel thereby fails to advise the Court to construe the Complaint to do Justice by defining a failed facts precedence (cf. *Gardner v. Deseret Mut. Benefit Admins.,* No. 2:14-cv-0062 (D. Utah, 2017), but then reserves the entire right of *making and enforcing*

*contracts* (U.S. Const. Art. VI; Amend. I) to the Defendant's General Counsel. (See Dckt. No. 14, Unsworn Certificate of Mailing)

31. *Good faith and fair dealing* provides the Code of Conduct is binding against Amazon.com Services LLC where *all Amazon Associates* on New Hire, on Promotion, must adopt the Code of Conduct; Defendant Counsel has misstated it, "because no contract exists between Plaintiff and Amazon, no breach occurred and this claim must be dismissed." Cf. *Lee v. Univ. of New Mexico,* 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020). See Doc. 15, pp. 6-7.

32. Restated, Defendant Counsel has counter-implicated *binding* Authority of the Code. The Court may rule favorably to the non-moving party on whether Amazon was plainly obligated to uphold its Code of Conduct for global contractual *confidence* of its employees, *integrity* of its workplace culture, environment: for patent security against violations of *civil integrity.*

OBJECTION 3

Defendant Counsel shows insufficient basis to have evaluated Hostile Work Environment

33. The grounds for allegation of *constructive termination/resignation,* the *coerced resignation* results in the Plaintiff's narrative, as along the same narrative of the Victim's Impact Statement, of finding No confidence in persisting at employment; No confidence in future performance tracking for promotion; No confidence in workplace engagement with

Superiors; those opportunities were systematically destroyed by *false declarations;* much of the *injury in fact* emerged after HR demured from critical investigations.

34. State and Federal *Stalking* statutes describe the civil violation within the workplace; *intentional negligence* or *negligence* per se are both provoked where *harassment* and *emotional distress* signify the victim's circumstances, and provoke *reasonable* reactions.

35. *Hostile work environment:* What are the limits of Amazon HR diligence on questions of serious misconduct?

36. The Restatement of the Law provides how *neglect of duty* compares *intentional negligence* on conditions herein defining *Multiple Sufficient Causes,* Restatement of the Law, Third § 27, "A number of justifications exist for the rule…A defendant whose tortious act was fully capable of causing the plaintiff's harm should not escape liability merely because of the fortuity of another sufficient cause." Aids define compound tort and even compound retaliations; the Respondeat Superior has (1) Tortfeasor managers; (2) Tortfeasor HR; (3) Weak Administrative Policy for complex violations, such as *coversion, conspiracy,* inherent to *intentional negligence* and *neglect of duty,* and *criminal misconduct.*[1]

---

[1] "Factual Cuase—Tortious conduct must be a factual cause of harm for liability to be imposed. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. Tortious conduct may also be a factual cause of harm under § 27." *Id,* Factual Cause.

9

37. Again, the Plaintiff's Right to Petition is sufficient Authority to address any *breach of contract* that can be addressed on its own terms, or on the civil conditions of the Common Law; the right of civil suit is unquestionably established under Article III of the Constitution of the United States of America; Jurisdiction claims are not in error, *coerced resignation to breach contract.* See Complaint, Sec VII, ¶187-232.

OBJECTION 4

For action to dismiss, the Burden of Proof is upon the Defendant

to prove the Plaintiff's claims of *factual cause* were in error

38. The problem of a Claim based in a criminal statute is resolved under Article III; "Article III confines the federal judicial power to the resolution of "Cases" and "Controversies" in which a plaintiff has a 'personal stake.' *Raines v. Byrd,* 521 U.S. 811, 819-820, 117 S.Ct. 2312, 138 L.Ed.2d 849. To have Article III standing to sue in federal court, a plaintiff must show, among other things, that the plaintiff suffered concrete injury in fact. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351. Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts. *Spokeo, Inc.* v. *Robins,* 578 U. S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635. That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury. Physical or monetary harms readily qualify as concrete injuries under

Article III, and various intangible harms—like reputational harms—can also be concrete. *Ibid.*

39. The *constructive resignation* case depends upon the meaning of the question for *retaliatory behavior,* how "it is shown the employer intended or directed the act which caused the emotional distress." *Newsome v. McKesson Corp.,* 932 F.Supp. 1339, 1343 (D. Utah, 1996), the interpretive bridge defined with a "close relationship" is already manifested whereall the invocation of a *stalking* statute successfully characterizes the behavior, *and* provides for the limits of its civil termination; the plaintiff does not assert a "but-for" *injury at law,* instead shows *multiple causes* in the term of an *informational injury.*

40. Otherwise, Defendant Counsel have simply cast doubt on whether the Court should understand the Civil *cause of action* on terms of *injury in fact,* versus "but-for" styled *injury at law* claims; and neither problem was provoked on the Complaint because the Court is not obligated to render Judgment at Filing, Service, and Reply of a Complaint.

OBJECTION 5

Defendant Counsel's Test of Process Was Not Demonstrated

41. *Vicarious infliction of harm* is consistent with the *stalking* statute for *infliction of harm, emo. distress,* and the test of process brought by Defendant Counsel has not been demonstrated or tried; Cf. *Odunze v. Lake Effect,* No. 2:24-cv-0341 (D. Utah, 2025): Counsel perpetuates bias, the suit in his view not "in the best interests of Amazon." Cf. *Prince v. Bear River Mut. Ins. Co.,* 56 P.3d 524, 536 (Utah 2002).

OBJECTION 6

Claims for Judgment and Dismissal are Speculative

42. Defendant has not raised more specific defenses. See Complaint, Sec. IX-XIII, ¶233-253.

43. *Fraudulent misrepresentation* (Restatement 2d, §553) to conduct *coerced resignation* is limited to the **Seventh Incident,** needs due process.

PLAINTIFF'S ANALYSIS AND SUMMARY

44. Most of the standards presented to dismiss this matter prematurely are not grounded in refutation of facts, or allegations; instead, the Defendant Counsel has deraigned the Civil from Common Law Tort on *constructive termination* within an uninterpretable convolution of *cause of action* precedence; it would compare *field pre-emption* in a "but-for" misstatement of *multiple sufficient causes;* "Once a plaintiff satisfies its burden, the burdens shift to the defendant under the *McDonnell Douglas* burden-shifting framework." Cf. *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal. 4th 1028, 1042 (2005). Burden-shifting is elemental to *conditional exclusivity* ("but-for" constructions of *injury in fact* and *multiple sufficient causes*) under a term for Common Law tort claims, "allowing courts 'skip the *McDonnell Douglas* prima facie analysis if the employer raises the employee's performance as the reason for the adverse employment decision' and go directly to pretext." *Arnold v. United Airlines, Inc.,* CA7 Case No. 24-2179 (2025), in this way we narrow our speculative approach and allow the Philosophy of the Constitution of the United States of America breadth at interpretive pleadings and presentations for the Court.

12

45. We presume Defendant Counsel's construction of *disagreement* implicates the Plaintiff's performance, and the Complaint is consistent an *absolute privilege* was defined to protect the integrity of persons who engaged in *stalking, discrimination,* and *harassment* against the Plaintiff by abusing Amazon disciplinary "ADAPTS."

46. The Defendant Counsel has asked the court *to rule* prematurely: what fact has refuted the plaintiff's claims under *intentional negligence* and *retaliation* as defined from the weighty HR review? All of those elements were kept in confidence to HR officers and the **Persons of Interest** complained against.

47. The Plaintiff to survive the Motion to dismiss proves *multiple sufficient causes* at and above *preponderance;* it should be troubling the Amazon Code of Conduct is not plainly *conditional* to the *good faith* resolution of an At-Will contract, we would compare illiberal criminal organization to allow the corporate agent to demure autonomously.

48. Attacks on the Plaintiff's **Twelfth Incident** are related to more specific *tortious interference,* but the Defendant Counsel could not bridge the substantive relationship between **Managers** on the **Second** and **Third Incidents** with Statements from the Victim's Impact Statement defining how HR tried persuade the Plaintiff it did not affect Amazon Technical Academy ("ATA") selection; the *intentional harm* in light of the plausible

13

*stalking* behavior can be ruled on. See Complaint, **Fourth Incidence,** pp. 16-20 (24-28);

Victim's Impact Statement, ¶200-202.

Plausibility and Preponderance

49. The Defendant Counsel's Motion to Dismiss is improper and frivolous, violates Rule

     11(b)(2); the *cause of action* was not ever vague, only undefined where further discovery

     is required, the broad allegation presented herein is directed at Amazon.com Services LLC

     over and above the other limited liability of its employees who compromised corporate

     integrity. "The plausibility standard is a context specific task the requires the reviewing

     court to (1) draw on its judicial experience and common sense, *Cf. Rizvanovic v.*

     *Amazon.com Services LLC,* Dist. Court, ED CA 2024 cit. *Iqbal v. Ashcroft,* 556, U.S. 678,

     679, (2005), and (2) to draw all reasonable inferences in favor of the nonmoving party."

     *Boquist v. Courtney,* 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United*

     *Bhd. Of Carpenters & Joiners of Am.,* 768 F.3d 938, 945 (9th Cir. 2014).


50. Moreover, the Motion to Dismiss was *incomplete,* failed to raise *Cause of Action* objections

     directly upon a punitive fine sought; this element indicates Defendant Counsel anticipates

     a full trial, and does not see merit in Dismissal.


51. There are no other civil remedies available prior to filing civil action of this kind. A Notice

     of Legal Intent was mailed to Amazon General Counsel one month before the *resignation*

     took place, and that agency did not responded.

14

52. The best and most appropriate response would have been to initiate limited conferencing to complete disclosures.

53. Defendant Counsel appears intent to have violated Rule 11(b)(1), the Motion could be construed to entertain harassment.

RECCOMENDATIONS

54. The Motion to dismiss is overruled for frivolousness; (1) insufficiency of factual predicates to move actual dismissal; (2) insufficiency of Due Process to recommend Dismiss, did not balance an evidential burden; (3) violations of Fed. R. Civ. P. 11(b)(1)(2)(3)(4).

55. The Judge presiding may issue a Scheduling Order for the Plaintiff to produce a paper of Proposed Facts, by which to precipitate further Discovery; May request Pre-Trial Conferencing (Rule 16) to define a date by which Discovery must conclude.[2]

56. The Plaintiff's standard of review, and pre-trial evidence presented must survive a Motion to Dismiss because it meets both a *preponderance* for *injury in fact* as based in the allegations first defined the Victim's Impact Statement; *multiple sufficient causes,* as found

---

[2] On filing of this reply, the tolling period for this procedure is due, Rule 16(b)(2), "*Time to Issue*. The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

15

observable in HR related Exhibits: any *reasonable* person could lose *contractual confidence* at improper ethical reservations on bad disciplinary reports, and *resign* knowing the opportunity for promotion suffered defamation and was stolen, virtue of a right to work was destroyed.

s/Carlos Velasquez, Pro Se

Carlos Velasquez

Digitally signed by Carlos Velasquez
Date: 2025.10.23 10:38:54 -06'00'

Civil Bureaucratic Federalist

16

## THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| **CARLOS VELASQUEZ,** | **ORDER DENYING "MOTION TO SHOW CAUSE FOR REFUSAL, ON RECUSAL"** |
|       **Plaintiff,** | |
| **vs.** | **Case No. 2:25CV00674 DAK** |
| **AMAZON.COM SERVICES, INC.,** | **Judge Dale A. Kimball** |
|       **Defendant.** | |

This matter is before the court on Plaintiff Carlos Velasquez's "Motion To Show Cause for Refusal, on Recusal."[1] Plaintiff requests that another judge determine whether the undersigned judge must recuse under 28 U.S.C. § 144. The court denies Plaintiff's motion.

Section 144 states that when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[2] Procedurally, however, the judge against whom an affidavit of bias is filed may determine the affidavit's timeliness and sufficiency.[3] While making an initial determination of the facial sufficiency of the affidavit, the judge must not determine the truth or falsity of the facts stated therein.[4] Here, without

---

[1] ECF No. 19.

[2] 28 U.S.C. § 144.

[3] S*ee, e.g.*, *Berger v. United States*, 255 U.S. 22, 32–34, (1921); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Hall v. Burkett*, 391 F. Supp. 237, 240 (W.D. Okla. 1975).

[4] *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976); *Azhocar*, 581 F.2d at 738.

considering the truth or falsity of any facts stated in Plaintiff's accompanying "Victim's Affidavit,"[5] the court finds that the affidavit is insufficient to justify having another judge decide the motion.

To demonstrate that a judge should recuse under Section 144, "an affidavit of bias and prejudice must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel."[6] Importantly, "the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification."[7] "Rather, the statute only requires recusal upon the filing of a timely and sufficient affidavit."[8]

In this case, Plaintiff has not provided a certification that his accompanying Affidavit and the substantive factual allegations have been filed in good faith.[9] Similarly, in Plaintiff's previously filed "Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law,"[10] he also failed to certify that the substantive factual allegations were filed in good

_____

[5] *See* ECF No. 19-1.

[6] *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

[7] *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

[8] *Robertson*, 691 F. Supp. 2d at 77 (internal quotation marks omitted).

[9] *Western Watersheds Project v. Interior Board of Land Appeals*, 434 F. Supp. 3d 1257, 1261 (D. Utah 2020).

[10] ECF No. 11. The court construed this "Affidavit" as a motion to recuse and denied it on October 8, 2025. *See* ECF No. 18.

faith. Courts have routinely concluded that failure to comply with this requirement is grounds for denying the motion.[11]

As the court has previously stated, "[a] trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true."[12] The undersigned judge will not recuse from this case because there is no valid reason to recuse, and thus there is a duty not to recuse. Any additional motions seeking recusal will be summarily denied.

While not relevant to the instant motion, the court emphasizes, again, that "the mere fact that a judge has previously expressed himself on a particular point of law is not sufficient to show personal bias or prejudice."[13] And adverse rulings by a judge are not grounds for disqualification.[14] Stated another way, a litigant seeking to disqualify a judge must allege personal rather than judicial bias.[15] Moreover, motions alleging bias and prejudice on the part of a judge that establish simply that the affiant does not like a particular judge are not adequate to require recusal.[16]

---

[11] *United States v. Miller*, 355 F. Supp. 2d 404, 405–06 (D.D.C. 2005); *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 60 (D.D.C. 2010); *Burt v. First Am. Bank*, 490 A.2d 182, 187 (D.C. 1985); *United States v. York*, No. 86-CR-315, 1988 WL 105342, at *1 (N.D. Ill. Sept. 20, 1988).

[12] *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

[13] *Id.*

[14] *Id.* at 857-858 (citing *Martin v. United States*, 285 F.2d 150 (10th Cir. 1960), *cert. denied*, 365 U.S. 853 (1961)).

[15] *Id.*

[16] *Id.* (citing *United States v. Goeltz*, 513 F.2d 193 (10th Cir. 1975), *cert. denied*, 423 U.S. 830 (1975)).

Plaintiff had also filed a motion for an extension of time to file a response to Defendant's Motion to Dismiss. On October 21, 2025, Defendant filed a response indicating that it did not oppose Plaintiff's request for an extension.[17] Nevertheless, Plaintiff filed his response on October 23, 2025, so his request for an extension of time is now moot.

Accordingly, IT IS HEREBY ORDERED that Mr. Velasquez's "MOTION TO SHOW CAUSE FOR REFUSAL, ON RECUSAL" [ECF No. 19] is DENIED, and his Motion to Extension of Time to File Response is [ECF No. 21] is DENIED AS MOOT.

DATED this 28th day of October 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[17] ECF No. 25.

Ethan D. Thomas, Utah Bar No. 15751
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone:  702.862.8800
Facsimile:  702.862.8811
edthomas@littler.com

Brian Tuttle, Utah Bar No. 16974
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:  310.553.0308
Facsimile:  800.715.1330
btuttle@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ, *Pro Se*,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES INC.,<br><br>  Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Civil No. 2:25-cv-00674-DAK-CMR<br><br>Judge Dale A. Kimball |

Defendant  AMAZON.COM  SERVICES  LLC[1]  ("Amazon"  or  "Defendant"),  by  and

through its counsel of record, Littler Mendelson, P.C., respectfully files this Reply in Support of

---

[1] Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC. No entity by the name of Amazon.com Services Inc. exists.

its Motion to Dismiss the Complaint filed by *pro se* Plaintiff CARLOS VELASQUEZ ("Plaintiff" or "Velasquez") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 15 ("Motion").) Defendant's Reply is supported by the following Memorandum of Points and Authorities, the points and authorities found in the Motion, and the arguments of counsel, if any, at the time of hearing this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's Opposition to Amazon's Motion does not address any of Amazon's arguments as to why his Complaint fails to state any plausible claim for recovery. (Dkt. No. 26 ("Opposition").) Plaintiff appears to misunderstand the basis and purpose of the Motion, as well as the legal standard that applies. His Opposition is riddled with nonsensical arguments, objections, and repetitive buzzwords, without linking his argument to any allegations in his Complaint or even clarifying what claims he intends to pursue. Ultimately, Plaintiff has failed to state a plausible claim for relief under Rule 12(b)(6) for each of his claims. Accordingly, for the reasons discussed more fully below, the Court should grant Defendant's Motion in its entirety.

### II.    LEGAL ARGUMENT

#### A.    Plaintiff's Opposition Misunderstand the Basis for a Motion to Dismiss.

As Amazon explained in its Motion, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) turns on whether "'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (Dkt. No. 15 at 5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) A plaintiff does not need to present (and a court generally cannot consider) evidence in order to defeat a motion to dismiss; instead, the plaintiff must point to factual allegations that would satisfy the elements of his claims,

assuming he *could* produce such evidence. *See Brokers' Choice of America, Inc. v. NBC Univ., Inc.*, 757 F.3d 1125, 1135-1136 (10th Cir. 2014) ("'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's…complaint alone is legally sufficient to state a claim for which relief may be granted.'" (quoting *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

In his Opposition, however, Plaintiff repeatedly demonstrates that he misunderstands the nature of a motion to dismiss and the pleading burden he carries to sustain his claims, difficult to decipher though they are. While he generally expresses he intends to plead constructive discharge (which is an element of a discrimination claim, not a free-standing claim itself), breach of contract, negl[igence] of some sort, emotional distress of some sort, retaliation, and "criminal intent" or stalking, he does not point to any allegations in his Complaint that would establish those claims nor does his Complaint definitively state such claims. (Dkt. No. 26 ¶¶ 5-7, 15.) Instead, Plaintiff again objects to the judicial assignment for this action, lists a series of questions he seems to believe the Court should address, and includes a section entitled "Facts Apparently Disputed by the Defendant." (*Id.* ¶¶ 4, 8-13, 18-27.) The latter reflects Plaintiff's core misapprehension: Amazon has not disputed the truth of any facts alleged by Plaintiff in his Complaint, but rather argues that, even if those alleged facts are true, they would not be sufficient to establish liability for any of his purported claims. (Dkt. No. 15 at 5 (noting that the Court should consider whether the Complaint's "'specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable'" (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)).)

Plaintiff suggests that Amazon has not tried hard enough to understand his claims (Dkt. No. 26 at 6-7, ¶¶ 28-29) and seems not to understand what "at-will employment" means (*id.* at 7-8, ¶¶ 30-32). He contends that "Amazon shows insufficient basis to have evaluated Hostile Work Environment" (*id.* at 8-10, ¶¶ 33-37) and incorrectly asserts that Amazon bears the burden to prove that his claims are false (*id.* at 10-11, ¶¶ 38-40). Finally, he claims that Amazon's "[c]ounsel perpetuates bias," without further explanation (*id.* at 11, ¶ 41), and suggests a due process violation, without further discussion (*id.* at 12, ¶¶ 42-43). Overall, Plaintiff seems to believe that Amazon's Motion is premature because he has not yet engaged in the discovery process and the Court has not weighed any evidence. As that is not the legal standard for a motion to dismiss and the parties are only entitled to move into discovery if Plaintiff has pleaded a plausible claim at the outset, the Court should disregard Plaintiff's arguments on these points.

### B.   Plaintiff Offers No Substantive Opposition to Defendant's Arguments for Dismissal.

Plaintiff's failure to substantively oppose Defendant's Motion as to any claims for breach of contract, discrimination (based on criminal stalking), tortious interference, fraudulent misrepresentation, or emotional distress means that, in essence, he has abandoned these claims. For instance, the Opposition ignores Defendant's contention that Plaintiff has failed to allege a binding contract between Plaintiff and Amazon that Plaintiff satisfied but Amazon breached. (Dkt. No. 15 at 6-7.) Nor does the Opposition address Plaintiff's failure to allege any protected status or exhaustion of administrative remedies for a discrimination claim, or the untenable premises of his discrimination claim based on a criminal statute and tortious interference claim based on Amazon somehow interfering with its own (unalleged) contract. (*Id.* at 7-10.) The Opposition also fails to point to any allegations of any false representation by Amazon, any action taken by Plaintiff in

reliance on same (*id.* at 10-11), or any outrageous conduct by Amazon intended to harm Plaintiff. (*Id.* at 11-12.) Because Plaintiff failed to substantively respond to these arguments in his Opposition, Plaintiff has effectively consented to the Court granting the Motion on those issues. *See Mitchell v. Wells Fargo Bank*, 355 F. Supp. 3d 1136, 1154 (D. Utah 2018) (granting motion to dismiss "because the Plaintiffs did not respond to any of Defendants' specific arguments in the Motion") (referring to *Strand v. W. Bountiful City*, No. 1:08-CV-112-CW, 2011 WL 1344202, at *1 (D. Utah Apr. 8, 2011) (plaintiff "signal[ed] that he ... abandoned [his] claim" when he did "not respond to" defendants' argument).

Outside of vaguely referencing and/or briefly opposing Defendant's Motion points,[2] Plaintiff has failed to substantively respond to Defendant's contention that his claims are insufficient to survive a motion to dismiss. The Court should dismiss them accordingly.

## III.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

Dated:  November 6, 2025

LITTLER MENDELSON, P.C.

/s/ Ethan D. Thomas
Ethan D. Thomas
Brian D. Tuttle

Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

[2] Plaintiff does manage to argue that "Defendant Counsel appears to have violated Rule 11(b)(1) [and] the Motion could be construed to entertain harassment." (Dkt. No. 26 at 15, ¶ 53.) Amazon and its counsel strongly object to this unfounded and unsupported assertion and, to the extent the Court intends to inquire further, requests the right to respond under separate filing.

## **PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113.4770.  On November 6, 2025, I served the within document(s):

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☒ By CM/ECF filing – pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the court's case management and electronic case filing (cm/ecf) system:

☐ By PROCESS SERVICE – the above-referenced document was process served via process service upon the parties listed.

☐ By EMAIL – by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below pursuant to agreement of counsel.

> Carlos Velasquez, Pro Se Plaintiff
> Civil Bureaucratic Federalist
> P.O. Box 581365
> Salt Lake City, UT 84158
> Phone: 801.71.0371

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 6, 2025, at Las Vegas, Nevada.

> /s/ Maribel Rodriguez
> Maribel Rodriguez

4906-5295-6533.3 / 114766.1320

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

PLAINTIFF'S NOTICE OF APPEAL

ON A PETITION FOR WRIT OF MANDAMUS: JUDICIAL RECUSAL

ORDER Nos. 18 and 27

Fed. Rs. Civ. P. 4(a)(4) and 21

In re *Carlos Velasquez* v. *Hon. Dale Kimball*

Resp. *Velasquez v. Amazon.com Services LLC,* Case No. 2:25-cv-674 (D. Utah)

Dckt. No's. 11(MOTION), 17 (MOTION on Excessive Delay), 18 (ORDER DENYING),

19 (MOTION to SHOW CAUSE), 23 (CEASE AND DESIST), 24 (CEASE AND DESIST),

27 (ORDER DENYING)

## PREAMBLE

A wise man fears anything that would label him unfaithful.

The Constitution of the United States of America is dedicated to the people without exception, and this includes mandamus relief against conditions where a Judge has not properly recused from circumstances of a prior unremedied malpractice, the instance wherein *malpractice* is not unrelated to the lawsuit wherein he would preside as Jurist, and risked the collateral relief from *fraud on the court, fraud at determination,* and even *fraud at certification* where provident, the *malpractice* was injurious to the plaintiff within a timeframe consistent with the facts and evidence of the *cause*

1

*of action,* and proves a trespass against the victim for contributory harm within the scope of the *cause of action*.

This is a *collateral appeal,* as such there are PRIMARY FACTS and ADDITIONAL FACTS, the Primary Issue and Secondary Issues who can be treated *limitedly* or *collaterally,* because the subject here does not address the direct merits of the case under Appeal than those of cases of Recusal and by reference *fraud on the court,* the Circuit Court may address ADDITIONAL FACTS in its pursuit of Justice after the cause of *the people;* see FACTS and RELIEFS REQUESTED.

We do not present unlimited, unnecessary, nor unpopular demands; these are not wicked ultimatums nor impersonations of personage or power, we do not present a limited collateral appeal for any frivolous cause, nor is there a clear statement or demonstration on record of any such disposition that would inform and advise us: the Judiciary herein behaved as if allowed to say anything in their written opinions, they have done us extreme harm.

CIRCUIT RECUSAL DUE

The following Circuit Judges may not preside for unresolved precedence of *fraud on the court,*

the court's several opinions are alleged to be under disposition of *fraud at determination,*

including the specific issue cited against Senior Judge Dale Kimball, the Circuit Court, Judges

Baldock, Eid and Moritz conferred a criminal privilege of *fraud on the court* upon Hon. Mr.

Kimball and now deceased Senior Judge Dee Benson.

The Circuit Judges listed below may not preside here because they would effectively as

their own Judge on evaluation of the allegations of *fraud at determination* that is inherent to

understanding review of the issue directed against the District Court Judge, review as partially

directed against themselves, as Hon. Mr. Kimball has; 28 U.S. § 144 protects the People and

Jurist from the temptation and threat to commit *perjury* where *biased against the law.*

Issues appended:

1.  **Case No. 22-4098** (D.UT Case No. 2:22-cv-00133-HCN-JCB)

    Robert Bacharach, Timothy Tymkovich, Veronica Rossman

2.  **Case No. 20-4087** (D.UT Case No. 2:20-cv-00205-DB/DAK)

    Bobby Baldock, Nancy Moritz, Allison Eid

3.  **Case No. 19-4041** (D.UT Case No. 2:18-cv-00728-DN)

    Paul Kelly, Carolyn McHugh, Nancy Moritz

## JURISDICTION

28 U.S. § 1291

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States.

Fed. R. App. P. 21(a) Mandamus and Prohibition to a Court

(1) A party petitioning for a writ of mandamus or prohibition directed to a court must file the petition with the circuit clerk and serve in on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge. All parties to the proceeding in the trial court other than the petitioner are respondents for all purposes.

Fed. R. App. P. 4(1)(A)

The Notice and Petition are timely after 10/8/25, filed before 11/8/25, appealed against the decision of a United States Judge who elected not recuse when an allegation of *Fraud on the Court* was presented, *Velasquez v. Amazon.com Services LLC.* Issue Appended.

28 U.S. § 144

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to

be heard, or good cause shall be shown for failure to file it within such time. A party may file only

one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating

that it is made in good faith.

28 U.S. § 455(a)

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned.

## RELIEFS REQUESTED

### 1.

THE CIRCUIT COURT MUST remand review of the Plaintiff's Section 144 Motion to a separate and impartial jurist than Hon. Dale Kimball, one against whom no *fraud on the court* allegation exists;

(a) The Affidavit cites Section 144 and provided a copy of the 2020 Motion;

(b) The Motion proves from the record of the District Court, and by reference that of the Circuit Court, how Judge Dee Benson *falsely testified* (i) Jurisdiction; (ii) Nature of the Case; (iii) Claim Preclusion standards;

(c) The Affidavit and appended Motion provide how Hon. Dale Kimball testified the Appeal was not in good faith, meaning there was no basis for disagreement with the District Court's conclusions, Opinions Appended;

(d) A follow-up motion to SHOW CAUSE consistent with Fed. R. Civ. P. 12(e) was ignored, did demonstrate the Judge misstated and abused the *extrajudicial expression* doctrine;

(e) The precedence of court demands Hon. Dale Kimball, the subject of the allegation, may not handle the motion and did proceed contumaciously in violation of Section 144, plausibly to continue to cover up the crime committed against the plaintiff; the judge is *biased against the law;*

(f) The precedence of the court demands the jurist will not misuse the "extrajudicial source" question consistent with Section 455 review, because the plain *judicial expression* must be reviewable on genuine terms.

6

2.

ADDITIONALLY THE CIRCUIT COURT MAY Examine its own original records for the apparent decisions and state the following,

(a)  Whether the Circuit Court respected the Plaintiff's first amendment protected Briefing;

(b)  Whether it is *definite* or *plausible* a *Fraud at Determination* took precedence under color of Appellate Review;

(c)  Whether it is *definite* or *plausible* a *Fraud on the Court* took precedence in the District Court as based in the Plaintiff's Relevant filings, or even if the Judicial Opinion was so unnatural that a reasonable pleader would recognize it was frivolous, malicious, vexatious, and/or whimsical.

3.

Costs and Fees on Appeal; A Judicial Party may be liable to a party aggrieved for ordinary costs and fees on Appeal, as the Court is under oath to decide.

FACTS AND ISSUES

Primary Issue

1.  The Affidavit requesting his honorable recusal was filed 8/25/25. **Addenda 008, 023.**

2.  "Order Denying Motion to Recuse and [Plaintiff's] Formal Request to Show Cause for Delay on Action for Recusal," Document No. 18, Case No. 2:25-cv-674-DAK-CMR (10/8/25). **Addenda 001.**

7

3.  The COMPLAINT discusses civil litigation against *fraud on the court* in those related cases stated above was a contributory to *worker* stress. See COMPLAINT (Dckt. No. 1) ¶s 140-143, See Also Exhibit No. 17 for a Demonstration of the Circuit Court Docket Sheet; Hon. Dale Kimball was a Defendant in *Velasquez v. Baldock, et al.*  Case No. 2:22-cv-133 (D. Utah, CA10 22-4098, Cert. Denied 2/20/2024). **(Circuit Opinion Appended, 120)**

4.  Hon. Dale Kimball was named in that complaint based in the issue presented under Fact No. 1. Case No. 2:20-cv-00205-DB/DAK (D. Utah, CA10 No. 20-4087, Cert. Denied 11/8/2021). **Addenda 090, 105.**

Additional Issues

5.  The Circuit Court's other opinions on the matter have misstated the case, its precedence without review of the Plaintiff's briefing; the Circuit Court opinions fail to resolve a case, or make judgments about parties within the case.

    a.  ORDER AND JUDGMENT, CA10 Case No. 22-4098; **Addenda, 120.**

    b.  ORDER AND JUDGMENT, CA10 Case No. 20-4087; **Addenda, 105.**

    c.  ORDER AND JUDGMENT, CA10 Case No. 19-4041; **Addenda, 115.**

Primary Facts

6.  8/25/2025 a *timely* Motion/Affidavit for Recusal was filed in the District of Utah, referred to the Mag. Judge Cecilia Romero. **Addenda 008.**

8

7. 8/26/25, a "Motions No Longer Referred," appears in District Court Docket.

8. Between 9/3/25 and 9/15/25 Summons issued, and the Plaintiff Certified of Service of Process, appears in the District Court Docket.

9. On 9/25/25, a reply was received from the Defendants with a Motion to Dismiss, some Memoranda, appears in the District Court Docket.

10. On 10/8/25, 45 days after the Motion was filed, Hon. Mr. Kimball responded with his declension. **Addenda, 001.**

11. On 10/9/25, the Plaintiff filed a general MOTION to SHOW CAUSE for the ISSUE reviewed; the motion to SHOW CAUSE demonstrated how the Judge misstated the extrajudicial source question by application of the court to *Liteky v. United States,* 510 U.S. 540, 544 (1994) and *United States v. Brocato,* 4 F.4th 296 (2021). **Addenda, 057.**

12. On 10/15/25, the Plaintiff filed a Motion to EXTEND TIME TO REPLY, one week prior to the deadline and the Motion was dismissed on 10/28/25 after Def. *Amazon.com Services LLC* replied. **Addenda, Page 004, 007.**

13. On 10/15/25, the Plaintiff Published by Deseret Newspaper and Mailing, A NOTICE to CEASE AND DESIST, mailed and given PUBLIC NOTICE, Proof of Publication, to

properly recuse Hons. Dale Kimball and Mag. Cecilia Romero (Motions Not Referred).

**Addenda, 075, 079.**

14. On 10/28/25 it was issued for the Court, DENIAL to SHOW CAUSE (Doc. No. 27), the Judge claimed the Motion was *legally insufficient* without an affidavit of *good faith* and therefore deposed the motion without review of its factual sufficiency; said issue perjures the *supplemental authority* of the stare decisis, a intentional misstatement of the extrajudicial source question. **Addenda, 004.**

Additional Facts

15. The Motion appended to Affidavit for recusal addressed the following; **(Addenda 023)**

    a. *Rooker-Feldman* Doctrine and Original Question Jurisdiction; **(Addenda 026)**

    b. Misstatements of *Transactional Claim Preclusion;* **(Addenda 026, 033, 036, )**

    c. Insufficiency of Process; **(Addenda 031, 035)**

    d. Implications of Plausible *Fraud on the Court* rel. to Senior Judge David Nuffer and Circuit Judge Kelly.

16. The *Fraud on the Court* allegation was not addressed under the Relevant, prior, or subsequent Circuit Court opinions. **See Fact 5 Above.**

17. The Dee Benson Opinion does not State a Case, but *frames* a policy for *transactional claim* preclusion. **Addenda, 090.**

MERITS

The Actual Problem of Bias and Extrajudicial Source Construction

*Extrajudicial source* may evaluate *judicial expression* for purposes and questions of bias under Section 144, including document not original to the instant case. **See Fact 11 Above.**

The collateral rule inherent to recusal, here restated, has authority to govern errant res judicata doctrine, "Article III of the Constitution limits the jurisdiction of the federal courts to particular cases or controversies. The case or controversy requirement helps preserve appropriate separation of power between the courts and the other branches, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-60, 1120 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and provides courts with 'that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions.' *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.675 (1983).

These are subjects within the court's record.

Senior Judge Kimball did not apparently do *read and review* of the court's record of the same holding.

Senior Judge Kimball did not evaluate whether Deceased Senior Judge Dee Benson committed *fraud on the court* in 2020.

Senior Judge Kimball did not review whether his own declaration at *bad faith* on the 2020 Appeal was not the jurist's own expression in *bad faith,* and cannot have applied those standards authoritatively.

The Circuit Court's opinions fail to resolve the *fraud on the court* question, the Circuit Judges entirely invaded the Plaintiff's civil rights.

The Jurist therefore improperly assumes collateral resolution of the case, and operates autonomously to prevent some other jurist from discovering the malpractice.

The Affidavit on recusal was not treated promptly, but was delayed 44 days; a improper *disfavor* of the Motion, and violation by the Judge of **Fed. R. Civ. P. 1;** it is *plausible* based in a preponderance of the facts and evidence the jurist *deliberated* to commit perjury against the tangible and substantively defined Affidavit.

The affidavit held said Motion appended, and the Judge was obligated to recuse once it was plain his affirmative decision on Case. No. 2:20-cv-205-DB/DAK, *Velasquez v. Utah, et al.* was in conflict with Justice.

In misstating the extrajudicial source to be an off-limits merits decision, only reviewable by a Superior Court, the jurist Obstructs the Jurisdiction of United States of Courts, and the pleading is construed by a prejudiced party: that sharpened presentation is required to recognize the issue.

We have clearly and successfully pleaded a *cause* for *criminal bias,* not often stated, under 28 U.S. § 144, the Judge has excluded the addenda in his own cause and we are protected under this Constitution to not ever be governed by a *perjury.* The *Liteky* conditional test asks whether we have brought to bear (1) knowledge outside such proceedings, and (2) whether the judge displayed "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 556 (1994). **See Fact 11 Above.**

12

Restated, Hon. Mr. Kimball attempts to blunt the court knowing even misstatement while denying providential objections.

### The Mandamus Writ is Meritorious to Justice and Public Law

The Circuit Court's Opinion shows no Review of that Motion with Objections, the allegation of *Fraud on the Court* is withstanding, and the Plaintiffs action to file the Motion was in good faith. **Addenda, 105, 115, 120.**

Hon. Dale Kimball has implicated the possibility the Plaintiff is *not in good faith* and attempts to have quashed the Motion on a basis both conspicuous and pernicious, his own words, "While making an initial determination of the facial sufficiency of the affidavit, the judge must not determine the truth or falsity of the facts stated therein." **See Facts 11, 14 Above.**

Hon. Mr. Kimball distorted the court's relief, the cases he cited did not affirm his Honor's statement, "The trial judge was not called on or entitled to consider the truth of the facts alleged and could only determine the legal sufficiency of the affidavit; if it was sufficient, the statute required that he proceed no further. Cf. *Berger v. United States,* 255 U.S. 22, 34-36, 41 S.Ct. 230, 65 L.Ed. 481. We must agree with the trial court that the affidavit was insufficient. It lacked facts having the tendency to show personal bias and prejudice and contained only insufficient conclusions." *Knoll v. Socony Mobil Oil Co.,* 369 F.2d 425, 430 (10th Cir.).

On a Motion demanding to SHOW CAUSE, the plaintiff pleaded a comparable *merit,* "It is true that a number of Courts of Appeals have relied upon the word *personal* in restricting § 144

to extrajudicial sources, See *e.g. Craven v. United States,* 22 F.2d 605, 607-608 (CA1 1927); *Ferrari v. United States,* 169 F.2d 353, 355 (CA9 1948)… It seems to us, however, that mistakes the basis for the *extrajudicial source* doctrine [because] First and foremost, that explanation is simply not the semantic success it pretends to be." *Id.,* 549. "Not all unfavorable disposition towards an individual (or his case) is properly described by those terms." *Id.,* 550. "If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions. *In re J.P Linahan, Inc.,* 138 F.2d 650, 654. (CA2 1943);" *Liteky,* 551. *Cf. United States v. Brocato,* 4 F.4th 296 (CA5 2021), "The district court first determined that the Brocatos' reliance on § 144 was unavailing because the affidavits…failed to show bias." **Addenda, 061.**

Herein, the precise *absence* of fact has not been clarified, while *Berger* confers a more plain standard of review than misstatement of *extrajudicial source; Brocato* is plain over *Liteky,* and implicates a substantive standard.

Because Section 144 demands the jurist "proceed no further," once it is obvious there is something to review the jurist *may not handle the Affidavit.*

If the jurist would even recognize it, According to the Motion, he was also obligated to *confess* and *recant;* instead he shows contumaciousness. **Addenda, 014.**

Short of that evaluation, he bears an increasing appearance of *bias,* and failure in the relative *appearance* of his *impartiality.* The Plaintiff pleaded the Hon. Mr. Kimball could *recuse,* and was *disqualified* because he was *biased against the law* when it came to the Plaintiff.

14

"A writ of mandamus does not issue in virtue of any prerogative power, and, in modern practice, is nothing more than an ordinary action at law in cases where it is the appropriate remedy," *Kentucky v. Dennison,* 65 U.S. 66 (1861).

Denial of the same writ under a vague judicial prerogative is improvident, and consistent with perjury.

Indeed, when properly read, the Complaint against *Amazon.com Services LLC* shows the *criminal influence* of the unreviewed *fraud on the court* circumstance as narrow element of the Complaint where direct *retaliation* may have been adjudicated to be consistent with an alleged two-years long *management-led workplace stalking exercise.* **See Fact 2 Above, with references; See Next Section on Contributory Liability for Section 144.**

The *supplemental authority* of the judicial opinion depends in part on the knowing conclusivity of the judgment on the behalf of the losing party, when a genuine disagreement arises it is only logical and provident the Jurist will resolve that disagreement on facts; here they have damaged the Plaintiff and Victim by improper cassations.

It should be very plain to the unbiased and competent Judicial party how the judiciary refused to confer standing repeatedly, and presently threaten *Velasquez v. Amazon.com Services LLC* with the same compounding perjury.

Section 144 and Contributory Liability

The Complaint, and Trial Exhibit No. 17, discuss how *fraud on the court* was an ongoing personal problem for the Plaintiff that increased his vulnerability to harassment at any point the Judiciary dispositioned his person out of contempt, and failed to treat the case. **See Facts 1-4 Above.**

The issue rel. to Hon. Dale Kimball, the *fraud on the court* from Judges Nielson and Magistrate Bennet, the same issue to qualify repair of the Plaintiff's civil case after the death of Senior Judge Dee Benson, how *affirmed* no *good faith* on appeal, was maintained within that case discussion.

Short of conducting the *Brocato* revision of *Liteky* in context, and even confessing error, or malpractice in fact, the Judge postures *bias,* and increases his command over the court's power to express *prejudice;* this is an *intimidation* behavior consistent with a term as *political stalking,* and incidental to the same events in the Complaint.

*Evasion,* the jurist misstated the doctrinal approach against the Plaintiff Section 144 bias query for a Section 455 condition that effectively an easier standard of precedence for the Jurist to *refuse.* **See Fact 11 Above, Addenda.**

Failing to recuse, Hon. Dale Kimball has aggravated the disposition complained against, and brought that whole force of contempt to bear without limit; we would suggest it is the most extreme vexatiousness which the Senior Judge presently attempts to navigate before this competent Pro Se party.

Code of Conduct for United States Judges does Merit

to the Alleged Victim of Fraud on the Court

Pursuant to such a maxim, the Judge has misstated the extrajudicial source doctrine against a question of a prior *fraud on the court* allegation, the collateral of case resolution does not favor the judiciary in this instance, they falsely testified the Plaintiff's case and now Senior Judge Dale Kimball has falsely testified the authority of Section 144, perjured the record and violated the statute, to evade detection of his own *fraud* and *malpractice.*

Moreover, he seems to have inured himself against the defamation he commits against the pragmatic Pro Se party who happens to know Philosophy of the Constitution of the United States of America.

The Canon of Judicial Conduct 3 is affirmative, "A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently," the Canon defines *adjudicative responsibilities,* these are matters within the compass of *judicial expression,* (A)(1) "A Judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism."

Here, the Judiciary have committed a *major malpractice* against an individual, as against the people and appear aligned with the contemptuous Republican Party, may be afraid of either political criticism, and elements of self-prosecution.

(A)(2) "A judge should…maintain order and decorum in all judicial proceedings." Here, the value of *express order* has become diluted in fake procedural interpretation of the law, and dispositions the collateral resolution of the circumstance in terms of the *extrajudicial source* question.

(A)(3) "A judge shuold be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity." Here, the concept of *fraud on the court, fraud at determination, fraud at certification,* and following vexatious behavior on Section 144 *Recusal,* whether the malpracticant may review it himself, entirely fails canon.

(A)(4) "A judge should accord to every person who has a legal interest in  a proceeding, and that person's lawyer, the full right to be heard according to law." These same circumstances govern the appearance of *bias or prejudice;* whereall some member of the court must evaluate the *fraud on the court* motion who is subjected to the allegation, will not proceed under color of *bias.*

No kings, No Dragons; the United States are dedicated to the people, and are not dedicated to its branch agency above the law.

Good Faith and Proper Notice

*Good Faith* is generally defined by two organic arguments; (1) plainness of the action; (2) substantive fidelity; as may compare the *spirit of the law* under the *Brocato* revision to *Liteky.*

If a question of *Good Faith* is to be held as prohibiting the credibility of the Affidavit, the plaintiff has entered a Public Notice and Proof of Publication, certified for publication, and that testament may be taken as a *good faith* showing for the merit of the plaintiff's convictions.

Substantively, the Jurists treatment does not address the same cause and question but falters on whether the plaintiff provided him a Certificate from a separate Counselor, or an agency of

General Counsel, "To demonstrate that a judge should recuse under Section 144, 'an affidavit of bias and prejudice must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel,' Cit. *Hinman v. Rogers,* 831 F.2d 937, 938 (10th Cir. 1987). Importantly, 'the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification,' Cit. *Robinson v. Cartinhour,* 691 F. Supp. 2d 65, 77 (D.D.C. 2010).

We say, relating a published NOTICE to Cease and Desist from hesitation and contumacy at recusal, to discontinue any malpractice, and even confess malpractice, *fraud on the court,* the jurist did not take any time to respond to the NOTICE but has brazenly posted the NOTICE to the court's docket; the latter clause of Section 144 cannot be reasonably applied.

For the Pro Se party, *good faith* must be taken as assumptive; a separate sheet certifying the issue from the individual party predicates conditions consistent with *censure* of the party should the motion and affidavit be discovered to be non-substantive, or otherwise in bad faith.

Because the Pro Se party *is the same party,* that notion of *good faith* is, and must be recognized to be, assumptive. Whereas a judicial allegation of *bad faith* application is non assumpsit, we contend is not the constitutional nor congressional intent of Section 144 demand for a specialized affidavit.

Moreover, the court begins to abuse a procedural standard within the scope of Sections 144 and 455: the Pro Se plaintiff leans heavily on Fed. Rs. Civ. P. 1, and 8(e); The Rules…to secure just, speedy, and inexpensive determination of every action and proceeding; Pleadings are to be

construed to do Justice," whereas an unresolved *Fraud on the Court* allegation and an unresolved *Fraud at Determination* allegation already violate those procedurals.

Whereas Section 144 would implicate how an independent party might intercede against his own counsel with a frivolous Motion; we have no such disorder in Pro Se agency that would not be facially disqualifying, and there is no demonstration of the plaintiff's *vexatiousness* or *indigency* by which we may check ourselves; it appears to be *judicial harassment* at a very high level of animus.

U.S. Courts, when faced with a competent Pro Se plaintiff must be on its best behavior; the judge testified vexatiously and must face an impartial recusal evaluation related to that motion.


## Collateral Fraud on the Court

At the precipice of *Fraud at Determination,* the Circuit Court's opinions cannot be found on *extrajudicial source* review to have stated either the Plaintiff's case, his cause for appeal, or the reasons denying any of those Appeals for proper collateral expressions, to compel a reasonable party to accept the court's holdings. **See Facts 15 through 17 Above.**

The Circuit Court, and the District Court by reference, are apparently *biased against the law* when it comes to the Plaintiff, Carlos Velasquez.

With respect to the Primary Issue, the Plaintiff's 2020 Motion remains *withstanding,* therefore it is meritorious to remand with Order to Recuse directed to Hon. Dale Kimball under 28 U.S. § 144, those claims unresolved and the Plaintiff has advertised a new Complaint.

It is more meritorious the Circuit Court may consider to have evaluated its record on the totality of these subjects, and even to review them expeditiously and openly En Banc.

It is more meritorious even the Circuit Court will Set Aside its own opinions on those several cases.

QUESTIONS

1.  Why hesitate more than 40 days if the law is plain, and it would merit his recusal?

2.  Could his hesitation have been used to provoke the Defendants in this case to object against the Plaintiffs bringing the subject up?

3.  Is the jurist attempting to have conspired against the Plaintiff's ordinary *advantage* in a United States Court? Are we seeing a conspiracy to *invade privilege?*

4.  How has the jurist remained impartial? Will his "extrajudicial source" construct not insulate his peers against direct malpractice allegations? Would he not abandon the people?

COLLATERAL APPEAL PROCEDURES

The CIRCUIT COURT has within its discretion the QUESTION of whether to evaluate *Fraud at Determination* or more exclusively the *instant* and/or *collateral* condition of whether the UNRESOLVED Motion mandates Recusal of the Jurist

The CIRCUIT COURT should consider to adopt all of the following procedures:

Primary Issue

    A.  The Circuit Court may Order a Reply from Hon. Dale Kimball;

    B.  The Circuit Court may hold a Hearing at earliest convenience for a matter of major public importance;

    C.  The Circuit Court may take an Expeditious Approach to uphold Fed. R. Civ. P. 1;

        i.  Mandamus, For cause of Public Notice/Good Faith overrules the Respondent's already-stated position the Motion lacked a Declaration in *Good Faith* from Separate Counsel, remand for another jurist to review the Substantivity of the Motion;

        ii.  Mandamus, For Cause of Misstatement of the *Extrajudicial Expression* doctrine in a manner that compares *perjury,* evasions from Section 455, *Fraud on the Court* is not insulated from Due Process, the jurist must recuse for the appearance of *bias* on critical question of *good faith;* is *disqualified* for a reasonable question of his

impartiality where a *fraud on the court* motion was withstanding and he did evade the related Section 144 question.


Secondary Issue

D. Mandamus, For Cause of *Fraud at Determination,* the CIRCUIT COURT's prior MALPRACTICE may SET ASIDE its earlier MANDATE;

    i.    may permit the District Court to conduct *Read and Review* for Recusal in said light;

    ii.    may command the recusal of the Jurist on remand to the District Court as based in an original finding.


E. To compare its authoritative decisions against the effectual cause of Recusal, the Motion that defined there was a *Fraud on the Court* was required to have been resolved in order to maintain the Constitutional Resolution of the Circuit Court;

    i.    The Circuit Court may review *all* of its holdings as removed from the present case;


    ii.    The Circuit Court may direct and order briefings from its own Membership, any Reply from the Plaintiff;


    iii.    The Circuit Court may elect to review only the Motion for Recusal and its Addenda, the Motion defined *Fraud on the Court,* accompanied by its holdings under Fed. R. App. 4 and decide to REMAND with an order for the District Court to Set Aside its holdings;

1. The Circuit Court may include instructions to the District Court on a positive finding of *Fraud on the Court,* incl Procedures for Contempt Review*;*

2. The Circuit Court may conduct its own Contempt Review if a *Fraud at Determination* stands at or above a *preponderance.*

F.  The CIRCUIT COURT may not preclude or pre-empt Review of its own Records, the Plaintiff's complaints against a *Fraud on the Court* are *nul tiel record,* and it will invade the privilege of the Plaintiff to pre-empt efficient review, violating U.S. Const. Amend. I, that Right to Petition;

G.  The CIRCUIT COURT may order further Briefing on any outstanding questions, may request responses from any Direct party including;

   i.   State of Utah;

   ii.  The District Court Judge served this Notice and Petition;

   iii. United States Courts, incl. the Supreme Court who did not pre-empt the finding;

   iv.  Defense Counsel for Amazon.com Services LLC if they may find it relevant.

H. Provision for En Banc Review

The Court's membership may elect to decide this question En Banc, the Plaintiff will not file a Rule 35 Petition unless requested to; this treatment is intended to be expeditious and highly justiciable.

These matters concern the real form of Constitutional *Judgment* and *Determination* in United States Courts, these are questions of exceptional importance; the perceived disagreement in the District Court's holding *Liteky* has a precedence for improvement of standardization of these questions resp. the rulings under the Fifth Circuit reg. *Bracato,* how the *Judicial Expression* under review is not an objective "source" for objection against a *recusal* question.

Briefing in this construction would repair the *Collateral Order* doctrine to positively favor *the people,* while its major emphasis has not been plainly evaluated.

The Burden on the jurist who would refuse it under Section 144 and 455 is to resolve the prejudicial motion promptly, and point for point; quashing such a motion denied the natural authority of Section 144, and violates Section 455, it was perjury against the text of the Public Law.

Most critically, the limited arena of three-judge panels is vulnerable to *criminal malpractice* in United States Courts because the judiciary have a greater opportunity to bully one another in conference, and to resolve matters on a parliamentary basis, as without *constitutional review.*

Review of *Fraud at Determination* and *Fraud on the Court* may require utmost visibility.

The Court is under Oath to admit the Pleadings of the Plaintiff to do Justice, and cannot disfavor unresolved civil actions under res judicata because they naturally disavow the *intelligence* of *the people* and pervert the jurisdiction of the court, and abuse the pragmatic efficiency of the Clerk.

CONCLUSION

When it comes to the Plaintiff, Carlos Velasquez, U.S. Judiciary in the District of Utah and the Tenth Circuity have preoccupied the formal Circumstances of the Case, and dispositioned the Elemental from Material Court, the Jurisdiction from the Facts, the Constitution from the Person, and have shown overwhelming misuse of a battery of case precedents to improperly and prematurely confer upon Judges themselves a right to dissolve civil cases as upon design, malice, and whim.

The Pro Se plaintiff is withstanding in all related instances, is unduly victimized, his case at Family Law, for more than half of a decade.

It is time for Republican abuse to stop, they cannot live on popular contempt alone, they must admit their impeachments and resignations should not be improper for findings as consistent with our pleadings and declarations.

The Republican led Judiciary under the Tenth Circuit has done extreme personal and financial damage to the plaintiff; the court was presented three times with the opportunity to pre-empt this problem of *obstruction* by *criminal disfavor, perjury* to violate norms and laws of Judicial Review, refused to uphold the Constitution of the United States of America, and misused the written instrument repeatedly to do strictly prohibited harm to the Plaintiff, legal cases, and the United States.

The Judge was obligated to recuse, and the Circuit Court is obligated to prevent *judicial malpractive* and even *ministerial fraud* in the Judgments of a District Court, and the Determinations of its own multi-judge panels.

SIGNGATURE

s/Carlos Velasquez

## Carlos Velasquez

Digitally signed by
Carlos Velasquez
Date: 2025.11.06
14:01:01 -07'00'

Pro Se Plaintiff

Civil Bureaucratic Federalist

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Ethan D. Thomas (edthomas@littler.com, jsharpe@littler.com,
mrodriguez@littler.com), Brian D. Tuttle (btuttle@littler.com, mrodriguez@littler.com),
Carlos Velasquez (cfv1983@gmail.com, huiman57@hotmail.com), Judge Dale A. Kimball
(utdecf_kimball@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:6331013@utd.uscourts.gov
Subject:Activity in Case 2:25-cv-00674-DAK Velasquez v. Amazon.com Services Order on
Motion to Dismiss
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524−6100.**

### US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 11/10/2025 at 3:55 PM MST and filed on 11/10/2025

| | |
|---|---|
| **Case Name:** | Velasquez v. Amazon.com Services |
| **Case Number:** | 2:25−cv−00674−DAK |
| **Filer:** | |
| **Document Number:** | 33(No document attached) |
| **Docket Text:** | |

 **DOCKET TEXT ORDER taking under advisement [15] Motion to Dismiss. The court intends to issue a decision on the Motion to Dismiss on or before November 14, 2025. Signed by Judge Dale A. Kimball on 11/10/2025. No attached document. (awm)**

**2:25−cv−00674−DAK Notice has been electronically mailed to:**

Ethan D. Thomas      edthomas@littler.com, jsharpe@littler.com, mrodriguez@littler.com

Brian D. Tuttle     btuttle@littler.com, mrodriguez@littler.com

Carlos Velasquez     cfv1983@gmail.com, huiman57@hotmail.com

**2:25−cv−00674−DAK Notice has been delivered by other means to:**

Carlos Velasquez, Pro Se

PO BOX 581365

Salt Lake City, UT 84158

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| *Velasquez* | |
| *v.* | Reply to a Sureply (Dckt. No. 28) |
| *Amazon.com Services LLC* | Case No. 2:25-cv-674 (CA10 25-4145) |
| | |

### OBJECTION AGAINST THE PRECEDENCE OF THE COURT

1.  It is ordinary for a Notice of Appeal to stay proceedings in the District Court on matters plainly related to an Interlocutory Appeal. Recusal questions are *arbitrable* questions where the Justiciability of proceeding is in question. See *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

2.  The Jurist has entirely abandoned himself to the criminal harms prior comitted in this court, and has demanded the machinery of the Court will issue a Decision on Whether or not to Dismiss the case; the Defendant Counsel has attempted to move the court into a judgment

1

phase prematurely, having twice disavowed *cause of action* without specifying any part of a *cause of action* requirement.

3.  We have no basis for *confidence* in the court's ability to maintain trial, and have presented a motion to the Circuit Court to Stay Proceedings.

4.  We are presently harassed and terrorized; the Republican Party has lost its ability to remain impartial.

<u>Cause of Action from Liability</u>

5.  The Defendant Counsel may have disavowed knowing "Cause of Action" from "Liability," and has pleaded vexatiously in attempt to demure to the action and intent of the jurist.

6.  A party who denies "Liability" may not necessarily deny a "Cause of Action," and so may require corrective force in aid of the plaintiff's demand for a serious punitive fine; that fine is defined after compound observation of *intentional negligences* amounting to high level *retaliations,* actions per se to *coerce resignation* in the express Amazon.com Services LLC "At-Will" employment contract.

7.  Restated, the awkwardness of the Defendant Counsel's original reply, where it lacks *Sufficiency of Due Process,* may compare "Failure of consideration" under <u>Fed. R. Civ. P. 8(c)</u>; they have not fully considered the complaint, nor extended any Defendant's offer to settle, nor have they provided so much evidence to reject the Plaintiff's

2

right to present the claim; indeed, they would assert the plaintiff found and showed *no injury* in simulacrum with a complaint showing documentary evidence of misconduct.

8.  Defendants have presented no *substantive denial.* But are upon *absolute* or *conferential denial,* that would allow them excessive power over the interpretable contract rights of *workers,* up to and including an *absolute criminal privilege* where the exact nature of the misconduct alleged does affect an interpretive cover-up based in individual officers' propriety over documentation, reporting, and unrecorded verbal interactions.

<u>Cause of Action Defined</u>

9.  We have interpreted the Constitution of the United States of America to have the power to observe violations of civil integrity, exceptions from *the people,* promissory harm and injury in fact, and to have placed power in Federal and State officers to uphold that interpretive maxim to the best of their ability.

10. Under this approach, the *coerced resignation* or *wrongful constructive discharge* term recognizes two major elements (1) any kind of crime or direct violation of the civil integrity of the victim/complainant committed within the workplace; and (2) manifest *breach of contract.*

11. The historical value of observed *retaliations* within the workplace *by individuals* beneath standing of the Respondent Superior observes the same natural contours of *criminal*

*discrimination,* the criminal action used to pre-empt some party's ordinary or natural advantage, justice, tranquility, and general welfare.

12. The civil case is the story of the observation of the allegation, and reality of wrongful exceptionalism; casualty and bias. These observations are their stories in terms of forensic case study.

13. In the complaint we have restated this law observing and even punishing *discrimination,* "pre-emptive retaliation," and observed how it may be used to *confer* power and authority in a manner (a) inconsistent with civil integrity; (b) to direct power and influence within an organization; (c) as inconsistent with civil integrity, to generate a basis to observe organizational malpractice in denial of the virtue of *work* and the *worker, user,* or even *customer, person* or *the people.*

14. We will omit several illustrative examples from this reply.

15. The Right of Free Speech is not a parliamentary right; indeed, illiberal parliamentary resolution would deny a *limited government* its interpretive basis, and would erect within itself diverse social-political conference with unquestionable authority and even pervasive false testimony against *the people;* thus restated could be a *conferential government* who does not limit its conduct to the Supreme Law as defined from the Preamble of the Constitution of the United States of America.

16. Objections to *Constitutional* constructions of "tort" may occupy "textualist originalist" or even "absolutist" parameters and declaim the even observation as an infringement against the autonomy of the party named to be a Defendant; this is precisely the pleading presented by the Defendant Counsel, there being "No Cause Action" would improperly assume for the Court (a) no legal right; (b) no corresponding duty of the defendant party; (c) no basis to define a breach of duty, confidence, or contract; and (d) no resulting damage or harm to the plaintiff (Restated from Thomson Reuters Legal Solutions "Cause of action: Overview and how to specify elements" webpage).

17. Under Article III review, The entire notional "contract" is taken to a degree of abstraction to prove its rational and reasonable limits; we think Defendant Counsel is rather obligated to have implicated a failure of the Pro Se plaintiff's rationality without any kind of absolute or original limit to have proceeded without careful *burden shifting*.

18. The harm to the party at Law, the party under Contract, was plain, after nearly five years the plaintiff could no longer take confidence in the workplace due to the subtlety of the *hostile work environment.*

19. This was evident at any point the plaintiff's critical disagreements with managers were not clarified; much of the applied terms in the five exhibited manager disciplinary issues show extremely critical language, the missing Exhibit No. 5 shows disagreement with conditions

with insubordination levied against the plaintiff, and without a follow-up. The management team's constructive relationship with the plaintiff was plausibly severed early, and on the terms demonstrated in that incident, and the follow-up Ethics Point complaints.

20. Again, discovery is required to learn whether (a) Human Resources conducted a sufficient investigation; (b) Amazon Human Resources maintains policy and procedures sufficiently sophisticated to maintain the "At-Will" contract as provided.

 Defendant Counsel Shows Profound Semantic Conflict with Notional "Liability"

21. While there is some history of U.S. Courts denying a *cause of action* without a very explicit statute (Non-interpretable declensions of Writ of Mandamus, for instance), the Tort Law and historical Common Law have not ever been called into question as unsound, or outside the ordinary rights of Pro Se pleaders.

22. In context, denying a *Cause of Action* amounts to overstating *Limitations of Liability;* the Defendant is correct to admit the Amazon.com Services LLC "At-Will" work contract does not explicitly promise (a) promotion; (b) punitive fines after constructive discharge.

23. Formal Performance Tracking, however, implicates the opportunity for Promotion; despite the relatively high turnover rate of a very large company, it does not "Performance Track"

to recommend on "At-Will" terms the Resignation, Termination, Harassment otherwise of any level Associate.

24. The punitive fine at such a high rate may accompany a critical injunction, depending on its record of Human Resources policies, to improve its operating potential. This would compare constitutional injunctions against a state law, such lawsuits do exist who fine United States, or any of the several States, for high-level policy failures.

25. Pleading the cause of action is not sufficient, is not the same pleading as one demanding immunity, or demanding lenity, or demanding the court declare the Defendant is not liable.

Direct Application

26. We apply a critical abstraction of the "discharge" term herein, while our active litigation proceeds on the interpretation of the "At-Will" contract defining *coerced resignation,* the reasonable party loses confidence in the civil integrity of the workplace and contract based in what amount to criminal misconducts apparent, breach of the Contract in concrete terms where a *behavioral policy* is pre-established, and failures of the Human Resources agency to actually evaluate the scale of the complaint presented; this case circumstance reaches a fairly large and substantial sum, one that may appear difficult to comprehend by an Defendant party.

27. Primarily because the fact collateral of the claim sees (1) Management abuse; (2) Contributory Manager abuse; (3) Human Resources on-site and Decentralized Regional

7

Negligence and Encouragement of abuse; (4) Centralized Human Resources Protection (so Encouragement) of abuse.

28. The burden we as civil pleaders have is to prove how Neglect "encouraged" abusers, and this treatment against the Respondeat Superior is balanced on *reasonable* responses, as consistent with the interests of Amazon; the jurist recognizing this argument may admit the case to proceed through Pre-trial Discovery phase.

29. The Defendant cannot have it both ways if the responses of its officers were not reasonable; a complaint of *mismanagement* (See Complaint, ¶169) requires the status quo to shift and favor the party aggrieved, but the company's lack of direct record keeping put everything in the plaintiff's hands and those individuals appear to have resented the plaintiff for having created a record; without even interrogatory, for example, a meeting with the acting site manager could not address (1) manager demands for the plaintiff to conduct interrogatory with subordinate Associates to learn his own flaws, site leadership failed to produce a point of constructive estoppel; (2) the site leader could not promise any kind of review of performance review dispositions without Human Resources intervention; it is likely there is not even a record of the conversation short of the Plaintiff's documentation. Tortfeasors on-site may be shown to be consistently bound to one another, and persistently threatened the civil integrity of the plaintiff, and may have betrayed Amazon.com Services LLC.

30. These are natural observations a competent Human Resources policy and agency maintain against conditions of a *hostile work environment,* as consistent with the best interests of the company.

31. The Amazon.com Services LLC network is distributed across multiple states, and behavioral issues going beyond the integrity of a single site or region, are investigated by centralized corporate officers who represent the standing contracts and policies of the company.

32. Remove of review to an off-site officer (as exhibited in the Complaint under Incident No. 8), for instance, creates an autonomous ethical review plane consistent with new mercantilism, imparting natural impartiality to circumstances of the "forensic" case, review of the policy in effect on one site applied to the circumstance of the original site permit the interior latitude of centralized agency to manifest what a proper or ideal outcome should be where all parties may agree to be satisfied.

33. The violations exemplified reach across *all formal levels* of review onsite; and most *formal levels of review* at a point to compare centralization of Amazon policy (new mercantile impartiality); the implication is that the State of Amazon Human Resources agency (a) lacks high-level oversight (self-review by the sovereign organization); (b) no policy carefully delineating between critical dignitary complaints (terminal misconducts), and minor and correctible misconducts.

9

34. The lawsuit may recognize extremely critical mens re in Persons of Interest, all knowing a failure in the ultimate capacity of the Human Resources agency could vindicate them.

35. Injury in fact, A reasonable party suffering critical anxiety could be at fault for an issue, without going into more detail, and the court reviewing the injury per se could admit it was circumstancial and not the fault of the Respondeat Superior. Repetition of the issue is not a *cause of action,* but the Defendant Counsel has not shown that; instead the Defendant Counsel has perceived a profound distrust for the Plaintiff that would vindicate the *coerced resignation.*

## CONCLUDING

36. We have shown parametrics of natural and interpretable rights of *workers;* a workplace who lacks a *behavioral conduct* policy may be governed against *Good Faith, and Fair Dealing* practices, express extensions of the Article III Jurisdiction of a United States Court, Article VI and First Amendment Protections for the right of *the people* to make and enforce contracts. (Stated in the first reply)

37. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Cf. Ashcroft*

*v. Iqbal,* 556 U.S. 662, 678 (2008) depends entirely on the clarity of the Case or Controversy requirement.

38. *Iqbal* shows us *qualified immunity* as within a statutory rule where the government's own lawful actions were alleged to have violated the Constitution of the United States of America. The conferential measure of *Iqbal* is literally to overrule *Bell Atl. v. Twombly,* 550 U.S. 544 (2007), the "flexible plausibility standard,' which obliges the pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty,* 490 F.3d 143, 155 (CA2 2007).

39. In our initial reply we have properly extended the *burden shifting* requirement, and observed how, as based in the complaint, the Defendant Amazon.com Services LLC does not have *absolute immunity* from any genuine *cause of action.*

40. The only clarification necessitated in certain discussions of the tort, the court is advised we show "wrongful" *constructive termination/coerced resignation* standard typically proceeds without a statute, and evaluates the contract oriented question in a light favorable to the moving party; the rule attempting to limit a court's ability to recognize the Plaintiff's original cause of action is addressed at a standard to compare *preponderance* and *substantivity;* this is common knowledge of Constitutional Law, and we find that a Common Law restatement is consistent with the Constitution of the United States of America, and the Federal Rules of Civil Procedure, especially while the Public Law

prohibits actions consistent with tort, and a State official may hesitate to conduct a criminal

prosecution without a civil indictment.

41. Restated, some parties may not raise this question as one seated within the compass of

*confidence,* or *good faith and fair dealing,* or will apply under Federal Statutes with

exclusivying text; arguably such statutes qualify *discrimination* at a lower level than the

standards shown herein, and cannot have disqualified the complaint.

42. We will not issue another clarification at this trial phase without a clear prompting.

SIGNATURE

s/Carlos Velasquez

# Carlos Velasquez

Digitally signed by
Carlos Velasquez
Date: 2025.11.11
22:02:01 -07'00'

Pro Se Plaintiff

Civil Bureaucratic Federalist

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**November 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CARLOS VELASQUEZ,

     Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, INC.,

     Defendant - Appellee.

No. 25-4145
(D.C. No. 2:25-CV-00674-DAK-CMR)
(D. Utah)

_____

**ORDER**

_____

This matter is before the court on its own initiative following the opening of this appeal. A review of the district court docket has revealed a potential defect in this court's appellate jurisdiction. Specifically, it appears that appellant Carlos Velasquez seeks to appeal two different district court orders and it does not appear that either of those orders is a final decision within the meaning of 28 U.S.C. § 1291. As a result, the court is considering this appeal for summary disposition. *See* 10th Cir. R. 27.3(B).

**<u>Mandamus</u>**

Before the court addresses the potential defect in its appellate jurisdiction, the court notes that Mr. Velasquez's notice of appeal is titled *Plaintiff's Notice of Appeal on a Petition for Writ of Mandamus: Judicial Recusal.* (ECF No. 29.) Because Mr. Velasquez filed a document entitled *Notice of Appeal* and because the district court transmitted this matter to the Tenth Circuit as an appeal, the Tenth Circuit has opened an

appeal, rather than a mandamus proceeding. If Mr. Velasquez wishes to pursue

mandamus relief, he must file a separate petition that fully complies with Federal Rule of

Appellate Procedure 21 and Tenth Circuit Rule 21. The court will not treat Mr.

Velasquez's *Plaintiff's Notice of Appeal on a Petition for Writ of Mandamus: Judicial*

*Recusal* (ECF No. 29) as a petition for a writ of mandamus.

### **Finality**

Generally, this court's jurisdiction is limited to review of final decisions. 28

U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves

nothing for the court to do but execute judgment." *Cunningham v. Hamilton Cnty., Ohio*,

527 U.S. 198, 204 (1999) (internal quotations omitted). Put differently, "[a] 'final

decision' within the meaning of § 1291 is normally limited to an order that resolves the

entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020).

Here, appellant sought to have the district court judge recused. The district court

twice denied that relief. (ECF Nos. 18, 27.) Mr. Velasquez subsequently appealed. (ECF

No. 29.)

The court first notes that Mr. Velasquez's case remains pending in the district

court. It does not appear that the district court has entered any final order, decision, or

judgment in this matter, since there is no order, decision, or judgment that has resolved

the entire case.

Further, this court specifically has addressed the immediate appealability of a

decision denying a motion to recuse. Such a decision is not subject to immediate

appellate review. *See, e.g., Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022); *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994).

It does not appear that the district court has entered any order that has ended this litigation on the merits. Rather, it appears that this action remains pending, and the district court case remains ongoing. Given the apparent lack of finality, it does not appear that appellate jurisdiction exists. Additionally, it appears Mr. Velasquez seeks to appeal the district court's prejudgment decision concerning recusal (as reflected in ECF Nos. 18 and 27); such a decision does not appear appealable before the district court has entered a final decision, order, or judgment.

Accordingly, on or before December 1, 2025, appellant may file a written response to this order setting forth any basis in law or fact for this court to exercise jurisdiction over this appeal. Mr. Velasquez may file only one response to this order; the court may not consider multiple responses. Any response must be limited to addressing the jurisdictional issues identified above; it must not address any other topic or issue.

If appellant chooses not to respond to this order on or before December 1, 2025, the court may dismiss this appeal without any additional notice. *See* 10th Cir. R. 42.1. Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| Plaintiff, | |
| vs. | Case No. 2:25CV00674 DAK |
| AMAZON.COM SERVICES INC., | |
| Defendant. | Judge Dale A. Kimball |

This matter is before the court on Defendant Amazon.com Services LLC's ("Amazon" or "Defendant")[1] Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). The court has carefully considered the Complaint, the memoranda filed by the parties, and the applicable case law and has determined that oral argument would not materially assist the court in deciding this motion. Now being fully advised, the court issues the following Memorandum Decision and Order granting Amazon's Motion to Dismiss.

While Plaintiff argues that Defendant's Motion is "premature," "improper and frivolous" "violates Rule 11(b)(2)," and violates "Rule 11(b)(1),[2] Plaintiff is simply wrong. He appears to misunderstand the basis and purpose of the Motion, as well as the legal standard that applies. Rule 12(b)(6) of the Federal Rules of Civil Procedure specifically provide for such a motion, which assumes that Plaintiff's factual allegations are true and tests whether a plaintiff has stated a viable cause of action.

---

[1] Defendant has pointed out that Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC—not Amazon.com Services Inc.

[2] ECF No. 26, Pl.'s Response ¶¶ 5, 6, 49, 53.

**BACKGROUND**

Plaintiff Carlos Velasquez is proceeding pro se. His Complaint is difficult to decipher, and the factual bases of his various legal claims are not clear, but the court has tried its best to liberally construe his Complaint. In a nutshell, Plaintiff appears to assert that after working at Amazon for over four years, he resigned from his position in July 2023 because he disagreed with and complained about his disciplinary warnings and performance reviews, and he takes issue with not having been selected for a technical training program.

Plaintiff appears to pursue causes of action for (1) breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment, premised on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; (5) intentional infliction of emotional distress ("IIED"); and perhaps (6) negligence.

Despite the legal jargon and the lack of coherence in the Complaint, Defendant, in its motion, has done a commendable job of parsing through the relevant factual allegations and the causes of action that Plaintiff appears to assert. Accordingly, the court has relied heavily on Defendant's statement of facts that appear to be relevant to the causes of action that Plaintiff is likely attempting to pursue.

**RELEVANT FACTS DISCERNED FROM COMPLAINT**

Plaintiff began his employment with Amazon as a temporary Part-Time Associate at a

"DUT1" in Salt Lake City, Utah.[3] He was onboarded on April 21, 2019, and promoted to Level 3

Yard Marshall and Process Assistant after June 25, 2021.[4] Plaintiff alleges that in late 2021,

several managers "engaged in a conspiracy to issue *false statement* [sic] respecting the

Plaintiff" and "refused to hear facts" regarding unidentified "inciden[t]s."[5] Amazon then

purportedly issued disciplinary coachings to Plaintiff in November or December 2021 (for gross

insubordination) and false[ly] report[ed] four separate disciplinary instances on dates 5/29,

5/31, 6/8, and 6/9."[6] Amazon then allegedly issued another coaching in June 2022 for "[f]ailure

to adhere to stand

work guidelines" on June 13, 22 and 27, 2022.[7]

Plaintiff applied for the Amazon Technical Academy ("ATA") on or around July 6, 2022.[8]

He was "made aware during the interim period," however, "that if he was not in good standing,

[he] would not be considered eligible for this training program."[9] Plaintiff was allegedly denied

admission to the ATA.[10] In September or October 2022, Plaintiff's manager Adrian Caldera

supposedly "demanded from the Plaintiff that he admit his own behavior was bad, and even

fatally unpopular, and to present that admission to subordinates as a self-improvement

---

[3] ECF No. 1, Compl. ¶ 12.

[4] *Id.*

[5] *Id.* ¶¶ 15, 16 (emphasis in original).

[6] *Id.* ¶¶ 36, 49, 51.

[7] *Id.* ¶ 53.

[8] *Id.* ¶¶ 176, 178.

[9] *Id.*

[10] *Id.* ¶ 181.

interrogatory."[11] Caldera "repeatedly sought to divest the Plaintiff of the merit of his

experience."[12] On December 10, 2022, Plaintiff claims to have filed an "'Ethics Point'"

disciplinary complaint "citing harassment, disciplinary fraud, and character assassination . . . as

part of a greater movement."[13] This complaint did not base any of the allegations on being in a

protected classification.[14] On December 18, 2022, Plaintiff claims that Amazon issued Plaintiff a

First Written warning based on "off-color statements" Plaintiff allegedly made on November 23,

2022.[15] The warning also noted Plaintiff's performance failures (coding errors) on November

28, 29, and 30, 2022.[16] Plaintiff acknowledged these errors, and Amazon issued a Final Written

warning.[17]

  In January and/or February 2023, Plaintiff claims to have filed another Ethics Point

complaint(s) after his managers "executed a hostile takeover of the Plaintiff's assigned duties,

while simultaneously discriminating against other associates."[18] Again, Plaintiff did not state

that any of the allegations were based on being in a protected classification.[19] On March 10,

2023, Plaintiff alleges that he appealed his Final Written warning.[20] In the course of his appeal,

---

[11] *Id.* ¶ 18.

[12] *Id.* ¶ 19 (emphasis in original).

[13] *Id.* ¶ 61.

[14] *Id.*

[15] *Id.* ¶ 92.

[16] *Id.* ¶ 99.

[17] *Id.* ¶¶ 101, 103.

[18] *Id.* ¶¶ 104, 138.

[19] *Id.*

[20] *Id.* ¶¶ 130-131.

Plaintiff described his "unrelated independent civil litigation ACTIVE during this time, which does require an enormous level of effort," resulting in "holding back to back 80 to 100 work weeks."[21]

Following a teleconference, Amazon purportedly "rescinded the 'Final Written Warning.'"[22] On March 15, 2023, Plaintiff's managers "initiated a process to attempt to terminate the Plaintiff" by issuing another "First Written" warning.[23] In response to this discipline, Plaintiff admitted that he had previously "use[d] some sensitive language" but had been "under some more high-level stress which may have contributed to the oversight."[24]

On May 6 and/or 10, 2023, Plaintiff claims that he "complain[ed] for the last time," this time regarding a positive recommendation given to a manager leaving Amazon who Plaintiff felt had engaged in "'Intentional Mismanagement'. . . sufficient to constitute 'Stalking' under Utah law."[25] Amazon allegedly investigated the complaint and did not find any violation of policy or standards of conduct.[26] On July 11, 2023, Plaintiff "dispatched a 'Notice of Legal Intent,'" presumably regarding his intent to file the instant lawsuit.[27] Plaintiff's security token was then

---

[21] *Id.* ¶¶ 140-142.

[22] *Id.* ¶ 146.

[23] *Id.* ¶ 148.

[24] *Id.* ¶ 150.

[25] *Id.* ¶¶ 156-157, 168.

[26] *Id.* ¶ 168.

[27] *Id.* ¶ 171.

allegedly revoked sometime thereafter.[28] Plaintiff resigned from his employment at Amazon on

July 24, 2023.[29]

## LEGAL STANDARD

Because Plaintiff appears pro se, the court has "liberally construe[d] his filings" but it

"will not act as his advocate."[30] To survive a motion to dismiss under Rule 12(b)(6), a complaint

must contain facts sufficient to make the claim "plausible on its face."[31] A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendants are liable for the misconduct alleged.[32] In reviewing a

motion to dismiss, the court assumes the truth of "all well-pleaded facts in the complaint, and

draw[s] all reasonable inferences therefrom in the light most favorable to the plaintiffs."[33]

"[C]onclusory allegations without supporting factual averments are insufficient to state a claim

on which relief can be based."[34] Courts therefore disregard legal conclusions masquerading as

factual allegations.[35]

---

[28] *Id.* ¶ 172.

[29] *Id.* ¶ 12.

[30] *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33] *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[34] *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[35] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.").

## DISCUSSION

The court will discuss Plaintiff's causes of action ((1) breach of contract; (2) harassment,

discrimination, retaliation and/or hostile work environment, which appears to be premised on

criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; (5)

intentional infliction of emotional distress ("IIED"); and (6) negligence) in turn.

## I.    Breach of Contract

"Under Utah law, '[t]he elements of a prima facie case for breach of contract are (1) a

contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other

party, and (4) damages.'"[36] To properly state a claim, the party must allege sufficient facts to

support each of the foregoing elements.[37] Plaintiff, however, has not done so.

Plaintiff claims that because Amazon employees "sign a code of conduct," they "are

bound to an 'At-Will' contract."[38] But he then goes on to quote "Amazon's At Will

Employment" policy, which expressly rejects any finding of a contract between Amazon and its

associates:

> Employment at Amazon is not for any specified length of time, *and both the*
> *associate and the company have the right to end the employment relationship*
> *at any time, with or without cause and with or without prior notice or warning.*
> Only Amazon's general counsel and chief financial officer have authority to bind
> the company to policies or agreements that conflict with this policy of at-will

---

[36] *Premier Sleep Solutions, LLC v. Sound Sleep Med., LLC*, No. 2:20-cv-00062-JNP-JCB, 2021 WL
1192579, at *3 (D. Utah March 30, 2021) (quoting *Am. W. Bank Members, L.C. v. State*, 342 P.3d
224, 230-31 (Utah 2014)).

[37] *Id.*

[38] ECF No. 1, Compl. ¶ 192.

employment. Any such exception must be in a written agreement signed by Amazon's general counsel or chief financial officer.[39]

Regardless of whether Plaintiff believes that Amazon failed to follow its own internal policies,[40]

he has not alleged any facts that would show a binding contract existed between the parties,

much less that Plaintiff performed his obligations and Amazon breached the contract instead.[41]

Thus, Plaintiff has not sufficiently alleged that there was an actual contract between Plaintiff

and Amazon, no breach could have occurred, and this claim must be dismissed.[42]

## II.  Hostile Work Environment, Discrimination, or Retaliation

Plaintiff repeatedly alleges that his supervisors harassed, discriminated, and retaliated

against him. Plaintiff, however, does not state any such claim as a matter of law because he

premises his claim(s) on "criminal stalking" allegations, not on any protected status.[43] Criminal

statutes do not provide for a private cause of action and also cannot be used to state a claim for

---

[39] *Id.* ¶ 193 (emphasis added) (quoting Exhibit 30 thereto at 8 ("At Will Employment")); *Abbott v. BNSF Ry. Co.*, 383 F. App'x 703, 709 (10th Cir. 2010) (determining that "at will" language in the Code of Conduct indicates the employer's intent to not bind itself to a contract).

[40] ECF No. 1, Compl. ¶¶ 209-210.

[41] *See Gardner v. Deseret Mut. Benefit Admins.*, No. 2:14-CV-00602, 2016 WL 2588165, at *6 (D. Utah May 4, 2016) (no contract where employee manual clearly disclaimed contractual liability) (citing *Tomlinson v. NCR Corp.*, 345 P.3d 523, 529 (Utah 2014))).

[42] *Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020) (dismissing the breach of contract claim because no contract existed between the plaintiff and defendant – the defendant's policies and procedures were just guidelines and lacked the necessary promissory language to create contractual obligations)

[43] ECF No. 1, Compl. ¶ 223. Plaintiff confirms in his Response to the Motion that stalking is the cause of the "coerced resignation consistent with breach of contract." ECF No. 26, Resp. to Motion at ¶¶ 15, 23, 34, 39, 41, 45, 48.

hostile work environment, discrimination or retaliation.[44] If Plaintiff intended to plead a claim

for hostile work environment, discrimination, or retaliation, then he would need to allege

membership in a protected classification under Title VII of the Civil Rights Act of 1964 ("Title

VII"), [45] the Americans with Disabilities Act ("ADA"),[46] or the Age Discrimination in Employment

Act ("ADEA").[47] But Plaintiff has made no such allegations: he does not identify his race or age,

any disability, or any other protected classification, nor does he make any complaint about

discrimination or harassment. Plaintiff has therefore failed to support a claim for hostile work

environment, discrimination, or retaliation.

To the extent Plaintiff attempts to plead a separate claim for constructive discharge, it

cannot stand as a freestanding cause of action. Constructive discharge constitutes an adverse

employment action—an element of an employment discrimination or retaliation claim, not an

independent claim in and of itself.[48]

Moreover, even if Plaintiff had made the requisite allegations for hostile work

environment, discrimination, or retaliation, he has failed to allege that he exhausted the

---

[44] *See Semper v. Bessent*, 2025 WL 2046427, at *3 (10th Cir. July 22, 2005) ("criminal statutes do not provide a private cause of action" (citing *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002)).)

[45] 42 U.S.C. § 2000e et seq.; s*ee* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," including sexual harassment based on gender (emphasis added)).

[46] 42 U.S.C. § 12101 et seq. (prohibiting discrimination on the basis of disability).

[47] 29 U.S.C. § 621 et seq. ("ADEA").

[48] *See, e.g.*, *Rivero v. Bd. of Regents of Univ. of New Mexico*, 950 F.3d 754, 761 (10th Cir. 2020) (constructive discharge is an "adverse employment action" sufficient to support an employment discrimination claim under ADA).

administrative remedies that are a prerequisite for bringing any protected status claim.  Claims

for discrimination, harassment, and retaliation under Title VII, the ADA, and the ADEA require

that a plaintiff exhaust administrative remedies before filing suit.[49] Accordingly, his claim(s) for

hostile work environment, discrimination, or retaliation must be dismissed.

### III.  Tortious Interference

To state a claim for tortious interference with a contract, Plaintiff must show (1) that the

defendant intentionally interfered with the plaintiff's existing or potential economic relations;

(2) for an improper purpose or by improper means; and (3) causing injury to the plaintiff.[50]

Inherently, a party must have sufficiently alleged a breach of a contractual obligation.[51] There

is, however, a presumption that all employment relationships entered into for an indefinite

period of time are at-will.[52]

As an at-will employee, and as discussed above, Plaintiff did not have an employment

contract with Amazon that could be subject to a tortious interference claim.[53] In addition,

---

[49] *See, e.g.*, *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (citing 29 U.S.C. § 626(d)(1)(B)) (The law provides that no civil action may be commenced unless "the would be plaintiff first files a grievance with the appropriate administrative agency – and does so 'within 300 days after the alleged unlawful practice occurred.'").

[50] *Superior Water and Air, Inc. v. Puronics, Inc.*, No. 2:07CV838 DAK, 2008 WL 2627467, at *3 (D. Utah June 30, 2008).

[51] *1600 Barberry Lane 8 LLC v. Cottonwood Residential OP LP*, 2019 UT App 146, ¶ 21, 449 P.3d 949, 957.

[52] *Ray v. Wal-Mart Stores, Inc.*, 359 P.3d 614, 620 (Utah 2015); *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1044 (Utah 1989).

[53] *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 2005 UT App 325, ¶ 9, 122 P.3d 891, 895 (trial court properly dismissed cause of action for tortious interference with employment contract because plaintiff was an at-will employee, without an employment contract.).

Plaintiff's claim suggests that Amazon could somehow tortiously interfere with its own contract, which is not possible.[54]

Indeed, Plaintiff seems instead to base his tortious interference claim on Amazon's denial of his admission to the ATA training program, akin to a failure-to-promote claim that would arguably and more properly fall under Title VII, the ADA, or the ADEA, which Plaintiff has failed to plausibly plead or exhaust, as discussed above.[55] As such, Plaintiff has failed to properly plead a tortious interference claim.

## IV. Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation under Utah law, Plaintiff must allege (1) that a representation was made; (2) concerning a presently existing material fact; (3) which was false;  (4) which the representor either (a) knew to be false; or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation; (5) for the purpose of inducing the other party to act upon it; and (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; and (9) to that party's injury and damage.[56]

Here, Plaintiff fails to allege what false representation was made and what action he took in detrimental reliance thereupon. At most, it appears Plaintiff objects to Amazon's

---

[54] *See SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1082 (10th Cir. 2018) (tortious interference claim requires interference of third party).

[55] *See Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1216 (10th Cir. 2022) (dismissing failure to promote claim under Title VII).

[56] *Chappell v. SkyWest Airlines, Inc.*, No. 4:21-cv-00083-DN-PK, 2021 WL 5882256, at *1 (D. Utah Dec. 13, 2021) (quoting *Cardon v. Jean Brown Research*, 327 P.3d 22, 24 (Utah Ct. App. 2014).

reviews of his performance and discipline arising from Plaintiff's conduct at work. Amazon's assessment of Plaintiff's performance and conduct are inherently opinions, not facts, and Plaintiff does not describe any detrimental action that he took because he relied on those reviews or disciplinary actions. Plaintiff's claim thereby fails as the pleadings do not properly allege the essential elements for a fraudulent misrepresentation claim.

### V. Intentional Infliction of Emotional Distress

Finally, Plaintiff suggests a claim for "vicarious infliction of emotional distress."[57]  As "vicarious infliction" does not exist as a claim for damages, the court has construed this claim as one for intentional infliction of emotional distress ("IIED"). An IIED claim under Utah law requires that a plaintiff show that (1) the defendant's conduct is outrageous and intolerable; (2) the defendant intends to cause emotional distress; (3) the plaintiff suffers severe emotional distress; and 4) the defendant's conduct proximately causes plaintiff's emotional distress.[58]

As an initial matter, none of the alleged conduct by Plaintiff is sufficiently "outrageous" as a matter of law to state an IIED claim. Outrageous conduct "is conduct that evokes outrage or revulsion; it must be more than unreasonable, unkind or unfair."[59] Additionally, conduct is not outrageous simply because it constitutes an "insult," "indignity," or act that is "definitely inconsiderate and unkind."[60] Conduct is also not outrageous because it is "unreasonable,

---

[57] ECF No. 1, Compl. ¶ 10.

[58] *Odunze v. Lake Effect*, No. 2:24-cv-00341-DBB-CMR, 2025 WL 756924, at *2 n.2 (D. Utah Jan. 17, 2025).

[59] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002).

[60] *Ankers v. Rodman*, 995 F. Supp. 1329, 1336 (D. Utah 1997).

unkind, or unfair."[61] At most, Plaintiff alleges that Amazon disciplined him for problematic

behavior—at least some of which he admitted—and criticized his performance. These

allegations do not rise to the level of "outrageous" and "intolerable" for purposes of an IIED

claim.[62] Nor has Plaintiff alleged any facts that would show Amazon intended to harm him.[63]

Plaintiff therefore cannot prevail on his IIED claim.

## VI.  Negligence

To the extent Plaintiff was attempting to state a claim of negligence against Defendant,

that claim also fails. Under Utah law, "[t]he essential elements of a negligence action are: (1) a

duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the

causation, both actually and proximately, of injury; and (4) the suffering of damages by the

plaintiff."[64] The existence of a duty is a matter of law,[65] and "[i]f the district court determines

that the defendant owed no duty to the plaintiff, 'there can be no negligence as a matter of

law.' "[66] Plaintiff has not set forth any facts in his Complaint or cited any case law in his

Response Memorandum that could possibly be construed to give rise to a duty that Defendant

---

[61] *Crowe v. SRR Partners, LLC*, 632 F. Supp. 3d 1233, 1242 (D. Utah 2022).

[62] *Id.* (allegation that former employer terminated the plaintiff while she was fighting cancer was not outrageous conduct, as required to state an IIED claim, although such conduct may have been unreasonable, unkind, or unfair.)

[63] *See Odunze*, 2025 WL 756924 at *2 n.2.

[64] *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985).

[65] *Torrie v. Weber Cnty.*, 309 P.3d 216, 220 (Utah 2013)

[66] *Crossgrove v. Stan Checketts Properties, LLC*, 344 P.3d 1163 (Utah 2015) (quoting *Tallman v. City of Hurricane*, 985 P.2d 892 (Utah 1999)).

owed to Plaintiff in this situation. Accordingly, any possible claim for negligence must be dismissed.

**VII.  Dismissal with Prejudice**

Plaintiff has not sought leave to amend his complaint to allege facts that would support his purported causes of action or to allege facts that would support other causes of action. Because he has not sought to amend his complaint, the court need not address whether permitting the filing of an amended complaint would be futile, and the court dismisses the action with prejudice.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 15] is GRANTED. Plaintiff's action is dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Judgment will be entered accordingly.

DATED this 14th day of November 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **CARLOS VELASQUEZ,** | **JUDGMENT IN A CIVIL CASE** |
| **Plaintiff,** | |
| **vs.** | **Case No. 2:25CV00674 DAK** |
| **AMAZON.COM SERVICES INC.,** | **Judge Dale A. Kimball** |
| **Defendant.** | |

Pursuant to the Memorandum Decision and Order Granting Defendant's Motion to

Dismiss, dated November 14, 2025, Plaintiff Carlos Velasquez's action is dismissed with

prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED this 14th day of November 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

1

Carlos Velasquez, Pro Se Plaintiff

Civil Bureaucratic Federalist

PO BOX 581365

Salt Lake City, UT 84158

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| *Velasquez*<br><br>*v.*<br><br>*Amazon.com Services LLC* | Jurisdiction Suspended<br><br>Notice of Withstanding Objections with<br><br>Demand for Impartial Discretionary Review<br><br>(ODDR)<br><br>Dckt. Nos. 37 and 38 (Not Appended)<br><br>Case No. 2:22-cv-674 (CA10 25-4145) |

1.  Jurisdiction of the District Court is presently suspended under the Jurisdiction of the Circuit Court and does not allow a Motion to be Reviewed at this time; nor does circumstance provide such a Motion would be reviewed in good faith.

2.  The document is filed to respect the same request on appeal; <u>a jurist may recant from his opinion, and is encouraged to do so by setting the opinion complained against aside.</u>

1

<u>Objection with Demand for Discretionary Review</u>

3.  As based in the preceding case filings, we demand FULL RECONSIDERATION on *Fraud on Court* and *Mistrial* basis.

4.  The Jurisdiction of the District Court is apparently suspended since 11/10/2025, when a Docketing Sheet was filed with the Tenth Circuit Court of Appeals perfecting the Plaintiff's declaration of the Jurisdiction of an Interlocutory Appeal.

<u>Discretionary Review</u>

5.  We believe the Judge has falsely testified the whole nature of the District Court Complaint, did not grant sufficient Due Process to ORDER a Statement of Proposed Facts be Produced.

6.  We believe the Judge has falsely testified the whole nature of the District Court Complaint, did not grant sufficient Due Process to SCHEDULE a date by which DISCOVERY may be completed.

7.  We say, and may be allowed to prove it on Appeal, Hon. Dale Kimball was unduly prejudiced, and even biased against the law when the Court came to the Plaintiff's Complaint which met standard at and above *preponderance* to defeat a premature Motion to Dismiss.

8.  A Paper of Objections presented a narrow statement of facts intended to aid perpetuate Discovery, these facts have not been reviewed, they are improperly quashed as against the duly filed Reply.

9.  The plaintiff provided the rulings cited, and arguments presented therein, did not confer right upon the Court to Dismiss the Complaint.

10. Critically, the question of *breach of contract* in employment contracts where the employer maintains a real code of conduct which it uses to make At-will assessments for hire and termination was treated under *Premier Sleep Solutions, LLC v. Sound Sleep Med, LLC.* No. 2:20-cv-0062 (D. Utah, 2021) which does not limit employment contracts. *Premier Sleep* is not an employment contract case. See Case Dckt. No. 26, Pages 7-8.

11. The court then goes on to hold, "because no contract exists between Plaintiff and Amazon, no breach occurred and this claim must be dismissed." Cit. *Lee v. Univ. of New Mexino,* 449 F.Supp. 3d 1071, 1145 (D.N.M. 2020). The statement is patent *miscarriage of Justice;* a party aggrieved must be actively employed in a hostile work environment in order to sue? A preposterous conclusion defeating the entire abstract of civil tort, not evaluation of a complaint, is raw and criminal discrimination unbecoming to Judiciary. Id.

12. Some evaluative questions:

    a.  What was the Plaintiff's direct statement of *injury in fact?* Id., Objection 3 on Page 3 ¶36; Objection 4 on Page 11 ¶39.

    b.   As based in the citation above, How did the Plaintiff prove *injury in fact* at or above

        a *preponderance* to survive prejudicial case termination?

    c.   Did the Plaintiff move for Summary Judgment? And, would the Court recognize

        the Judge was overbearing? Were the plaintiff's case Reccomendations orderly and

        reasonable? Id. on Page 15-16.

    d.   Did his honor read the plaintiff's redress to a sureply? See Dckt. No. 34.

13. The Plaintiff clarified for the Court *multiple sufficient causes* applying a standard burden-

    shifting framework for identifying the exclusivity of the case and complaint, which appears

    to be the Judge's primary objection, how the Plaintiff is not actively employed with

    Amazon, and so cannot sue them post-facto for failing to uphold their disciplinary ethics.

    Id., Pages 12-15.

14. The Order to Dismiss sits upon the <u>Motion to Perpetuate Discovery</u>, pre-emptively

    suppressing it, discriminating against both the Constitutional Court and the Plaintiff.

15. Capricious, errorous, and bad faith case termination is extremely costly to the ordinary Pro

    Se party at law; expenses incurred along with the time commitment at production are high

    for independent filers who have not been granted prior relief.

16. The plaintiff's replies to the Defendant Counsel's Motion to Dismiss was intended to admonish the Court at any failure of observance the jurist is contumacious and threatening to commit perjury.

17. The Plaintiff advised the Court how to interpret the Constitution of the United States of America to guarantee the *government at law* will not take exception or fail in its duty to *the people.* See Dckt. No. 34.

18. *Fraud on the Court* accrues a new *cause of action* against the jurist, and United States, to which the District Court must be impartial, and even amenable. These demonstrations of facts and evidence were plain enough.

<u>Mistrial</u>

19. Hon. Dale Kimball has proceeded against the Jurisdiction of the Circuit Court to dismiss a matter where we alleged he was biased to commit perjury against the Plaintiff as he did in 2020.

20. The appropriate action was to allow an impartial member of the court to review the Section 144 Motion, a statutory courtesy he refused to confer upon us, and so refuses to allow Justice in the United States District Court for the District of Utah. See Dckt. No. 19; See Also Notice to Cease and Desist, Dckt. Nos. 23, 24.

21. Same causes at DISCRETIONARY REVIEW stated above.

<u>Demand for Resignation of the Judge</u>

22. This is *Fraud on the court;*  we demand the immediate resignation of Hon. Dale Kimball, he cannot prove his opinion, has already acted, and will act to prevent an impartial peer from exposing him, in repeated violation of Section 144 where he is on record *falsely testifying* the "extrajudicial source" question to evade mandatory *recusal* against the allegation. Id.

23. Hon. Dale Kimball, among other offenses, actively abuses procedures to conduct *political stalking* against the victim of a prior *fraud* he committed, he imposes risks and delays, to persist at evading inevitable detection.

24. The intent of the *political stalking* is the infliction of *pain and suffering,* emotional and financial distress, all to attrit the victim out of court

25. We believe his malpractice is designed to defeat the entire First Amendment Right to Petition; Hon. Dale Kimball may no longer bear the narrow entitlement he has misused against us, and his persistence in that court is a burden upon the Union.

26. Other causes and collateral not here stated for brevity, and self-evidence of legal malice nul tiel record.

27. We reserve the right to publish this statement wherever the people may be heard.

SIGNATURE

s/Carlos Velasquez, Pro Se Plaintiff

Carlos Velasquez

Digitally signed by
Carlos Velasquez
Date: 2025.11.17
10:26:45 -07'00'

Civil Bureaucratic Federalist

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

November 19, 2025

Christopher M. Wolpert
Clerk of Court

CARLOS VELASQUEZ,

     Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, INC.,

     Defendant - Appellee.

No. 25-4145
(D.C. No. 2:25-CV-00674-DAK-CMR)
(D. Utah)

_____

**ORDER**

_____

Before **HOLMES**, Chief Judge, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

_____

This matter is before us sua sponte to consider the court's jurisdiction over this appeal. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012) (this court has "an independent duty to examine [its] own jurisdiction").

Appellant Carlos Velasquez filed two motions seeking to have the district court judge disqualified and/or recused. [ECF Nos. 11, 19]. Those motions were denied, and Mr. Velasquez appealed. [ECF Nos. 18 (denying ECF No. 11); 27 (denying ECF No. 19); 29 (notice of appeal)].

We entered an order directing Mr. Velasquez to explain the basis for this court's jurisdiction over this appeal. We have before us his response to that order. Upon consideration of that response, the district court docket, and the applicable law, we conclude that we lack jurisdiction over this appeal for the following reasons.

Interlocutory orders denying a motion to recuse and/or disqualify are not immediately appealable. *See, e.g., Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022); *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994).

Mr. Velasquez contends that 28 U.S.C. § 1292 provides us jurisdiction in this appeal. Not so. Section 1292 provides jurisdiction over orders related to injunctions, receiverships, and admiralty matters. Neither of the appealed-from orders dealt with an injunction, a receivership, or an admiralty matter. And, as noted above, we have specifically held that interlocutory orders denying a motion to recuse and/or disqualify are not immediately appealable. We are without jurisdiction to consider this appeal.

Finally, we deny Mr. Velasquez's *Motion to Stay Proceedings Pending Interlocutory Appeal on Justiciable Recusal* as moot.

**APPEAL DISMISSED.**

Entered for the Court

Per Curiam

Ethan D. Thomas, Utah Bar No. 15751
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone:   702.862.8800
Facsimile:   702.862.8811
edthomas@littler.com

Brian Tuttle, Utah Bar No. 16974
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   800.715.1330
btuttle@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ, *Pro Se*, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES INC., <br><br> Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S "NOTICE OF WITHSTANDING OBJECTIONS WITH DEMAND FOR IMPARTIAL DISCRETIONARY REVIEW (ODDR)" (DKT. NO. 38)** <br><br> Civil No. 2:25-cv-00674-DAK <br><br> Judge Dale A. Kimball |

Defendant AMAZON.COM SERVICES LLC[1] ("Amazon" or "Defendant"), by and

through its counsel of record, Littler Mendelson, P.C., hereby responds to *pro se* Plaintiff

CARLOS VELASQUEZ's ("Plaintiff" or "Velasquez") "Notice of Withstanding Objections with

---

[1] Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC. There is no existing entity by the name of Amazon.com Services Inc.

Demand for Impartial Discretionary Review (ODDR)," in which Plaintiff appears to object to the

Court's Order, dated November 14, 2025, granting Amazon's Motion to Dismiss Plaintiff's

Complaint and dismissing Plaintiff's case with prejudice (Dkt. No. 36 ("Order")). (Dkt. No. 38

("Plaintiff's Objections").) As an initial matter, Plaintiff lacks authority to file objections to the

Order under this Court's applicable Local Rules and the Federal Rules of Civil Procedure.

Regardless, to the extent Plaintiff intends to move for reconsideration of the Order, he fails to

satisfy the relevant standards for Federal Rule of Civil Procedure 60(b), as set forth below.

## I.    INTRODUCTION AND RELEVANT BACKGROUND

Plaintiff's Complaint seems to assert that after working at Amazon for over four years, he

resigned from his position in July 2023 because he disagreed with and complained about his

disciplinary warnings, performance reviews, and not having been selected for a technical training

program. (Dkt. No. 13 ("Compl.").) On that basis, he appears to pursue causes of action for (1)

breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment,

premised on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation;

and (5) intentional infliction of emotional distress ("IIED"). (Dkt. No. 13 ("Compl.").) Amazon

filed a Motion to Dismiss for failure to state a plausible claim, pursuant to Federal Rule of Civil

Procedure 12(b)(6), on September 25, 2025. (Dkt. No. 15.) Plaintiff filed an opposition on October

21, 2025 (Dkt. No. 26) and Amazon filed its Reply on November 6, 2025 (Dkt. No. 28).

On November 14, 2025, the Court granted Amazon's Motion, dismissing Plaintiff's claims

in their entirety, with prejudice. (Dkt. No. 36.) Along with its Order, the Court issued a 14-page

Memorandum Decision setting forth its reasons for dismissal. Specifically, the Court found that

Plaintiff had (1) failed to allege the existence of a contract between the parties, as needed to state

a claim for breach of contract or tortious interference; (2) improperly relied on a criminal statute

for his hostile work environment claim, did not identify any protected class, and failed to exhaust administrative remedies; (3) failed to identify a false representation, or any action taken in detrimental reliance thereon, to support a fraudulent misrepresentation claim; and (4) did not allege "outrageous" or "intolerable" conduct giving rise to an IIED claim. (*Id.*)

On November 17, 2025, Plaintiff filed his Objections, in which he appears to object to the District Court's dismissal of his Complaint as well as the assignment of the District Court Judge to this matter. (Dkt. No. 38.) Plaintiff "believe[s] the Judge has falsely testified the whole nature of the District Court Complaint, did not grant sufficient Due Process to SCHEDULE a date by which DISCOVERY may be completed" and "was unduly prejudiced, and even biased against the Court when the Court came to the Plaintiff's Complaint which met standard at and above preponderance to defeat a premature Motion to Dismiss. (*Id.* at 2 ¶¶ 6-7.) In other words, Plaintiff claims the Court denied him due process, dismissed his claims prematurely, committed fraud, and forced a mistrial. (*Id.*)

In essence, Plaintiff seeks reconsideration of the Court's dismissal of his lawsuit. For the reasons set forth below, however, Plaintiff has not articulated a basis for reconsideration, and the Court should reject his Objections.

## II.    ARGUMENT

As an initial matter, Plaintiff may only object to a magistrate judge's order, not an order of the District Court. *See* FED. R. CIV. P. 72; L.R. 72-2. Regardless, although Plaintiff identifies no rule or legal theory entitling him to reconsideration, Plaintiff appears to seek reconsideration of a dispositive order under Federal Rule of Civil Procedure 60(b).

### A.      Legal Standard

Rule 60(b) provides the following reasons under which the Court may relieve a party from a final judgment: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

In the Tenth Circuit, "a motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *see also Zurich N. America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances"). Motions to reconsider do not authorize a party to "'revisit issues already addressed or to advance arguments that could have been raised in prior briefing.'" *Jenkins v. Haaland*, No. 21-cv-00385, 2021 WL 5565447, at *2 (D. Utah Nov. 29, 2021) (quoting *Servants of Paraclete*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Albright v. Attorney's Title Ins. Fund*, No. 2:03-cv-00517, 2008 WL 376247, at *2 (D. Utah Feb. 11, 2008) (denying motion for reconsideration where Plaintiffs "merely disagree with the order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing"); *The SCO Grp., Inc. v. Novell, Inc*., No. 2:04-cv-00139, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.")). Whether to grant a motion to reconsider is

left to the court's discretion. *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

The Court should not reconsider its dismissal Order based on Plaintiff's Objections because Plaintiff has not established any grounds justifying reconsideration.

**B.    The Court Should Reject Plaintiff's Objections Because He Articulates No Basis for Reconsideration and Seeks Only to Advance Arguments That Could Have Been Raised in Prior Briefing.**

Plaintiff does not premise his Objections on any of the articulated grounds that could possibly entitle him to relief from the final order and judgment entered in this case. There is absolutely nothing in his Motion to suggest mistake or excusable neglect, newly discovered evidence, or fraud, and it is indisputable that the judgment is not void and has not been satisfied, released, or discharged. *See* FED. R. CIV. P. 60(b)(1)-(5). Construing Plaintiff's Objections in the light most favorable to him (which the Court is not required to do on a motion for reconsideration), Plaintiff's Objections—at best—attempt to assert an argument that falls under Rule 60(b)(6): "any other reason that justifies relief."

Plaintiff's stated reasons, however, do not justify relief or reconsideration. As articulated in Amazon's Motion to Dismiss and adopted by the Court's Order granting that Motion, the Court dismissed Plaintiff's case for Plaintiff's own failures to allege facts that would state a plausible claim upon which relief may be stated, pursuant to Fed. R. Civ. P. 12(b)(6). Not one portion of Plaintiff's Objections undermines any of these valid bases for dismissal.

Plaintiff spends the bulk of his Objections complaining about the judge assigned to this matter—which was not the basis for Amazon's Motion to Dismiss and does not entitle him to reconsideration. On page 3 of his Objections, in the only instance where Plaintiff addresses any of his claims in particular, he states that the Court's finding that he failed to allege the existence of a contract "is a patent *miscarriage of Justice*; a party aggrieved must be actively employed in a

hostile work environment in order to sue?" (Dkt. No. 38 at 3 ¶ 11 (emphasis in original).) The remainder of his Objections merely continue to insist the District Court was wrong to dismiss his Complaint, but he raises no argument that could not have been raised in opposition to Amazon's Motion to Dismiss. *See Jenkins*, 2021 WL 556447 at *2 (motions for reconsideration are not appropriate venue to advance arguments that could have been raised in prior briefing) (citations omitted). Quite simply, nothing in Plaintiff's briefing presents anything close to the exceptional or rare circumstances that could entitle Plaintiff to the "extreme remedy" of reconsideration, and the Court should reject his Objections. *See Zurich*, 426 F.3d at 1289.

## III.    CONCLUSION

Plaintiff has failed to establish any justification for the Court to reconsider its dismissal of Plaintiff's claims and thus has failed to carry his burden under Fed. R. Civ. P. 60(b). The Court should reject his Objections accordingly.

Dated: December 1, 2025                    LITTLER MENDELSON, P.C.

                                           _____
                                           Ethan D. Thomas
                                           Brian D. Tuttle

                                           Attorneys for Defendant
                                           AMAZON.COM SERVICES LLC

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to

the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada

89113.4770. On December 1, 2025, I served the within document(s):

**DEFENDANT'S RESPONSE TO PLAINTIFF'S "NOTICE OF WITHSTANDING
OBJECTIONS WITH DEMAND FOR IMPARTIAL DISCRETIONARY REVIEW
(ODDR)" (DKT. NO. 38)**

☒  By CM/ECF filing – pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document
was electronically filed and served upon the parties listed below through the court's case
management and electronic case filing (cm/ecf) system:

☐  By PROCESS SERVICE – the above-referenced document was process served via process
service upon the parties listed.

☐  By EMAIL – by e-mailing a copy of the document(s) listed above to the person(s) at the
e-mail address(es) set forth below pursuant to agreement of counsel.

> Carlos Velasquez, Pro Se Plaintiff
> Civil Bureaucratic Federalist
> P.O. Box 581365
> Salt Lake City, UT 84158
> Phone: 801.71.0371

I am readily familiar with the firm's practice of collection and processing correspondence

for mailing and for shipping via overnight delivery service. Under that practice it would be

deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in

an overnight delivery service pick-up box or office on the same day with postage or fees thereon

fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

December 1, 2025, at Las Vegas, Nevada.

> /s/ Maribel Rodriguez
> Maribel Rodriguez

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

December 1, 2025

Christopher M. Wolpert
Clerk of Court

—————————————————

CARLOS VELASQUEZ,

    Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, INC.,

    Defendant - Appellee.

No. 25-4145
(D.C. No. 2:25-CV-00674-DAK-CMR)
(D. Utah)

—————————————————

**ORDER**

—————————————————

Before **HOLMES**, Chief Judge, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

—————————————————

This matter is before us on appellant Carlos Velasquez's *Federal Appellate Rule of Procedure 40 Petition for Panel Rehearing, Recusal and Fraud on the Court*. (Dkt. No. 14.) Mr. Velasquez sought to appeal the district court's interlocutory orders denying his motions to recuse and/or disqualify the district court judge. We concluded that this court lacked jurisdiction over Mr. Velasquez's interlocutory appeal and dismissed it on that basis. (Dkt. No. 13.) Nothing in Mr. Velasquez's *Petition* changes our conclusion in that regard. Consequently, we deny the *Petition*.

Entered for the Court

Per Curiam

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                              Jane K. Castro
Clerk of Court                                                                 Chief Deputy Clerk

December 01, 2025

Mr. Carlos Velasquez
P.O. Box 581365
Salt Lake City, UT 84158

RE:     **25-4145, Velasquez v. Amazon.com Services**
        Dist/Ag docket: 2:25-CV-00674-DAK-CMR

Dear Appellant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Ethan Thomas
        Brian D. Tuttle

CMW/at

Carlos Velasquez, Pro Se Plaintiff

POBOX 581365

Salt Lake City, UT 84158

E: cfv1983@gmail.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| *Velasquez* | **Senior Judge, Dale Kimbal** |
| V. | **Case No. 2:25-cv-674** |
| *Amazon.com Services LLC* | |
| | **Sureply to <u>Doc. 40</u>** |
| | Procedural concession and Declaration of |
| | Intent to File a Separate Motion Within a |
| | Reasonable Time |

1.  We must assume that we are addressing some member of the court who is not willing to harm this party.


2.  We recognize an objection the Paper of Objections with Demand for Discretionary Review ("ODDR") may not be recognizable as a Justiciable query or motion for Discretionary

Review, so we will provide a formal Motion, and pray that we are not wasting our time, or that there is not an extremist conspiracy taking precedence within the United States District Court for the District of Utah.

3.  We stand by the document because it can be reasonably inferred that Discretionary Review is required herein to maintain confidence, and we reassert the same allegation about *Fraud on the Court,* the Judicial Officer has become assumptive over the rights and integrity of the pleader in both excercising his duties as officer of United States Courts, Senior Judge, and in having rendered an imbalanced testimony of the case. Where has this victim been heard?

4.  The Victim's Testimony over this matter describes an initial incident that he hoped would not repeat. In that incident three different members of management team verbally argued with the plaintiff over the issue without actually hearing facts on the issue stated by the plaintiff.

5.  The document required to have recognized the victim's putative claim was not provided by a Human Resources agent, so Rule 8 Discovery is *required* to know several major facts related to the Victim's Impact Statement and related to how Amazon Human Resources observes its Code of Conduct, whether its records-keeping systems are sufficiently strong to prevent complex forms of what we describe is *stalking,* with *stalking* defined by elements of *fraud/defamation* and *breach of contract/tortious interference.*

2

6.  The Defendant Counsel and Senior Judge have both agreed "criminal statutes do not

    provide a cause of action." That is, however, plainly erroneous. In the context of the case

    thus far, *any injury-in-fact* does provide a *cause of action,* so that when we describe

    "stalking" the actual application of a question for *intentional* or *unintentional harm* finds

    that a question of *emotional distress* is sufficient to bear the meaning of the question of a

    *hostile work environment,* and in "at-will" terms, *wrongful constructive resignation.*


7.  We admit, the "wrongful" application was to be inferred under the construction of tort

    language, and so unscientific parties at-law may not appreciate the force of the living

    terminology, which is a matter reserved to *attorney-client conference* wherein it is not at

    all clear that Mr. Tuttle and Mr. Thomas have reasonably conferred with their client at all,

    on whether to move to dismiss, as whether Amazon's own personnel maintained their

    contractual obligations to the victim.


8.  "The prima facie case under *McDonnell Douglas,* however, is an evidentiary standard, not

    a pleading requirement." *Swierkiwicz v. Sorema NA,* 534 U.S. 506 (S. Ct, 2002). This would

    appear to be the court's exact holding, but the plaintiff has already met this burden; (a) by

    providing a plain victim's testimony of so many incidents, and of the disposition within the

    culture; (b) by having shown *intentional neglects* in review practices, the Human Resources

    agency does not go as far as the EthicsPoint complaints they were presented with, and they

3

never rescinded issues, nor explained the circumstances more carefully; in short, Amazon

at DUT7 in North Salt Lake, UT was not burdened to prove its statements after complaint.

9.  After a dozen or so incidences the only question remaining is whether the court would

admit these incidences could be discovered to be *retaliatory,* as after actions on Ethics

Complaints, or as corruptions within the Amazon Workplace Culture.

10. We do not believe a pre-trial complaint has failed to show a *preponderance* of the evidence.

The court has no basis for its present holding.

11. The plaintiff need not be a member of a protected class in order to file an employment

discrimination complaint, the plaintiff has already provided how this is NOT a class

discrimination complaint, but is categorically a *worker discrimination* complaint, this

much can be clarified.

12. The court plainly erred to assert the *breach of contract* tort could not be applied where

Amazon's corporate officers had taken exception from the corporate Code of Conduct to

inflict intentional harm against the Plaintiff by behaving so vexatiously that he was no

longer represented within the site and corporate community fostered by Amazon's formal

Code of Conduct and Leadership Principles, this is a simple restatement of the coerced

resignation circumstance described in the complaint at a *breach of confidence* in the At-

Will contract.

4

13. The Court is obviously proceeding under a *fraudulent* and *illicit* interpretive term; attacking the Pro Se and *forcing* him into an *indigence* posture, to ignore the written and verbalizable demonstrations and assert how it "will not act as his advocate," the Senior Judge himself must limit that term under the Constitution of the United States of America and recognize that a Federal Judge *is such an advocate* for all parties, and the Judge *must faithfully testify* the entire for, *as just before,* United States Courts and United States generally.

14. Where else will the victim turn?

15. The Defendant Counselor and the Senior Judge have apparently sought to aggravate and harm the victim of a putative criminal malpractice claim, by pleading vexatiously into the likelihood that such a jurist is tempted to commit perjury against the case. Their ethical and rational discipline is lacking, and they show in themselves a complete misunderstanding of the act of *interpreting* the Constitution of the United States of America.

16. This is cause for disbarment, and impeachment of counsel. We also recognize the Defendant Counsel is improperly prejudiced to prevent malpractice discovery.

17. We accuse the Defendant Counsel, Mr. Brian Tuttle, and the Senior Judge, Hon. Dale Kimball of being in *strict conference,* of having taken improper confidence versus this party, one having knowingly suborned the plausibly corrupted jurist (and likely adopted informal confirmation bias), the other taking opportunity to continue to threaten and destroy the civil rights of the competent Pro Se pleader.

5

18. They deride the *Fraud on the Court* allegation, and pretend the Dismissal procedure would do Justice; they are obviously corrupted by the inability of a Congress to faithfully impeach criminal malpractice, and in theory would obstruct Justiciable legal action of any kind that threatens the facial credibility of members of the Republican Party (who are more routinely upon misstatement of "conservativism," as we may one day be allowed to prove).

19. This presented prior, and we cannot go into detail, but the Republican Party is contumacious and in dissent from the Constitution of the United States of America per se. Their legacy has defined a conspiracy against populations, the people, and their objections to Justice, Domestic Tranquility, General Welfare, and Common Defense are unnatural and largely implicated, not plainly stated, and construe a disorganized *conferential* approaches to the government, one intent to disposition its entire high-functioning and interpretive mechanisms including *testimonial impeachment* of Issues; they literally the constitutional meaning of "Populism."

20. We have reason to fear these courts will eventually bear domesticated concentration camps and genocides, while the government proceeds en seditio; the Judiciary and Defendant Counsel are attempting to target and even label the plain and black-letter constitutional advocate as a vexatious and completely misunderstood individual.

6

21. A reasonable Counselor and Attorney does not overlook the meaning of the question of *injury in fact;* the Complaint is not unreasonable on this order, the a revised complaint can be provided *after* discovery.

22. The motion to dismiss is not Justiciable, and relies upon broken parliamentary mechanisms and malpractices within the United States Appellate Courts.

23. To become and remain authoritative, the jurist must recant.

24. To be "comendable," the Defendant Counsel must admit and confess to a vexatious pleading approach in a written paper.

25. Failing to do so is conspiracy to commit Perjury; to have done extraordinary harm, compounding wrongful coerced resignation circumstance with wrongful case termination, otherwise described to be *Fraud on the Court.*

26. Where has United States Courts plainly insulated Malpractice for Federal Officers?

27. Where has United States Courts plainly refuted the Liberal Civil Tort? Is it not plain the Constitution of the United States of America has defined "Liberalism" to be the pragmatic knowledge and application of what is *Necessary* and *Proper?* How else would the most serious framers have delineated *legal revolution* from mere *parliamentary revision?*

28. Where have these parties asked constructive questions to resolve any "confusions" they may have? The entire assessment the Plaintiff's complaint was "confusing" is not to be believed.

29. The Immortal Abraham Lincoln issued the Emancipation Proclamation based in the Take Care clause of the Constitution of the United States of America, having interpreted the institution of slavery was *conferential* in nature, and had conferred power in the several states *beyond* Justice, General Welfare, Domestic Tranquility, and Common Defense.

30. The Judge and Defendant have engaged such a *conferential* conspiracy here, and have allowed the Amazon agency to have proceeded in fact *without* contractually-binding *Administrative review;* the court could admonish the Plaintiff for not having brought the suit sooner, but the evidential standard only changes once Amazon.com Services LLC erases individual employment information, and site-specific video records, and otherwise refuses to make a record.

31. Moreover, the "conferential" term is the plain originalist language of the Constitution of the United Stats of America, and the Jurist is under Oath to reject improper conferential applications; such applications should be rare, and even amenable to all parties. See *Mahmoud v. Taylor,* 606 U.S. ___ (S. Ct, 2025) for a *properly conferential* opinion (the

"undue burden" narrative is questionable, however the effectual result is that children and parents always have a reasonable "opt out" privilege from a lesson).

32. There is a reasonable argument that failing to maintain those records *violates the law,* because it would defy a statute of limitations.

33. The workable standard herein cannot be so extreme that a *preponderance* evidence should be quashed, and that is precisely what intentional neglect of *McDonnell Douglas* accomplished; the substantive ruling here evaluates and compares *retaliation* to plain *discrimination.*

34. Therefore, please be Noticed of a motion advising Recusal and Fraud on the Court standards are applied, to be filed shortly.

SIGNED

s/Carlos Velasquez     Carlos Velasquez

12/8/25

Digitally signed by Carlos Velasquez
Date: 2025.12.08 11:12:02 -07'00'

Carlos Velasquez, Pro Se Complainant

PO BOX 581365

Salt Lake City, UT

84158

T: 801.671.0361

E: cfv1983@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| *Velasquez*<br><br>v.<br><br>*Amazon.com Services LLC* | Case No. 2:25-cv-674<br><br>**Discretionary Review for**<br>**Fraud on the Court**<br><br>Senior Judge Dale Kimball |

The Complainant, victim and Pro Se person, is Authority on case and events described in a complaint. The court and membership are obligated to admit the Pro Se person may be an authority on Constitutional Law at any technical point better than a mechanical argument.

A plain review of the Opinion shows Fraud on the Court.

1

The malpracticants proceeded through Summary Judgment on the basis of Prejudicial Confusion. In this way they imitate innocence and attempt to deceive themselves, it is a canonical malpractice.

Counter Claim of Fraud on the Court

A fraud on the court arises, we say, when a criminal statute defines the manner of judicial expression within the District Court.

We say this is consistent with leading precedences, their various implications, consistent with 28 U.S. § 144 and questions of bias and prejudice, criminal bias or prejudice.

It amounts to direct formal impeachment of recorded judicial testimony under the authority Constitution of the United States of America.

A judgment so defined is set aside. (Fed. R. Civ. P. 60(d))

We say that an important compositional rule exists in this case; a federal issue composed of *false declarations* is a *perjury* of the statutory or procedural authority of the issue. So a competent pleader here will demand the right to prove how so many declarations were false, how the relevant issue was perjured, a testimony under colorable authority of the Constitution of the United States was a false testimony.

False testimony of the Constitution of the United States of America, Judicial Agency no longer dedicated to the people, but lost in prejudicial confusion about the authority of agency, they appear dedicated to the judicial agency alone which results in a malpractice.

The following declarations are leading, are *false declarations:*

2

<u>False Declaration 1</u>

"Regardless of whether Plaintiff believes that Amazon failed to follow its own internal policies, he has not alleged any facts that would show a binding contract existed between the parties, much less that Plaintiff performed his obligations and Amazon breached the contract instead."

The meaning of the Code of Conduct binds amazon's discretion in the At-Will term within the good faith of its employment contract. Violations result in discipline and termination; Human Resources agency neglecting and intentionally neglecting to uphold that Code in circumstance does patently breach contract.

The declamation contained therein requires further Discovery, and was contradicted in a paper of objections. See <u>Dkt. No. 26</u>, Objection 2, Page 7.

<u>False Declaration 2</u>

"Plaintiff repeatedly alleges that his supervisors harassed, discriminated, and retaliated against him. Plaintiff, however, does not state any such claim as a matter of law because he premises his claim(s) on "criminal stalking" allegations, not on any protected status." See <u>Dkt. No. 36</u>, Page 8.

The Title VII, ADA, or otherwise *agency* orientation for "discrimination" claims misstates the rational meaning of *workplace stalking,* by allowing that *harassment* and *intentional infliction of emotional distress,* cannot bear multiple sufficient causes sounding in tort.

False statements to stalk an individual, her power in the workplace, do not require Title VII approval, it requires the test of process against company obligation, and any kind of retaliation that would pre-empt the worker advantage of discretionary review, and the law.

### False Declaration 3

"As an at-will employee, and as discussed above, Plaintiff did not have an employment contract with Amazon that could be subject to a tortious interference claim. In addition, Plaintiff's claim suggests that Amazon could somehow tortiously interfere with its own contract, which is not possible." See Dkt. No. 36, Page 11.

Precedence cited is conferential; individual employees plainly interfere with another individual, the larger agency of the Employer is obligated to protect the individual opportunity. The same objection as Breach of Contract/Code of Conduct.

### False Declaration 4

"Plaintiff fails to allege what false representation was made and what action he took in detrimental reliance thereupon. At most, it appears Plaintiff objects to Amazon's reviews of his performance and discipline arising from the Plaintiff's conduct at work." Dkt. No. 36, Page 11-12.

The judicial declaration is not reviewable. When read in light of the Defendant's Motion and Pleadings it appears as an unformed case quashing.

There were a dozen incidents, the complaint founded on the Victim's Statement, and elements of the record required for Discovery included one of the initial documents.

The Paper of Objections admits the judicial analysis typically requires an evaluation over the preponderance of the evidence, a burden-shifting process to uphold the First Amendment. Here we have no plain exposition and cannot find *prejudice* in the "judicial confusion." See <u>Dkt. No. 26</u>, Page 10. Neither Judge or Defendant took any such step.

<u>False Declaration 5</u>

"As an initial matter, none of the alleged conduct by Plaintiff is sufficiently outrageous as a matter of law to state an IIED claim. Outrageous conduct is conduct that evokes outrage or revulsion; it must be more than unreasonable, unkind or unfair." (citation omitted) <u>Dkt. No. 36</u>, Page 12.

The Paper of Objections admits a burden-shifting requirement is required here as well, the Judge is arguing with the victim, and appears unreasonable.

<u>False Declaration 6</u>

"Plaintiff has not set forth any facts in his Complaint or cited any case law in his Response Memorandum that could possibly be construed to give rise to a duty that Defendant owed to Plaintiff in this situation. Accordingly, any possible claim for negligence must be dismissed." Id, Page 14.

The claim again is not reviewable, the judicial declaration states there is an absence of a formal statement on the subject.

Care in review evaluates the "Breach of Contract" question on the basis of the Code of Conduct.

## MERITS

### The Actual Problem of Bias and Extrajudicial Source Construction

*Extrajudicial source* may evaluate *judicial expression* for purposes and questions of bias under Section 144, including document not original to the instant case.

The collateral rule inherent to recusal, here restated, has authority to govern errant res judicata doctrine, "Article III of the Constitution limits the jurisdiction of the federal courts to particular cases or controversies. The case or controversy requirement helps preserve appropriate separation of power between the courts and the other branches, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-60, 1120 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and provides courts with 'that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions.' *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.675 (1983).

These are subjects within the court's record.

The substantive allegation defined how the Fraud on the Court was relevant to Declaration of Appeal in Bad Faith, after a withstanding Motion for Relief from the Judgement went unrespected.

The Affidavit on recusal was not treated promptly, delayed 44 days, communicated improper *disfavor* of the Motion, and violation by the Judge of **Fed. R. Civ. P. 1.**

The affidavit held said Motion appended, and the Judge was obligated to recuse once it was plain his affirmative decision on Case. No. 2:20-cv-205-DB/DAK, *Velasquez v. Utah, et al.* was in conflict with Justice.

In misstating the extrajudicial source to be an off-limits merits decision, only reviewable by a Superior Court, the jurist Obstructs the Jurisdiction of United States of Courts, and the pleading is construed by a prejudiced party: that sharpened presentation is required to recognize the issue.

We have clearly and successfully pleaded a *cause* for *criminal bias,* not often stated, under 28 U.S. § 144, the Judge has excluded the addenda in his own cause and we are protected under this Constitution to not ever be governed by a *perjury.* The *Liteky* conditional test asks whether we have brought to bear (1) knowledge outside such proceedings, and (2) whether the judge displayed "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 556 (1994).

Restated, Hon. Mr. Kimball attempts to blunt the court knowing even misstatement while denying providential objections.

The risk to the victim of victim ministerial fraud is that the Appellate Standard will evade the Fraud on the Court question, in the same order as takes a risk to commit perjury the Determination standard in the Circuit Court; the plaintiff already met one denial of Jurisdiction for the Interlocutory Appeal on the Recusal question for past Fraud on the Court. See Docket for Opinions.

<u>The Defendant Counsel was Vexatious (Fed. R. Civ. P. 11(c)</u>

"In the Tenth Circuit, 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.,* <u>57 F.3d 941, 944</u> (10th Cir. 1995). <u>Dkt. No. 40</u>, Page 4.

Justice is not an "extreme remedy," the parliamentary lawyer in these contexts has not disclosed the manner and form of his rhetoric to which joins a complex misstatement of a Judicial quorum; the rhetorical device is called, *overstatement.*

The manner of case resolution under that rhetorical device of *overstatement* is characteristic, canonical, malpractice because it is whimsical and malicious, it is *prejudicial confusion.*

The Defendant Counsel has provided no exculpatory evidence or examination of the Pretrial Complaint, the real events described therein.

The Defendant Counsel has aggressively and inexplicably and repeatedly asserted how "confusing," "difficult to parse," he introduces a dialogue of incompetence and misunderstanding, but cannot actually disposition the complaint. Instead, he digresses repeatedly into cassations. See <u>Dkt. No. 2</u>, Page 2; <u>Dkt. No. 15</u>, Page 2; <u>Dkt. No. 28</u>.

For example, the statement, "He allegedly did so because he disagreed with and complained about his disciplinary warnings and performance reviews, and resented not being selected for a technical training program." <u>Dkt. No. 15</u>, Page 2.

The statement just above is an invasion and revision of the complexity of the complaint. the concept of a false "misunderstanding" of the *cause of action* requirement is thereby a radicalized pleading standard and echoes globalized violence over the holiday season.

The Legal Standard assaulting the plaintiff's civil rights is a Tenth Circuit blazon, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), "Courts drawn on both judicial experience and common sense to asses the plausibility of a claim. (citation omitted) The need for plausibility reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief," *Twombly,* 557.

That application overstates judicial authority casually.

The argument for post-resignation legal remedy then follows to disassemble tort language provided by the complainant, and this was addressed in the Paper of Objections to a Motion to Dismiss, See Dkt. No. 26, Objection 2, Page 7. Attacked the *Breach of Contract* narrative on the basis, "because there is no contract that exists between Plaintiff and Amazon, no breach occurred and this claim must be dismissed." *Lee v. Univ. of New Mexico,* 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020). (Citation omitted)

<u>Insolvent Judicial Expression</u>

A paper of objections to a Motion to Dismiss was not properly reviewed; the paper presented pre-trial facts with conditions upon a pre-trial Discovery Plan that would aid amend the Pretrial Complaint after a Discovery Phase in light of a final Paper of Proposed Facts. See Dkt. No. 26.

The complainant herein stands by the Complaint, and all original filings.

The court's holding has not interpreted the actual tort of wrongful constructive discharge, the coerced resignation, and appears confused or even conflicted at a high level of constitutional and legal interpretation.

For example, holding the Code of Conduct does not define the "At-will" Employment Contract to favor the Victim, which is what the order and the Defendant's pleaders have overstated, implicates an errant rational argument that a Federal Agency is required to confer public standing for the complaint. "…when it finds that an unfair labor practice has been committed, to issue an order requireing the violator to 'cease and desist from such unfair labor practice, and to take such affirmative action inlcuding reinstatement of employees with or without backpay, as will effectuate policies' of the NLRA." *Cf. Sure-Tan, Inc. v. National Labor Relations Board,* 467 U.S. 883, 898 (1984).[1] The judge appears to hold the contract's lack of NLRA standing counter-implicates

---

[1] *Sure-Tan* applies the term, "discriminatory discharge," to a context of Employer retaliation, abuse of a company procedure, against Labor Union activities by reporting individual the Immigration and Naturalization Services who were subsequently deported. A United States Court cannot preempt standing before the law, it is unconstitutional to do so and rejects the form and manner of a popular Justice and General Welfare. *Sure-Tan* tests whether the District Court can have upheld its ordinary opinions, "There is no conflict between application of the NLRA to undocumented aliens and the mandate of the Immigration and Nationality Act (INA), which does not make the employment relationship between an employer and an undocumented alien unlawful." *Id.,* 884.

evaluation of a Code of Conduct, and compares this same argument against irrational pleaders under the EEOO and ADA.

It is consistent with Title VII that a declamation *would* provide an employer was liable for Sex Harassment discrimination (not alleged herein) with or without "tangible job consequences," however that observation follows the limits of Title VII litigation which regards the "discrimination" parameter to be defined under law without a more critical showing.

In this light, the corporate Code of Conduct does not define a *waiver of liability* ex relatio from the At-Will employment contract.

This was a serious intentional tort committed by managers, and high-level corporate officers.

A workplace Code of Conduct pre-empts criminal discriminations in the workplace.

Civil action after the fact is used with measured impunity to punish the employer, those several individuals.

Overstatement risks conflation of context versus an objectification of the circumstance.

The court issuing a *declamation* invokes some variation of the *Ellerth/Faragher* defense while Amazon's own Code of Conduct prohibits the employer from mistreating the Associate. The

---

*Sure-tan* has been interpreted to uphold public standing of the NLRA, and aids to justice construction of the tort where circumstantial obstacles, such as the existence of the National Labor Review Board itself, may interfere with the elemental interpretations of a popular court.

11

section repeatedly cited to grant relief here admits how the Code of Conduct must be upheld to be in Amazon's best interests.

Yet in the Supreme Court's syllabus *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998) there is provided **Restatement of the Law of Agency, Section 219,** "A master is subject to liability for the torts of his servants committed while acting in the scope of their employment." The tort would refer to damages inflicted against property or person.

The Supreme Court has already agreed with the jurisprudential motion intended by our opening complaint, "[w]e conclude that an employer does not have recourse to the Ellerth/Faragher affirmative defense when a supervisor's official act precipitates the constructive discharge; absent such a tangible employment action, however, the defense is available to the employer whose supervisors are charged with harassment."

As was already pleaded in the paper of objections; the District Court has not engaged sufficient discovery to have developed its understated objections to a Title VII liability; "The plaintiff might elect to allege facts relevant to mitigation in her pleading or to present those facts in her case in chief, but she would do so in anticipation of the employer's affirmative defense, not as a legal requirement." *Id.,*152.

Alternatively, a pre-trial issue favoring the complainant can encourage disciplined cooperation with District Court processes. The case thereby was properly defended to demand a Discovery period. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986).

The Defendants have pretended to uphold it, but the Judge does not reach the actual case.

# DISQUALIFICATION

## Judge

It remains consistent with the public standing of 28 U.S. § 144 that a Federal Judge will not be his

own adjudicator, is disqualified, may recuse himself knowing disqualification, and must allow

another impartial jurist within the District Court to review it, because it is improper and fraudulent

to send the case to Appeal that question alone.

The question of 28 U.S. § 144 Recusal for criminal bias of the judge is already

demonstrated in that document, and supported by a Motion to Show Cause, See Dkt. Nos. 11 and

19.

The Judicial Source doctrine to limit recusal queries applies exclusively to Section 455

questions, and not to conditions or questions of bias apparent; the appearance of a conflict of

interest in terms of a past Fraud on the Court allegation left unresolved after judicial malpractice

*bias against law,* disqualifying per se, and is not a "personal" conflict of interest.

The following members of the District Court and Circuit Court may not preside for unresolved

allegations of Fraud on the Court:

### a.   U.S. JUDGES IN CA10

**Case No. 22-4098** (D.UT Case No. 2:22-cv-00133-HCN-JCB)

Robert Bacharach, Timothy Tymkovich, Veronica Rossman

**Case No. 20-4087** (D.UT Case No. 2:20-cv-00205-DB)

Bobby Baldock, Nancy Moritz, Allison Eid

**Case No. 19-4041** (D.UT Case No. 2:18-cv-00728-DN)

Paul Kelly, Carolyn McHugh, Nancy Moritz

### b.   U.S. JUDGES IN D.UTAH

**D.UT Case No. 2:22-cv-00133-HCN-JCB**

Howard Nielson, Jared Bennet, Jill Parrish, Robert Shelby

**D.UT Case No. 2:20-cv-00205-DB**

Dale Kimball, Dee Benson (dec.), Paul Warner (ret.)

**D.UT Case No. 2:18-cv-00728-DN**

David Nuffer, Paul Warner (ret.)

**Relief Demanded from The Court**

1. The Opinion of 11/14/2025 is set aside for Fraud on the Court, in light of the Complaint,
   a document Objecting against Motion to Dismiss, and also in light of the consistency the
   complainant has had to raise Fraud on the Court allegations;

2. A Motion to Dismiss, See Dkt. No. 25 is as OVERRULED, the COURT demands a
   PROPOSED SCHEDULING ORDER within an ordinary time frame;

3. Hon. Senior Judge Dale Kimbal is DISQUALIFIED/MAY RECUSE HIMSELF pending
   review of a Fraud on the Court allegation from 2020, such allegations are not time-
   barred. See Dkt. Nos. 11, 17, 19;

4. The Court will admit a Motion for Sanctions against Defendant Counsel.

**Conclusion**

Austerity is an easy term under the Constitution of the United States of America.

Discovery pre-emption appears extended from Judicial Immunity related to a withstanding
Fraud on the Court allegation, that immunity cannot remain uncontested.

The American Revolution was intended to pre-empt Parliamentary Ethics of Government,
beyond disempowering res executoris, the King whatever, because a parliament, like any barony
or lordship, was capable to do manifest injustice and repeatedly did so on an arbitrary and
capricious basis; the conferential government was under only a minor dignitary obligation.

16

The motive apparent for a criminal trial is beyond the right of pro se representation before the court. We demand United States Courts will enforce the Public Law, e converso we have right of immunity from a judicial perjury, and protects the people's civil actions from ministerial trespass.

SIGNATURE

s/Carlos Velasquez, Pro Se

Civil Bureaucratic Federalism

Carlos Velasquez

Digitally signed by Carlos Velasquez
Date: 2025.12.15 11:39:09 -07'00'

# ADDENDA

Case 2:25-cv-00674-DAK    Document 43    Filed 12/15/25    Page 19 of 22    PageID 622
Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 202

Case 2:25-cv-00674-DAK-CMR    Document 27    Filed 10/28/25    PageID.466    Page 1 of 4

**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| CARLOS VELASQUEZ,<br><br>        Plaintiff,<br>vs.<br><br>AMAZON.COM SERVICES, INC.,<br><br>        Defendant. | ORDER DENYING "MOTION TO SHOW CAUSE FOR REFUSAL, ON RECUSAL"<br><br>Case No. 2:25CV00674 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Carlos Velasquez's "Motion To Show Cause for Refusal, on Recusal."[1] Plaintiff requests that another judge determine whether the undersigned judge must recuse under 28 U.S.C. § 144. The court denies Plaintiff's motion.

Section 144 states that when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[2] Procedurally, however, the judge against whom an affidavit of bias is filed may determine the affidavit's timeliness and sufficiency.[3] While making an initial determination of the facial sufficiency of the affidavit, the judge must not determine the truth or falsity of the facts stated therein.[4] Here, without

---

[1] ECF No. 19.

[2] 28 U.S.C. § 144.

[3] S*ee, e.g.*, *Berger v. United States*, 255 U.S. 22, 32–34, (1921); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Hall v. Burkett*, 391 F. Supp. 237, 240 (W.D. Okla. 1975).

[4] *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976); *Azhocar*, 581 F.2d at 738.

Case 2:25-cv-00674-DAK    Document 43    Filed 12/15/25    Page 20 of 22    PageID 623
Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 203

Case 2:25-cv-00674-DAK-CMR    Document 27    Filed 10/28/25    PageID.467    Page 2 of 4

considering the truth or falsity of any facts stated in Plaintiff's accompanying "Victim's Affidavit,"[5] the court finds that the affidavit is insufficient to justify having another judge decide the motion.

To demonstrate that a judge should recuse under Section 144, "an affidavit of bias and prejudice must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel."[6] Importantly, "the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification."[7] "Rather, the statute only requires recusal upon the filing of a timely and sufficient affidavit."[8]

In this case, Plaintiff has not provided a certification that his accompanying Affidavit and the substantive factual allegations have been filed in good faith.[9] Similarly, in Plaintiff's previously filed "Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law,"[10] he also failed to certify that the substantive factual allegations were filed in good

---

[5] *See* ECF No. 19-1.

[6] *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

[7] *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

[8] *Robertson*, 691 F. Supp. 2d at 77 (internal quotation marks omitted).

[9] *Western Watersheds Project v. Interior Board of Land Appeals*, 434 F. Supp. 3d 1257, 1261 (D. Utah 2020).

[10] ECF No. 11. The court construed this "Affidavit" as a motion to recuse and denied it on October 8, 2025. *See* ECF No. 18.

Case 2:25-cv-00674-DAK      Document 43      Filed 12/15/25      Page 21 of 22      PageID 624
Appellate Case: 26-4000      Document: 11-2      Date Filed: 02/05/2026      Page: 204

Case 2:25-cv-00674-DAK-CMR      Document 27      Filed 10/28/25      PageID.468      Page 3 of 4

faith. Courts have routinely concluded that failure to comply with this requirement is grounds for denying the motion.[11]

As the court has previously stated, "[a] trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true."[12] The undersigned judge will not recuse from this case because there is no valid reason to recuse, and thus there is a duty not to recuse. Any additional motions seeking recusal will be summarily denied.

While not relevant to the instant motion, the court emphasizes, again, that "the mere fact that a judge has previously expressed himself on a particular point of law is not sufficient to show personal bias or prejudice."[13] And adverse rulings by a judge are not grounds for disqualification.[14] Stated another way, a litigant seeking to disqualify a judge must allege personal rather than judicial bias.[15] Moreover, motions alleging bias and prejudice on the part of a judge that establish simply that the affiant does not like a particular judge are not adequate to require recusal.[16]

---

[11] *United States v. Miller*, 355 F. Supp. 2d 404, 405–06 (D.D.C. 2005); *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 60 (D.D.C. 2010); *Burt v. First Am. Bank*, 490 A.2d 182, 187 (D.C. 1985); *United States v. York*, No. 86-CR-315, 1988 WL 105342, at *1 (N.D. Ill. Sept. 20, 1988).

[12] *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

[13] *Id.*

[14] *Id.* at 857-858 (citing *Martin v. United States*, 285 F.2d 150 (10th Cir. 1960), *cert. denied*, 365 U.S. 853 (1961)).

[15] *Id.*

[16] *Id.* (citing *United States v. Goeltz*, 513 F.2d 193 (10th Cir. 1975), *cert. denied*, 423 U.S. 830 (1975)).

Case 2:25-cv-00674-DAK    Document 43    Filed 12/15/25    Page 22 of 22    PageID 625
Appellate Case: 26-4000    Document: 11-2    Date Filed: 02/05/2026    Page: 205

Case 2:25-cv-00674-DAK-CMR    Document 27    Filed 10/28/25    PageID.469    Page 4 of 4

Plaintiff had also filed a motion for an extension of time to file a response to Defendant's Motion to Dismiss. On October 21, 2025, Defendant filed a response indicating that it did not oppose Plaintiff's request for an extension.[17] Nevertheless, Plaintiff filed his response on October 23, 2025, so his request for an extension of time is now moot.

Accordingly, IT IS HEREBY ORDERED that Mr. Velasquez's "MOTION TO SHOW CAUSE FOR REFUSAL, ON RECUSAL" [ECF No. 19] is DENIED, and his Motion to Extension of Time to File Response is [ECF No. 21] is DENIED AS MOOT.

DATED this 28th day of October 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[17] ECF No. 25.

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **CARLOS VELASQUEZ,** | **ORDER** |
| **Plaintiff,** | **Case No. 2:25CV00674 DAK** |
| **vs.** | |
| **AMAZON.COM SERVICES INC.,** | **Judge Dale A. Kimball** |
| **Defendant.** | |

This court dismissed this action and entered judgment on November 14, 2025.[1] Yet, Mr. Velasquez has since filed "Objections"[2] and a "Motion for Discretionary Review for Fraud on the Court."[3] Neither filing is recognized under the Federal Rules of Civil Procedure, but the court has construed both filings as motions for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff, however, has not provided any meritorious argument to justify reconsideration under Rule 60(b), and therefore the court declines to reconsider its previous rulings.

Accordingly, Plaintiff's Objection [ECF No. 38] is OVERRULED, and his Motion for Discretionary Review [ECF No. 43] is DENIED. Because this action has been dismissed and judgment has been entered against Plaintiff, this case is closed. Any document emailed or otherwise sent to the court by Plaintiff will be lodged in the docket as correspondence. The

---

[1] ECF Nos 36 & 37, respectively.
[2] ECF No. 38.
[3] ECF No. 43.

court will not respond to any future filings by Plaintiff in this case, and Defendant need not

respond to any filing by Plaintiff unless specifically directed to do so by the court.

DATED this 16th day of December 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

## No. 25-4145

NOTICE OF APPEAL BEFORE A MANDAMUS PETITION

Instant Substantive Appeal, with Option for Collateral Appeal

Orders Appended (Doc. Nos. 36, 37 and 44)

In re *Carlos Velasquez, Pro Se v. Hon. Dale Kimball v. Amazon.com Services LLC*

Resp. *Velasquez v. Amazon.com Services LLC,* Case No. 2:25-cv-674 (D. Utah)

## CIRCUIT RECUSAL DUE

Where Cicero cannot admit intemperance, these men strive to be unforgiveable, have endeavored

to punish innocence and deprive the Circuit Court of its own authority nul tiel record; the Hon.

Dale Kimball has refused to carry a question of a *hostile work environment* plainly consistent with

an allegation of *wrongful coerced resignation* where the Plaintiff was gainfully employed; Hon.

Dale Kimball has perjured himself before the District Court, and refused Disqualification on false

reasoning; the Tenth Circuit refused to enforce or review the question for Disqualification, and

appear to have falsely testified their standard of review, holding the victim of *Fraud on the Court*

at personal injury of judicial malpractice, Circuit Judges **Holmes, Philips,** and **Federico** have

falsely stated the basis for the declension viz a viz *Kellogg v. Watts Guerra LLP,* 41 F.4th 1246 (10th

Cir. 2022); *Lopez v. Behles (In re Am. Ready Mix, Inc.),* 14 F.3d 1497 (10th Cir 1994); both

standards are providential and substantive standards to decline the Interlocutory appeal, while the

Per Curiam opinion applies that statement broadly without a providential basis, "Interlocutory

orders denying a motion to recuse and/or disqualify are not immediately appealable." *Id.* The

Circuit Court has misstated the actual form of the stare decisis in a derision that compares

concealment and knowing an allegation of Fraud on the Court; they burden the appeal to attempt

to break the civilian petitioner. In light of this statement, the Circuit Court's own record provides

Judges **Holmes, Philips,** and **Federico** may be Disqualifed for *bias against the law,* they have

apparently labored to conceal crime in view of the court, and have aided the District Court to stalk

and harass the victim of repeated Judicial Malpractice; we perceive their intent is not short of the

real destruction of the plaintiff and victim, the malpractice implicated at Disqualification for *bias*

*against the law* (criminal bias) is repeated since 2018, repeated by the District Court judge on three

compounding tries, and repeated in the Circuit Court in a spirit of Disassociation and Malice.

Moreover, the Circuit Court's holding regarding the Interlocutory appeal improperly

conflated (a) the need for a Notice of Appeal; (b) The need to review past final decisions of the

Circuit Court; (c) the need to pre-empt a threat of Judicial Malpractice against the Appellant/

Complainant; the court's opinions are discredited at this point, and must be overturned at the

liability of the Judiciary who are under oath, and not to themselves, the Judicial branch, nor to any

political party. It is an abuse of the collateral resolution of the court otherwise consistent with res

judicata and the Law of the Case doctrine, to have imposed false terms and conditions upon the

case, and endeavored to conceal it at the expense of the life and integrity of the victim.

### Past Fraud at Determination

The following Circuit Judges may not preside for unresolved precedence of *fraud on the court,* the court's several opinions are alleged to be under disposition of *fraud at determination,* including the specific issue cited against Senior Judge Dale Kimball, the Circuit Court, Judges Baldock, Eid and Moritz conferred a criminal privilege of *fraud on the court* upon Hon. Mr. Kimball and now deceased Senior Judge Dee Benson.

The Motion that obligated the Court to the Plaintiff was presented as cause for Recusal, the Circuit Court neglected the substantive motion in its Determination, and authored a whimsical perjury of rudimentary and intentional neglect; they bear the direct *appearance of bias,* reviewing here they review a substantive allegation of *fraud on the court* and *fraud at determination* thereby.

The Circuit Judges listed below may not preside here because they would effectively as their own Judge on evaluation of the allegations of *fraud at determination* that is inherent to understanding review of the issue directed against the District Court Judge, review as partially directed against themselves, as Hon. Mr. Kimball has; 28 U.S. § 144 protects the People and Jurist from the temptation and threat to commit *perjury* where *biased against the law.*

The Circuit Court is obligated to hear separate briefing on this matter, and may be requested to try this issue **en banc** because it affects the Global credibility of United States Courts.

Issues appended:

1. **Case No. 22-4098** (D.UT Case No. 2:22-cv-00133-HCN-JCB)

   Robert Bacharach, Timothy Tymkovich, Veronica Rossman

2. **Case No. 20-4087** (D.UT Case No. 2:20-cv-00205-DB/DAK)

Bobby Baldock, Nancy Moritz, Allison Eid

3. **Case No. 19-4041** (D.UT Case No. 2:18-cv-00728-DN)

Paul Kelly, Carolyn McHugh, Nancy Moritz

4

# JURISDICTION

## Primary Issue

### 28 U.S. § 1291

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States.

### Fed. R. App. P. 21(a) Mandamus and Prohibition to a Court

(1) A party petitioning for a writ of mandamus or prohibition directed to a court must file the petition with the circuit clerk and serve in on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge. All parties to the proceeding in the trial court other than the petitioner are respondents for all purposes.

    a. *Fraud on the Court,* a circumstance of Ministerial Fraud, the mechanisms of the court used to ignore, abuse, and invade the active *civil rights* and justiciable claims of the victim, civil and criminal infractions committed by Court Officers against a United States Court, Judgments and Orders in *perjury,* composed with *false declarations* of the case, and may impart complex *false testimony* of the Constitution of the United States of America, various legal/constitutional doctrines, Fed. R. Civ. P. 60(d) will "set aside" the judgment, and may permit a Motion for Mistrial and Reassignment. (multiple issues this appeal)

    b. 28 U.S. § 144, Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is

5

pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

(2) <u>Fed. R. App. P. 4(1)(A)(4)(vi)</u>

(3) The Notice and Petition are timely after 12/16/25, filed before 28 days because a Motion for Discretionary Review of Fraud on the Court was faithlessly deposed on said date, appealed against the decision of a United States Judge who elected not recuse when an allegation of *Fraud on the Court* was presented, *Velasquez v. Amazon.com Services LLC.* Issue Appended.

## ISSUES TO BE PRESENTED

### Judicial Failure to Uphold a Disqualification Procedure

UTD Doc. Nos. 11, 12, 17, 18 (Order), 19,

24 (Published Notice to Cease and Desist), 27 (Order)

It is unacceptable for a Disqualified jurist to proceed in contempt.

The plaintiff filed an Affidavit with an attached document proving Hon. Senior Judge Kimball prior affirmed a Fraud on the Court actually authored by a different jurist prior to that jurist's death.

The matter interfered with an Appeal process because that jurist did not recuse from the allegation of Fraud on the Court that was put against him on a Motion for Relief from the Judgment.

Hon. Dale Kimball was implicated in that Perjury wherein he declared the Appeal was in bad faith without any summary review, making large of the court's procedures and not reaching ordinary Law of the Case conditions.

While the Common Law tolerates all kinds of potential real measures, it does not permit a jurist to effectually operate as his own Judge; 28 U.S. § 144 compels Disqualification and immediate recusal in the ordinary terms of *bias or prejudice,* the Fraud on the Court question implicates the value of *bias against the law,* this is properly liberal restatement of it, and the jurist cannot overrule it without a perfect showing.

In this instance, Hon. Senior Judge Kimball perjured himself to evade the standard of review as comparing a Motion under 28 U.S. § 455, where the appearance of a *personal bias* does not prejudice the court of any judicial expression.

The Circuit Court failed to resolve this question and exposes itself to the same allegation of criminal bias, the judicial source doctrine plainly cannot preempt questions of criminal bias, the Judiciary cannot proceed above the law because they will violate the Public Law and the Civil Integrity of the case before United States Courts and the Constitution of the United States of America simultaneously.

The result in this term, even before Fraud on the Court evaluation, is *mistrial* because the jurist was Disqualified. The court attempting to qualify that approach, has misstated the form and meaning of Disqualification and held that it is not obligated to Disqualify such a jurist.

**Circuit Fraud and Fraud at Determination:** The Circuit Court and the matter of past and unresolved Fraud on the Court allegations implicates the court's authority at Determination is suspect to a Fraud at Determination challenge, the Circuit Court's discretion should not be admitted to be unquestionable beneath the United States Supreme Court who are heavily burdened with political and even parliamentary agendas.

The same measures binding the District Court to the truth, also bind the Circuit Court.

Neither court has any basis to state these civil allegations for relief from the Judgment are wrongful.

8

**A Motion for Discretionary Review was Improperly Overruled**

<u>UTD Doc. No. 38, 43, 44 (Order)</u>

The basis for this disposition, "Because this action has been dismissed and judgment has been entered against the Plaintiff, this case is closed."

The statement implicates that the Appellant's (the mandamus uses the word "complainant") Paper of Objections to the judgment (Doc. 38) was invalid, but fails to present precisely why, and fails to resolve the question of Fraud on the Court. The plaintiff notified the court he would timely a file a proper motion, and did, for Discretionary Revie of a Fraud on the Court allegation (Doc. No. 44) was used *to ignore* a Motion for Relief from the Judgment defining Fraud on the Court.

Like so many of his dispositions here, the action is used to obscure the victim's civil rights.

The Judiciary in the District Court and the Tenth Circuit are strangling the victim and family, consistently revisiting upon the grievances of the State of Utah, and now Amazon.com Services LLC, apparently in an attempt to coerce extreme aggravation upon the Complainant and the people naturally associated with him through the court's collateral of frauds committed against.

The judiciary are repeatedly the victim and family with the authority and immanent presence of the United States Courts; their presence is perpetual, sadistic, unprofessional, and unconstitutional. Their word is entirely broken, and Judge Kimball attempts to suborn the Circuit Court on the basis of his directly having ignored the relevant document to prevent the court learning his past Fraud against the Complainant.

Moreover, the Kimball's failure to substantively address the "Motion" for Discretionary Review, or the Motion for Relief from the Judgment, and commanding the Clerk to Lodge or Obstruct further filings interferes with the procedures necessary to conduct Appeals, and would also allow Kimball to criminally filter further complaints of Fraud on the Court.

A Judicial Opinion must be factually, historically, and constitutionally solvent. It cannot be a filtration of material exclusively favorable to the jurist's personal apperance, or fear of criminal and civil liability.

Kimball and others have made of themselves complex enemies of the Complainant, the Utah Family, and the Constitution of the United States of America with the simple act of plotting perjuries and committing perjury from within their formal written testimonies of the whole cases.

### Fraud on the Court

UTD Doc. Nos. 1, 5 (Exhibits), 15 (Defendant Motion to Dismiss), 28 (Appellant Reply),

34 (Defendant Response), 38 (Objection/Demand for Discretionary Review),

43 (formal Motion for Discretionary Review/Relief from the Judgment), 44 (Order)

False Declarations against the standard of review under a patent ambiguation of the complaint and Rule 8 process defined by the jurist and the Defense Counsel to be *prejudicial confusion* that perjured the Issue at Judgment.

The question of an Intentional Neglect apparent is controlling to an extended question of whether a dozen or so incidents were consistent with a *hostile work environment,* the Human

Resources agent within the company intentionally neglected the complaints presented, failed to respond appropriately to the subjective matter of the complaint in a manner consistent with the "best interests of Amazon.com Services LLC employment contract, because it cannot be taken in bad faith.

The jurist has generated a standard of "prejudicial confusion" by (a) misstating the cause of action improperly under Summary Judgment standards, and has invaded the plaintiff's First Amendment right to describe a Cause of Action for a Discovery process; (b) by adopting a "prejudicial" ethical posture in denial some leading facts available to perpetuate discovery, as already timely described from the record.

**Overzealous and Outrageous Defendant, Subornation and Concealment**

<u>UTD Docs. 15, 25, 28, 40</u>

The defendant counsel has attacked the case on the merits claiming he could not recognize the circumstance, but was not able to raise any substantive and sophisticated objection.

Instead, he attacked the complainant ad hominem, declaring the complainant held a complex a misunderstanding of law, to compare any parliamentary or non-providential authority, as in one whose sole affidavit was more authoritative than any true statement or proof.

Legalism is soundly rooted in strong definitions of real terms affecting real people, sound restatements of terms are providential when dealing with multiple sufficient causes and complex

terminology, the nomenclature of a legal education cannot bind the people against the Constitution of the United States of America, it is not a parliamentary forum.

The Defendant Counsel did not correctly or fairly advise the court of the Fraud on the Court precedence for Disqualification, but demanded the jurist to cover it up while engaged in action comparing Subornation.

### Collateral Fraud and Concealment on Questions Implicated upon an Affidavit for Disqualification

The collateral order doctrine is required to be interpreted here to merit the people over and above the appearance of the security of a public official because the nature of the Fraud on the Court allegation imposes the obligation to evaluate criminal misconduct by definition.

The District Court has heard motions declaring a Criminal *statute* does not provide a *cause of action,* but that argument is under prejudicial confusion and was vulnerable to a direct refutation wherein the (a) the complaint uses the applied terms of criminal stalking to describe the an intentional tort wagered by several managers in a North Salt Lake Amazon Warehouse; (b) the Judge has claimed to believe the circumstance is not serious enough to warrant a civil suit, however as stated and implicated above, the jurist's factual predicate is not sufficient to have dismissed the case, and he is without a basis to prove the error was the fault of the Appellant and Plaintiff, the original pro se Complainant.

We believe the Fraud on the Court question is without a pure anti-Perjury doctrine, *and* we believe U.S. Court's entire construction of collateral prejudice in original Read and Review terms, and Appellate Review terms, is under such an unconstitutional disposition that the jurist in plain criminal contempt is able to summon the authority of the doctrine to prejudicially mistreat "Fraud on the Court" allegations, hence the "prejudicial confusion" term that could not delineate between the force of the tort language ("multiple sufficient causes"), terminology within the Criminal Code that aids to define the meaning of a Breach of Contract (how it was *stalking*), thereby the Circuit Court in Fraud at Determination follows the criminal queue set in the District Court and wrongfully accelerates or expedites Appellate Review.

Wrongful, false, or fake collateral resolution of the case to abuse procedures in False Testimony, Perjury and False Declarations is reviewable on civil terms and is not protected by the United States Department of Justice, nor any god-fearing Judge in the world.

### Parliamentary Ethics in a Constitutional Court

Parliamentary ethics in American Legalism are largely a conferential revision of the constitutional forum that takes risks to evade the authority of the Preamble of the Constitution of the United States of America; its primary withstanding element is the notion of the Speaker, who is the person allowed within the forum to make any formal statement, we think the court has previously abused this term to invade the First Amendment protected privileges of the Plaintiff, largely in a chauvinist gambit to destroy independent Pro Se revisions of New Judicial Federalism, and to excessively

gird the authority of the Legal profession who maintains an informal and conferential consensus on terms easily presented and explained without risk of criminal contempt.

Its Secondary withstanding element is Majority resolution; the latter element is impermissible in United States Courts for dispositive decisions because its generalized term is an arbitrary one, in contradistinction from a Constitutional term; a whole quorum has committed Perjury against these several civil cases, and victimizes the Pro Se petitioner

The Supreme Law of this country is found and defended on dedication to the people without exceptionalism of any kind, the elements of government in that strict construction are unambiguous and easily reviewable for beneficence.

Herein, Parliamentary ethics have proven to be counter-revolutionary and violate popular justice, welfare, and tranquility. The Court's members as named at the start are in contempt nul tiel record.

The Common Law must remain dedicated to the people without exceptionalism of any kind, the status, importance, or appearance of good standing is not protected merely by summoning the perimeter of office because the standing of office is not itself providential and must prove its authority to be perfect.

### Pre Trial and Trial May Be Due

The facts of the case are not plainly established, and so a law of the case is not forensically described, but is following a parliamentary procedural model that is vulnerable to ministerial fraud.

14

The most plain argument has been left underdeveloped in the District Court because the Defendant Counsel is vexatious, and is best restated from a Circuit Court standard [      ]; it amounts to the question of the meaning of ordinary jurisprudential skepticism at a pre-trial phase that is to say, the putative claims of the Complainant, all important pleadings and original filings taken together, are not dismissed against a skeptical condition of there being "self-serving testimony," *Bounty v. Oklahoma Ex Rel. Oklahoma of Education,* Case No. 23-cv-1002-SLP (June 23, 2025)(Dist. W.D. Ok.).

The fact of intentional negligence means the human resources agent was obligated to investigate the extensive scope of the complaint, so at any point the documented record falls short of the actual complaint the question of negligence to intentional negligence is tangible.

The same prejudicial argument is consistent with a Breach of Contract question, because the "best interests of Amazon," is such a broad declaration for binding contract terms it can only be interpreted in manner to compare *Good Faith and Fair Dealing,* it cannot be held in the company's interests to stalk a Supervisory our of the opportunity, nor can it be efficient to even have plausibly violated Code of Conduct inherent to the Contract.

Just as stated above, it was evenly pleaded how those standard *are* applied when interpreting questions for *Breach of Contract,* and when interpreting questions for a *hostile work environment* consistent with the language of intentional tort the court must use to make ultimate assessments of facts.

15

### The Court in Fraud Does Export and Exaggerate the Hostile Work Environment to Aggravate the Pro Se Victim-Complainant as upon Criminal Evasion to Disqualify

The Judge issuing a kind of declamation against the complainant in the District Court abandoned impartiality, and exposed the victim-complainant directly to animus of fraud compounding animus of workplace stalking; the judicial opinion would claim it was not an injury, but it would struggle to prove that against the overwhelming authority of the record.

The meaningful and substantive subject-matter is not much addressed in the complaint, but there are so many incidents wherein the *absolute privilege* of corporate officers to make damning and improvident statements went unchallenged by the routine corporate mechanisms, and then by high-level mechanisms designing Discretionary Review, that it cannot be waived away.

The Defendant Counsel's pleading standard amounts to allowing an *Absolute Privilege* to Corporate Officers whatever, this compares knowing Fraud on the Court under circumstances justiciable for Disqualification.

The Defendant Counsel has come into court demanding the matter be dismissed, the fraud allegation be made disappeared, declaring the corporate contract cannot observe the intentional tort described, and even going so far as to implicate it is in Amazon.com Services LLC best interests not to be accountable to its own Employment contract.

The Complainant at the end of his time there reasonably understood he would not be allowed to become successful because his Management Team had taken every opportunity to undermine their integrity, to make an unworkable environment.

The Jurist obliged the Defendant Counsel in order to compound the Ministerial tort consistent with the Fraud terminology already on record, members of U.S. Courts named in any of these complaints have adopted an inappropriate deliberative privilege, an absolute privilege that defines strict conferential and unlimited governments.

It is a high-crime, and admits the meaning of the *stalking* terminology may apply to the Ministerial Authority of Federal and State officers; the judiciary in these several cases attack the historical timeliness of several cases which, (1) Against a State Administrative Agency that wagered a political tort under color of Congressional Authority; (2) Against Judiciary who repeatedly Perjured that Case in the District and Appellate Court; (3) Against the same complainant in a Wrongful Coerced Resignation lawsuit.

Not only is it plausible the judiciary take vicarious pleasure in the victimization of the complainant, they also stalk the subject-matter rights associated thereby against the term of the people, and apparently in the cause of a radicalized Republican Party, or even perjure the standing of agency per se. No one needs a criminally invincible government who attacks the integrity of people at home and abroad.

No part of their position has shown perfect conservativism, and every Author of any Opinion subject to review is Republican aligned. They all appear to refuse to hold one another accountable; they have become a strict conference who refuse outside criticism.

The actions taken against the complainant are outrageous, Mr. Kimball in the lower court has expressed his stylistic distaste for the Pro Se person's construction of a pre-trial complaint, implicating how his conceptualization of "outrageousness" was all that was necessary to uphold a

17

standard of evidence consistent with *McDonnell Douglas,* but the implication of a *breach of contract* upon an *absolute privilege,* has found an interpretive conflict with the terminology of ministerial fraud, the court has shown no responsibility for the meaning of disciplinary issues where alleged to be wrongful, has provoked his own *criminal bias.*

Ministerial Fraud is not protected speech, the judiciary herein has become an enemy to popular intelligence.

SIGNATURE

s/Carlos Velasquez, Pro Se Appellant

Carlos Velasquez

Digitally signed by Carlos Velasquez
Date: 2026.01.05 09:31:05 -07'00'

Civil Bureaucratic Federalist

# ADDENDA

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 3 of 26    PageID
Appellate Case: 26-4000    Document: 648    Date Filed: 02/05/2026    Page: 228

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.562    Page 1 of 14

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **CARLOS VELASQUEZ,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| **Plaintiff,** | |
| **vs.** | **Case No. 2:25CV00674 DAK** |
| **AMAZON.COM SERVICES INC.,** | |
| **Defendant.** | **Judge Dale A. Kimball** |

This matter is before the court on Defendant Amazon.com Services LLC's ("Amazon" or "Defendant")[1] Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). The court has carefully considered the Complaint, the memoranda filed by the parties, and the applicable case law and has determined that oral argument would not materially assist the court in deciding this motion. Now being fully advised, the court issues the following Memorandum Decision and Order granting Amazon's Motion to Dismiss.

While Plaintiff argues that Defendant's Motion is "premature," "improper and frivolous" "violates Rule 11(b)(2)," and violates "Rule 11(b)(1),[2] Plaintiff is simply wrong.  He appears to misunderstand the basis and purpose of the Motion, as well as the legal standard that applies. Rule 12(b)(6) of the Federal Rules of Civil Procedure specifically provide for such a motion, which assumes that Plaintiff's factual allegations are true and tests whether a plaintiff has stated a viable cause of action.

---

[1] Defendant has pointed out that Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC—not Amazon.com Services Inc.

[2] ECF No. 26, Pl.'s Response ¶¶ 5, 6, 49, 53.

1

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 4 of 26    PageID
Appellate Case: 26-4000    Document: 649    Date Filed: 02/05/2026    Page: 229

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.563    Page 2 of 14

### BACKGROUND

Plaintiff Carlos Velasquez is proceeding pro se. His Complaint is difficult to decipher, and the factual bases of his various legal claims are not clear, but the court has tried its best to liberally construe his Complaint. In a nutshell, Plaintiff appears to assert that after working at Amazon for over four years, he resigned from his position in July 2023 because he disagreed with and complained about his disciplinary warnings and performance reviews, and he takes issue with not having been selected for a technical training program.

Plaintiff appears to pursue causes of action for (1) breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment, premised on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; (5) intentional infliction of emotional distress ("IIED"); and perhaps (6) negligence.

Despite the legal jargon and the lack of coherence in the Complaint, Defendant, in its motion, has done a commendable job of parsing through the relevant factual allegations and the causes of action that Plaintiff appears to assert. Accordingly, the court has relied heavily on Defendant's statement of facts that appear to be relevant to the causes of action that Plaintiff is likely attempting to pursue.

### RELEVANT FACTS DISCERNED FROM COMPLAINT

Plaintiff began his employment with Amazon as a temporary Part-Time Associate at a

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 5 of 26    PageID
Appellate Case: 26-4000    Document: 650    Date Filed: 02/05/2026    Page: 230

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.564    Page 3 of 14

"DUT1" in Salt Lake City, Utah.[3] He was onboarded on April 21, 2019, and promoted to Level 3

Yard Marshall and Process Assistant after June 25, 2021.[4] Plaintiff alleges that in late 2021,

several managers "engaged in a conspiracy to issue *false statement* [sic] respecting the

Plaintiff" and "refused to hear facts" regarding unidentified "inciden[t]s."[5] Amazon then

purportedly issued disciplinary coachings to Plaintiff in November or December 2021 (for gross

insubordination) and false[ly] report[ed] four separate disciplinary instances on dates 5/29,

5/31, 6/8, and 6/9."[6] Amazon then allegedly issued another coaching in June 2022 for "[f]ailure

to adhere to stand

work guidelines" on June 13, 22 and 27, 2022.[7]

        Plaintiff applied for the Amazon Technical Academy ("ATA") on or around July 6, 2022.[8]

He was "made aware during the interim period," however, "that if he was not in good standing,

[he] would not be considered eligible for this training program."[9] Plaintiff was allegedly denied

admission to the ATA.[10] In September or October 2022, Plaintiff's manager Adrian Caldera

supposedly "demanded from the Plaintiff that he admit his own behavior was bad, and even

fatally unpopular, and to present that admission to subordinates as a self-improvement

---

[3] ECF No. 1, Compl. ¶ 12.

[4] *Id.*

[5] *Id.* ¶¶ 15, 16 (emphasis in original).

[6] *Id.* ¶¶ 36, 49, 51.

[7] *Id.* ¶ 53.

[8] *Id.* ¶¶ 176, 178.

[9] *Id.*

[10] *Id.* ¶ 181.

3

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 6 of 26    PageID
Appellate Case: 26-4000    Document: 65-2    Date Filed: 02/05/2026    Page: 231

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.565    Page 4 of 14

interrogatory."[11] Caldera "repeatedly sought to divest the Plaintiff of the merit of his ex*perience*."[12] On December 10, 2022, Plaintiff claims to have filed an "'Ethics Point'" disciplinary complaint "citing harassment, disciplinary fraud, and character assassination . . . as part of a greater movement."[13] This complaint did not base any of the allegations on being in a protected classification.[14] On December 18, 2022, Plaintiff claims that Amazon issued Plaintiff a First Written warning based on "off-color statements" Plaintiff allegedly made on November 23, 2022.[15] The warning also noted Plaintiff's performance failures (coding errors) on November 28, 29, and 30, 2022.[16] Plaintiff acknowledged these errors, and Amazon issued a Final Written warning.[17]

In January and/or February 2023, Plaintiff claims to have filed another Ethics Point complaint(s) after his managers "executed a hostile takeover of the Plaintiff's assigned duties, while simultaneously discriminating against other associates."[18] Again, Plaintiff did not state that any of the allegations were based on being in a protected classification.[19] On March 10, 2023, Plaintiff alleges that he appealed his Final Written warning.[20] In the course of his appeal,

---

[11] *Id.* ¶ 18.

[12] *Id.* ¶ 19 (emphasis in original).

[13] *Id.* ¶ 61.

[14] *Id.*

[15] *Id.* ¶ 92.

[16] *Id.* ¶ 99.

[17] *Id.* ¶¶ 101, 103.

[18] *Id.*¶¶ 104, 138.

[19] *Id.*

[20] *Id.* ¶¶ 130-131.

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 7 of 26    PageID
Appellate Case: 26-4000    Document: 652    Date Filed: 02/05/2026    Page: 232

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.566    Page 5 of 14

Plaintiff described his "unrelated independent civil litigation ACTIVE during this time, which does require an enormous level of effort," resulting in "holding back to back 80 to 100 work weeks."[21]

Following a teleconference, Amazon purportedly "rescinded the 'Final Written Warning.'"[22] On March 15, 2023, Plaintiff's managers "initiated a process to attempt to terminate the Plaintiff" by issuing another "First Written" warning.[23] In response to this discipline, Plaintiff admitted that he had previously "use[d] some sensitive language" but had been "under some more high-level stress which may have contributed to the oversight."[24]

On May 6 and/or 10, 2023, Plaintiff claims that he "complain[ed] for the last time," this time regarding a positive recommendation given to a manager leaving Amazon who Plaintiff felt had engaged in "'Intentional Mismanagement'. . . sufficient to constitute 'Stalking' under Utah law."[25] Amazon allegedly investigated the complaint and did not find any violation of policy or standards of conduct.[26] On July 11, 2023, Plaintiff "dispatched a 'Notice of Legal Intent,'" presumably regarding his intent to file the instant lawsuit.[27] Plaintiff's security token was then

---

[21] *Id.* ¶¶ 140-142.

[22] *Id.* ¶ 146.

[23] *Id.* ¶ 148.

[24] *Id.* ¶ 150.

[25] *Id.* ¶¶ 156-157, 168.

[26] *Id.* ¶ 168.

[27] *Id.* ¶ 171.

5

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 8 of 26    PageID
Appellate Case: 26-4000    Document: 653    Date Filed: 02/05/2026    Page: 233

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.567    Page 6 of 14

allegedly revoked sometime thereafter.[28] Plaintiff resigned from his employment at Amazon on

July 24, 2023.[29]

**LEGAL STANDARD**

Because Plaintiff appears pro se, the court has "liberally construe[d] his filings" but it

"will not act as his advocate."[30] To survive a motion to dismiss under Rule 12(b)(6), a complaint

must contain facts sufficient to make the claim "plausible on its face."[31] A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendants are liable for the misconduct alleged.[32] In reviewing a

motion to dismiss, the court assumes the truth of "all well-pleaded facts in the complaint, and

draw[s] all reasonable inferences therefrom in the light most favorable to the plaintiffs."[33]

"[C]onclusory allegations without supporting factual averments are insufficient to state a claim

on which relief can be based."[34] Courts therefore disregard legal conclusions masquerading as

factual allegations.[35]

---

[28] *Id.* ¶ 172.

[29] *Id.* ¶ 12.

[30] *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33] *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[34] *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[35] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.").

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 9 of 26    PageID
Appellate Case: 26-4000    Document: 654-2    Date Filed: 02/05/2026    Page: 234

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.568    Page 7 of 14

DISCUSSION

The court will discuss Plaintiff's causes of action ((1) breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment, which appears to be premised on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; (5) intentional infliction of emotional distress ("IIED"); and (6) negligence) in turn.

## I.  Breach of Contract

"Under Utah law, '[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'"[36] To properly state a claim, the party must allege sufficient facts to support each of the foregoing elements.[37] Plaintiff, however, has not done so.

Plaintiff claims that because Amazon employees "sign a code of conduct," they "are bound to an 'At-Will' contract."[38] But he then goes on to quote "Amazon's At Will Employment" policy, which expressly rejects any finding of a contract between Amazon and its associates:

> Employment at Amazon is not for any specified length of time, *and both the associate and the company have the right to end the employment relationship at any time, with or without cause and with or without prior notice or warning.* Only Amazon's general counsel and chief financial officer have authority to bind the company to policies or agreements that conflict with this policy of at-will

---

[36] *Premier Sleep Solutions, LLC v. Sound Sleep Med., LLC*, No. 2:20-cv-00062-JNP-JCB, 2021 WL 1192579, at *3 (D. Utah March 30, 2021) (quoting *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014)).

[37] *Id.*

[38] ECF No. 1, Compl. ¶ 192.

7

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 10 of 26    PageID
Appellate Case: 26-4000    Document: 655    Date Filed: 02/05/2026    Page: 235

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.569    Page 8 of 14

employment. Any such exception must be in a written agreement signed by
Amazon's general counsel or chief financial officer.[39]

Regardless of whether Plaintiff believes that Amazon failed to follow its own internal policies,[40]

he has not alleged any facts that would show a binding contract existed between the parties,

much less that Plaintiff performed his obligations and Amazon breached the contract instead.[41]

Thus, Plaintiff has not sufficiently alleged that there was an actual contract between Plaintiff

and Amazon, no breach could have occurred, and this claim must be dismissed.[42]

## II. Hostile Work Environment, Discrimination, or Retaliation

Plaintiff repeatedly alleges that his supervisors harassed, discriminated, and retaliated

against him. Plaintiff, however, does not state any such claim as a matter of law because he

premises his claim(s) on "criminal stalking" allegations, not on any protected status.[43] Criminal

statutes do not provide for a private cause of action and also cannot be used to state a claim for

---

[39] *Id.* ¶ 193 (emphasis added) (quoting Exhibit 30 thereto at 8 ("At Will Employment")); *Abbott v. BNSF Ry. Co.*, 383 F. App'x 703, 709 (10th Cir. 2010) (determining that "at will" language in the Code of Conduct indicates the employer's intent to not bind itself to a contract).

[40] ECF No. 1, Compl. ¶¶ 209-210.

[41] *See Gardner v. Deseret Mut. Benefit Admins.*, No. 2:14-CV-00602, 2016 WL 2588165, at *6 (D. Utah May 4, 2016) (no contract where employee manual clearly disclaimed contractual liability) (citing *Tomlinson v. NCR Corp.*, 345 P.3d 523, 529 (Utah 2014))).

[42] *Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020) (dismissing the breach of contract claim because no contract existed between the plaintiff and defendant – the defendant's policies and procedures were just guidelines and lacked the necessary promissory language to create contractual obligations)

[43] ECF No. 1, Compl. ¶ 223. Plaintiff confirms in his Response to the Motion that stalking is the cause of the "coerced resignation consistent with breach of contract." ECF No. 26, Resp. to Motion at ¶¶ 15, 23, 34, 39, 41, 45, 48.

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 11 of 26    PageID
Appellate Case: 26-4000    Document: 656    Date Filed: 02/05/2026    Page: 236

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.570    Page 9 of 14

hostile work environment, discrimination or retaliation.[44] If Plaintiff intended to plead a claim for hostile work environment, discrimination, or retaliation, then he would need to allege membership in a protected classification under Title VII of the Civil Rights Act of 1964 ("Title VII"),[45] the Americans with Disabilities Act ("ADA"),[46] or the Age Discrimination in Employment Act ("ADEA").[47] But Plaintiff has made no such allegations: he does not identify his race or age, any disability, or any other protected classification, nor does he make any complaint about discrimination or harassment. Plaintiff has therefore failed to support a claim for hostile work environment, discrimination, or retaliation.

To the extent Plaintiff attempts to plead a separate claim for constructive discharge, it cannot stand as a freestanding cause of action. Constructive discharge constitutes an adverse employment action—an element of an employment discrimination or retaliation claim, not an independent claim in and of itself.[48]

Moreover, even if Plaintiff had made the requisite allegations for hostile work environment, discrimination, or retaliation, he has failed to allege that he exhausted the

---

[44] *See Semper v. Bessent*, 2025 WL 2046427, at *3 (10th Cir. July 22, 2005) ("criminal statutes do not provide a private cause of action" (citing *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002)).)

[45] 42 U.S.C. § 2000e et seq.; *see* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," including sexual harassment based on gender (emphasis added)).

[46] 42 U.S.C. § 12101 et seq. (prohibiting discrimination on the basis of disability).

[47] 29 U.S.C. § 621 et seq. ("ADEA").

[48] *See*, *e.g.*, *Rivero v. Bd. of Regents of Univ. of New Mexico*, 950 F.3d 754, 761 (10th Cir. 2020) (constructive discharge is an "adverse employment action" sufficient to support an employment discrimination claim under ADA).

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 12 of 26    PageID
Appellate Case: 26-4000    Document: 65-2    Date Filed: 02/05/2026    Page: 237
657

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.571    Page 10 of 14

administrative remedies that are a prerequisite for bringing any protected status claim.  Claims

for discrimination, harassment, and retaliation under Title VII, the ADA, and the ADEA require

that a plaintiff exhaust administrative remedies before filing suit.[49] Accordingly, his claim(s) for

hostile work environment, discrimination, or retaliation must be dismissed.

**III.  Tortious Interference**

To state a claim for tortious interference with a contract, Plaintiff must show (1) that the

defendant intentionally interfered with the plaintiff's existing or potential economic relations;

(2) for an improper purpose or by improper means; and (3) causing injury to the plaintiff.[50]

Inherently, a party must have sufficiently alleged a breach of a contractual obligation.[51] There

is, however, a presumption that all employment relationships entered into for an indefinite

period of time are at-will.[52]

As an at-will employee, and as discussed above, Plaintiff did not have an employment

contract with Amazon that could be subject to a tortious interference claim.[53] In addition,

---

[49] *See, e.g., Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (citing 29 U.S.C. § 626(d)(1)(B)) (The law provides that no civil action may be commenced unless "the would be plaintiff first files a grievance with the appropriate administrative agency – and does so 'within 300 days after the alleged unlawful practice occurred.'").

[50] *Superior Water and Air, Inc. v. Puronics, Inc.*, No. 2:07CV838 DAK, 2008 WL 2627467, at *3 (D. Utah June 30, 2008).

[51] *1600 Barberry Lane 8 LLC v. Cottonwood Residential OP LP,* 2019 UT App 146, ¶ 21, 449 P.3d 949, 957.

[52] *Ray v. Wal-Mart Stores, Inc.*, 359 P.3d 614, 620 (Utah 2015); *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1044 (Utah 1989).

[53] *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 2005 UT App 325, ¶ 9, 122 P.3d 891, 895 (trial court properly dismissed cause of action for tortious interference with employment contract because plaintiff was an at-will employee, without an employment contract.).

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 13 of 26    PageID
Appellate Case: 26-4000    Document: 658    Date Filed: 02/05/2026    Page: 238

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.572    Page 11 of 14

Plaintiff's claim suggests that Amazon could somehow tortiously interfere with its own contract, which is not possible.[54]

Indeed, Plaintiff seems instead to base his tortious interference claim on Amazon's denial of his admission to the ATA training program, akin to a failure-to-promote claim that would arguably and more properly fall under Title VII, the ADA, or the ADEA, which Plaintiff has failed to plausibly plead or exhaust, as discussed above.[55] As such, Plaintiff has failed to properly plead a tortious interference claim.

### IV. Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation under Utah law, Plaintiff must allege (1) that a representation was made; (2) concerning a presently existing material fact; (3) which was false;  (4) which the representor either (a) knew to be false; or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation; (5) for the purpose of inducing the other party to act upon it; and (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; and (9) to that party's injury and damage.[56]

Here, Plaintiff fails to allege what false representation was made and what action he took in detrimental reliance thereupon. At most, it appears Plaintiff objects to Amazon's

---

[54] *See SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1082 (10th Cir. 2018) (tortious interference claim requires interference of third party).

[55] *See Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1216 (10th Cir. 2022) (dismissing failure to promote claim under Title VII).

[56] *Chappell v. SkyWest Airlines, Inc.*, No. 4:21-cv-00083-DN-PK, 2021 WL 5882256, at *1 (D. Utah Dec. 13, 2021) (quoting *Cardon v. Jean Brown Research*, 327 P.3d 22, 24 (Utah Ct. App. 2014).

Case 2:25-cv-00674-DAK     Document 45-1     Filed 01/05/26     Page 14 of 26     PageID
659
Appellate Case: 26-4000     Document:     Date Filed: 02/05/2026     Page: 239

Case 2:25-cv-00674-DAK     Document 36     Filed 11/14/25     PageID.573     Page 12 of 14

reviews of his performance and discipline arising from Plaintiff's conduct at work. Amazon's

assessment of Plaintiff's performance and conduct are inherently opinions, not facts, and

Plaintiff does not describe any detrimental action that he took because he relied on those

reviews or disciplinary actions. Plaintiff's claim thereby fails as the pleadings do not properly

allege the essential elements for a fraudulent misrepresentation claim.

**V.  Intentional Infliction of Emotional Distress**

Finally, Plaintiff suggests a claim for "vicarious infliction of emotional distress."[57]  As

"vicarious infliction" does not exist as a claim for damages, the court has construed this claim as

one for intentional infliction of emotional distress ("IIED"). An IIED claim under Utah law

requires that a plaintiff show that (1) the defendant's conduct is outrageous and intolerable; (2)

the defendant intends to cause emotional distress; (3) the plaintiff suffers severe emotional

distress; and 4) the defendant's conduct proximately causes plaintiff's emotional distress.[58]

As an initial matter, none of the alleged conduct by Plaintiff is sufficiently "outrageous"

as a matter of law to state an IIED claim. Outrageous conduct "is conduct that evokes outrage

or revulsion; it must be more than unreasonable, unkind or unfair."[59] Additionally, conduct is

not outrageous simply because it constitutes an "insult," "indignity," or act that is "definitely

inconsiderate and unkind."[60] Conduct is also not outrageous because it is "unreasonable,

---

[57] ECF No. 1, Compl. ¶ 10.

[58] *Odunze v. Lake Effect*, No. 2:24-cv-00341-DBB-CMR, 2025 WL 756924, at *2 n.2 (D. Utah Jan. 17, 2025).

[59] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002).

[60] *Ankers v. Rodman*, 995 F. Supp. 1329, 1336 (D. Utah 1997).

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 15 of 26    PageID
Appellate Case: 26-4000    Document: 660    Date Filed: 02/05/2026    Page: 240

Case 2:25-cv-00674-DAK    Document 36    Filed 11/14/25    PageID.574    Page 13 of 14

unkind, or unfair."[61] At most, Plaintiff alleges that Amazon disciplined him for problematic

behavior—at least some of which he admitted—and criticized his performance. These

allegations do not rise to the level of "outrageous" and "intolerable" for purposes of an IIED

claim.[62] Nor has Plaintiff alleged any facts that would show Amazon intended to harm him.[63]

Plaintiff therefore cannot prevail on his IIED claim.

## VI. Negligence

To the extent Plaintiff was attempting to state a claim of negligence against Defendant,

that claim also fails. Under Utah law, "[t]he essential elements of a negligence action are: (1) a

duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the

causation, both actually and proximately, of injury; and (4) the suffering of damages by the

plaintiff."[64] The existence of a duty is a matter of law,[65] and "[i]f the district court determines

that the defendant owed no duty to the plaintiff, 'there can be no negligence as a matter of

law.'"[66] Plaintiff has not set forth any facts in his Complaint or cited any case law in his

Response Memorandum that could possibly be construed to give rise to a duty that Defendant

---

[61] *Crowe v. SRR Partners, LLC*, 632 F. Supp. 3d 1233, 1242 (D. Utah 2022).

[62] *Id.* (allegation that former employer terminated the plaintiff while she was fighting cancer was not outrageous conduct, as required to state an IIED claim, although such conduct may have been unreasonable, unkind, or unfair.)

[63] *See Odunze*, 2025 WL 756924 at *2 n.2.

[64] *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985).

[65] *Torrie v. Weber Cnty.*, 309 P.3d 216, 220 (Utah 2013)

[66] *Crossgrove v. Stan Checketts Properties, LLC*, 344 P.3d 1163 (Utah 2015) (quoting *Tallman v. City of Hurricane*, 985 P.2d 892 (Utah 1999)).

Case 2:25-cv-00674-DAK  Document 36  Filed 11/14/25  PageID.575  Page 14 of 14

Appellate Case: 25-cv-00674-DAK  Document: 26-4000  Date Filed: 02/05/2026  Page: 241
Case 2:25-cv-00674-DAK  Document 45-1  Filed 01/05/26  Page 16 of 26  PageID

owed to Plaintiff in this situation. Accordingly, any possible claim for negligence must be dismissed.

### VII. Dismissal with Prejudice

Plaintiff has not sought leave to amend his complaint to allege facts that would support his purported causes of action or to allege facts that would support other causes of action. Because he has not sought to amend his complaint, the court need not address whether permitting the filing of an amended complaint would be futile, and the court dismisses the action with prejudice.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 15] is GRANTED. Plaintiff's action is dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Judgment will be entered accordingly.

DATED this 14th day of November 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

14

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **CARLOS VELASQUEZ,** | **ORDER** |
| **Plaintiff,** | |
| **vs.** | **Case No. 2:25CV00674 DAK** |
| **AMAZON.COM SERVICES INC.,** | **Judge Dale A. Kimball** |
| **Defendant.** | |

This court dismissed this action and entered judgment on November 14, 2025.[1] Yet, Mr. Velasquez has since filed "Objections"[2] and a "Motion for Discretionary Review for Fraud on the Court."[3] Neither filing is recognized under the Federal Rules of Civil Procedure, but the court has construed both filings as motions for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff, however, has not provided any meritorious argument to justify reconsideration under Rule 60(b), and therefore the court declines to reconsider its previous rulings.

Accordingly, Plaintiff's Objection [ECF No. 38] is OVERRULED, and his Motion for Discretionary Review [ECF No. 43] is DENIED. Because this action has been dismissed and judgment has been entered against Plaintiff, this case is closed. Any document emailed or otherwise sent to the court by Plaintiff will be lodged in the docket as correspondence. The

---

[1] ECF Nos 36 & 37, respectively.
[2] ECF No. 38.
[3] ECF No. 43.

1

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 19 of 26    PageID
Appellate Case: 26-4000    Document: 664    Date Filed: 02/05/2026    Page: 244

Case 2:25-cv-00674-DAK    Document 44    Filed 12/16/25    PageID.627    Page 2 of 2

court will not respond to any future filings by Plaintiff in this case, and Defendant need not

respond to any filing by Plaintiff unless specifically directed to do so by the court.

DATED this 16th day of December 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 21 of 26    PageID
Appellate Case: 26-4000    Document: 662    Date Filed: 02/05/2026    Page: 246

Appellate Case: 25-4145    Document: 13    Date Filed: 11/19/2025    Page: 1

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**November 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

CARLOS VELASQUEZ,

    Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, INC.,

    Defendant - Appellee.

No. 25-4145
(D.C. No. 2:25-CV-00674-DAK-CMR)
(D. Utah)

ORDER

Before **HOLMES**, Chief Judge, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

This matter is before us sua sponte to consider the court's jurisdiction over this appeal. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012) (this court has "an independent duty to examine [its] own jurisdiction").

Appellant Carlos Velasquez filed two motions seeking to have the district court judge disqualified and/or recused. [ECF Nos. 11, 19]. Those motions were denied, and Mr. Velasquez appealed. [ECF Nos. 18 (denying ECF No. 11); 27 (denying ECF No. 19); 29 (notice of appeal)].

We entered an order directing Mr. Velasquez to explain the basis for this court's jurisdiction over this appeal. We have before us his response to that order. Upon consideration of that response, the district court docket, and the applicable law, we conclude that we lack jurisdiction over this appeal for the following reasons.

Case 2:25-cv-00674-DAK   Document 45-1   Filed 01/05/26   Page 22 of 26   PageID
Appellate Case: 26-4000   Document: 66-2   Date Filed: 02/05/2026   Page: 247

Appellate Case: 25-4145   Document: 13   Date Filed: 11/19/2025   Page: 2

Interlocutory orders denying a motion to recuse and/or disqualify are not immediately appealable. *See, e.g., Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022); *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994).

Mr. Velasquez contends that 28 U.S.C. § 1292 provides us jurisdiction in this appeal. Not so. Section 1292 provides jurisdiction over orders related to injunctions, receiverships, and admiralty matters. Neither of the appealed-from orders dealt with an injunction, a receivership, or an admiralty matter. And, as noted above, we have specifically held that interlocutory orders denying a motion to recuse and/or disqualify are not immediately appealable. We are without jurisdiction to consider this appeal.

Finally, we deny Mr. Velasquez's *Motion to Stay Proceedings Pending Interlocutory Appeal on Justiciable Recusal* as moot.

**APPEAL DISMISSED.**

Entered for the Court

Per Curiam

2

Case 2:25-cv-00674-DAK    Document 45-1    Filed 01/05/26    Page 24 of 26    PageID
Appellate Case: 26-4000    Document: 669    Date Filed: 02/05/2026    Page: 249

Case 2:25-cv-00674-DAK    Document 35    Filed 11/13/25    PageID.559    Page 1 of 3
Appellate Case: 25-4145    Document: 2    Date Filed: 11/07/2025    Page: 1

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

CARLOS VELASQUEZ,

    Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, INC.,

    Defendant - Appellee.

No. 25-4145
(D.C. No. 2:25-CV-00674-DAK-CMR)
(D. Utah)

_____

**ORDER**
_____

This matter is before the court on its own initiative following the opening of this

appeal. A review of the district court docket has revealed a potential defect in this court's

appellate jurisdiction. Specifically, it appears that appellant Carlos Velasquez seeks to

appeal two different district court orders and it does not appear that either of those orders

is a final decision within the meaning of 28 U.S.C. § 1291. As a result, the court is

considering this appeal for summary disposition. *See* 10th Cir. R. 27.3(B).

**<u>Mandamus</u>**

Before the court addresses the potential defect in its appellate jurisdiction, the

court notes that Mr. Velasquez's notice of appeal is titled *Plaintiff's Notice of Appeal on

a Petition for Writ of Mandamus: Judicial Recusal*. (ECF No. 29.) Because Mr.

Velasquez filed a document entitled *Notice of Appeal* and because the district court

transmitted this matter to the Tenth Circuit as an appeal, the Tenth Circuit has opened an

Case 2:25-cv-00674-DAK   Document 45-1   Filed 01/05/26   Page 25 of 26   PageID
Appellate Case: 26-4000   Document: 670   Date Filed: 02/05/2026   Page: 250

Case 2:25-cv-00674-DAK   Document 35   Filed 11/13/25   PageID.560   Page 2 of 3
Appellate Case: 25-4145   Document: 2   Date Filed: 11/07/2025   Page: 2

appeal, rather than a mandamus proceeding. If Mr. Velasquez wishes to pursue

mandamus relief, he must file a separate petition that fully complies with Federal Rule of

Appellate Procedure 21 and Tenth Circuit Rule 21. The court will not treat Mr.

Velasquez's *Plaintiff's Notice of Appeal on a Petition for Writ of Mandamus: Judicial

Recusal* (ECF No. 29) as a petition for a writ of mandamus.

**Finality**

Generally, this court's jurisdiction is limited to review of final decisions. 28

U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves

nothing for the court to do but execute judgment." *Cunningham v. Hamilton Cnty., Ohio*,

527 U.S. 198, 204 (1999) (internal quotations omitted). Put differently, "[a] 'final

decision' within the meaning of § 1291 is normally limited to an order that resolves the

entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020).

Here, appellant sought to have the district court judge recused. The district court

twice denied that relief. (ECF Nos. 18, 27.) Mr. Velasquez subsequently appealed. (ECF

No. 29.)

The court first notes that Mr. Velasquez's case remains pending in the district

court. It does not appear that the district court has entered any final order, decision, or

judgment in this matter, since there is no order, decision, or judgment that has resolved

the entire case.

Further, this court specifically has addressed the immediate appealability of a

decision denying a motion to recuse. Such a decision is not subject to immediate

2

appellate review. *See, e.g., Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022); *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994).

It does not appear that the district court has entered any order that has ended this litigation on the merits. Rather, it appears that this action remains pending, and the district court case remains ongoing. Given the apparent lack of finality, it does not appear that appellate jurisdiction exists. Additionally, it appears Mr. Velasquez seeks to appeal the district court's prejudgment decision concerning recusal (as reflected in ECF Nos. 18 and 27); such a decision does not appear appealable before the district court has entered a final decision, order, or judgment.

Accordingly, on or before December 1, 2025, appellant may file a written response to this order setting forth any basis in law or fact for this court to exercise jurisdiction over this appeal. Mr. Velasquez may file only one response to this order; the court may not consider multiple responses. Any response must be limited to addressing the jurisdictional issues identified above; it must not address any other topic or issue.

If appellant chooses not to respond to this order on or before December 1, 2025, the court may dismiss this appeal without any additional notice. *See* 10th Cir. R. 42.1. Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

3