RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT

2026 JUN 15  AM 9: 45

# IN THE TENTH CIRCUIT COURT OF APPEALS

| | |
|---|---|
| Carlos Velasquez | APPELLANT'S |
| v. | MOTION TO AMEND THE RECORD |
| Amazon.com Services, Inc. | CA10 Docket No. 26-4000 |

Originating in the United States District Court for the District of Utah

Case No. 2:26-cv-674

Appellant/Plaintiff/Victim

Carlos Velasquez, Pro Se

PO BOX 581365

Salt Lake City, UT 84157

## I. Statement

1. We ask the Court of Appeals will Certify District Court Trial Document No. 15 (Case No. 2:26-cv-674, noted from the Docket) will be included as a Supplemental Record after a Defendant's "Motion to Dismiss" was omitted and was technically relevant to the Paper of Responses which takes verbatim quotations therefrom.

2. Additionally, we ask the Court will admit its presentation by an Addenda to a Paper of Responses which the clerk separated and lodged for undisclosed reasons. See CA10 Docket No. 26-4000, Doc. Nos. 21 and 22. We will demand the court amend original filing.

## II. Grounds

3. The Trial Document 15 is a natural part of the pre-trial record, and its exclusion appears as an unintended omission from the District Court.

4. Trial Document 15 is the Defendant's Motion to Dismiss. See Addenda 007.

5. The document was supplemented to the court for its self-authenticating presentation appended to a Paper of Responses to the Appellant's Reply Brief.

6. The Clerk separated the Addenda from the Paper of Responses and filed the Responses, and lodged the Addenda, and stated, "An addendum or attachments to a reply brief are not appropriate or allowed under the rules." (Not Demonstrated)

7. The Clerk could not provide a basis for that decision from within the published Federal Rules of Appellate Procedure, or the Local Rules; he or she made vague reference to Rule 28(f), but that rule does not express a prohibition.

8. We actually believe the Clerk's responses are politicized textualist threats of Perjury, and construe it as an act of Criminal Harassment against a party who complains of Ministerial Fraud. The court must be upstanding and may not conduct any form of stalking or harassment within sight of the court.

9. Rule 32(f) provides that such an appendage to "Other Papers" as following an Appellate Brief are not expressly excluded, as that rule makes mention that such a paper is not included with the word count.

10. Fed. R. App. P. 10(e)(1) shows there is merit for "Correction or Modification of the Record (1) If any difference arises about whether the record truly

discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

11. Section 2 of the same Rule does provide a plain remedy where the content in question is not plainly disputable, "(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals."

12. The Clerk has recommended that a Motion be filed to Amend the record and repair the authority of the filing under Part 2 of Rule 10; although the Clerk would not state for a record the exact basis on which he severed the appendix.

### III. Facts of Circumstance

13. A paper of responses was produced and filed timely before 6/8/26. See CA10 Docket Nos. 21 and 22.

14. The Clerk divided the Responses from the Addenda on an unstated reason.

15. The omission was not noticed until after the Defendants had filed a Reply.

16. The Defendant's Motion to Dismiss is District Court Trial Document Number 15, 15-1, 15-2.

17. The omission is noticeable from within Volume II of the Record on Appeal, where the documentation enumeration skips number 15. (Not Appended)

18. The Trial Document 15 is on page 027 of the Addenda to the Appellant's Paper of Responses. (Not Appended)

19. The document preceding is a Paper of the Authority that aids all parties recognize the posture of Pro Se writing for Constitutional Law.

## IV. Merit to Inclusion of the Document with the Record As-Is

### A. Clerk's Action

20. We always construe the Rules are to be provided to favor the standing of parties to litigation, to narrow the meaning of the term Justice to things that are specific, genuine, and authentic to the People as provided the Constitution of the United States of America.

21. It is inappropriate to falsely impose conditions of bad faith in forms and procedures against any claiming or demonstrating a genuine cause of action.

22. For the purposes of amendment, we make the presumption the paper filed was separated into two as a result of Fed. R. App. P. 10(C), "In pro se cases, no designation is required. The court will prepare a pro se record."

23. There was no plain reason provided for pro forma exclusion of an addendum.

### B. Necessity for Its Inclusion

24. The Appeal titled above is brought on allegations of Ministerial Fraud, *Fraud on the Court,* wherein it is demonstrated within the compass of the case order how the District Court's jurist could not have reasonably reached the conclusions he did.

25. On a Paper of Responses from the Appellant, it is meritorious to demonstrate how the Defendant's pleadings could not have been reasonably appreciated by the District Court, because the Defendant can be demonstrated to have pleaded overzealously.

26. U.S. Const. Amend. I is already affirmative to the Right to Petition, and the Federal Rules of Civil Procedure, Appellate Procedure, Supreme Court

procedure, provide simplicity of amendment under Rule 10(2)(C) where only a single necessary document was omitted.

### C. Authenticity of the Document

27. Here we show for the Circuit Court according to Part 2 of Rule 10 the document that was appended, to be included to the record, is the Defendant's "Motion to Dismiss." See Addenda.

28. The pages are marked with the District Court's encoding for the original instance, "Case 2:25-cv-674-DAK-CMR Document 15 Filed 9/25/25 PageID.384."

29. The document also has two additional documents attached, are marked Trial Documents 15-1, and 15-2. See Addenda 021, 022.

30. The document appears in the Addenda that was attached to the Appellant's Response on Page 027 and is on the court's docket under Doc. No. 22.

31. The Circuit Court may procure original copies of the paper for further authentication.

## V. Plain Demand for Relief

32. Given that Rule 32(f) appropriately defines and limits "Other Papers," as those related to the Appellate Brief, including Replies and Responses to those Replies, we say it is affirmative to Court of Appeals to certify it as part of the Record on Appeal, the inclusion of District Court Trial Doc. 15, including its addenda, the Defendant's "Motion to Dismiss."

33. The document is self-authenticating as presented, and may be verified by Circuit Court, its relevant procedure.

34. Additionally on Certification, the Circuit Court should admit and have filed the Addenda provided to the Paper of Appellant's Responses, Circuit Court Doc. Nos. 21 and 22 literally because the paper makes verbatim recitation of the paper in question.

35. Additionally, as there was no reason provided for its exclusion, the Addenda should not have been severed and the Paper of Authority, "Confession," should also be included to the filing.

36. Any conclusion to omit either paper has not been defined, and will be perceived as an institutional demerit upon Judicial discretion, plausible criminal disfavor against the superintending argument there was *Fraud on the Court* in the District Court, and *Fraud at Determination* in several past appeals.

37. Further, the single omission is remedied simply in its attachment to the Paper of Responses.

38. Trial Document 15, addendae, may also become appended to the Record on Appeal, Volume II, at the end of the document.

## VI.        Defendant's Anticipated Position

39. This question affects the filing rights of the petitioner and does not impose any unprecedented standard, as such the Defendants were not contacted prior to the filing of this motion.

40. The Defendants did not make a direct recitation of their motion, but instead restated their approach that was applied in the District Court.

41. The Defendants did not reply to an email query, this document was produced and mailed for filing shortly after submission of a paper of Responses.

42. We actually believe their strategy is vexatious to direct the court's attention away from the intentional ministerial fraud of the jurist, to gain an improvident and criminal boone for their client against the victim of a complex tort with multiple sufficient causes; that is, they may attempt to persuade the court to irrationally perceive our position as excessively argumentative or indigent, whereas consistent reference to their original filing may effectively limit how the court reads the de novo review term.

43. An email query was sent to their address prior to mailing this document, but it was not returned in short order.

44. The defendants may file any reply.

SIGNATURE

_CV_    6/9/26

s/Carlos Velasquez, Pro Se Appellant

Civil Bureaucratic Federalist

## Unsworn Declaration of Service

I certify the document attached is served by mail and electronic mail to all of the following parties, I certify I retain Proof of Mailing.

### Amazon.com Services LLC

Brian D. Tuttle
LITTLER MENDELSON
222 Main St. 5tth Floor
Salt Lake City, UT 84101
801-401-8312
Email: btuttle@littler.com
*Bar Number: 16974*
Senior Judge Dale Kimball

Ethan D. Thomas
LITTLER MENDELSON PC
8474 Rozita Lee Ave Ste 200
Las Vegas, NV 89113
702-862-8800
Email: edthomas@littler.com
*Bar Number: 15751*

### U.S. Courts

Orrin G. Hatch United States Courthouse
351 South West Temple, Rm. 10.400 (Chambers)
Salt Lake City, Utah 84101
801 -524-6100

Signature of the Appellant with Date: _CV   6/9/26_

# ADDENDA

# Contents

CA10 Docket No. 26-4000........................001
Trial Document 15.................................007
Trial Document 15-1.............................020
Trial Document 15-2.............................022

**General Docket**
**Tenth Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #: 26-4000** | **Docketed: 01/05/2026** |

**Nature of Suit:** 3190 Other Contract Actions
Velasquez v. Amazon.com Services
**Appeal From:** United States District Court for the District of Utah - Salt Lake City
**Fee Status:** Fee Paid

**Case Type Information:**
   1) civil
   2) private
   3) -

**Originating Court Information:**
   **District:** 1088-2 : 2:25-CV-00674-DAK
   **Trial Judge:** Dale A. Kimball, -, Senior U.S. District Judge
   **Date Filed:** 08/12/2025
   **Date NOA Filed:**           **Date Rec'd COA:**
   01/05/2026                  01/05/2026

**Prior Cases:**

| | | | |
|---|---|---|---|
| 19-4041 | **Date Filed:** 03/22/2019 | **Date Disposed:** 06/11/2019 | **Disposition:** Affirmed |
| 20-4087 | **Date Filed:** 08/20/2020 | **Date Disposed:** 04/26/2021 | **Disposition:** Affirmed |
| 22-4098 | **Date Filed:** 10/19/2022 | **Date Disposed:** 06/20/2023 | **Disposition:** Affirmed |
| 25-4145 | **Date Filed:** 11/07/2025 | **Date Disposed:** 11/19/2025 | **Disposition:** Jurisdictional Defect |

**Current Cases:**
None

**Panel Assignment:**    Not available

---

CARLOS VELASQUEZ
   Plaintiff - Appellant

                           Carlos Velasquez
                           Email: cfv1983@gmail.com
                           [NTC Pro Se]
                           P.O. Box 581365
                           Salt Lake City, UT 84158

v.

AMAZON.COM SERVICES, INC.
   Defendant - Appellee

                           Ethan Thomas
                           Direct: 702-862-8800
                           Email: edthomas@littler.com
                           [COR NTC Retained]
                           Littler Mendelson
                           Firm: 702-862-8800
                           8474 Rozita Lee Avenue, Suite 200
                           Las Vegas, NV 89169

                           Brian D. Tuttle
                           Direct: 801-401-8312
                           Email: btuttle@littler.com
                           [COR NTC Retained]
                           Littler Mendelson
                           2049 Century Park East, 5th Floor
                           Los Angeles, CA 90067

001

CARLOS VELASQUEZ,

     Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, INC.,

     Defendant - Appellee.

| | | |
|---|---|---|
| 01/05/2026 | ☐ 1<br>69 pg, 1.12 MB | [11244407] Civil case docketed. Preliminary record filed. DATE RECEIVED: 01/05/2026 Notice of appearance and disclosure statement due on 01/20/2026 for Amazon.com Services, Inc. Notice of appearance and fee or ifp forms due on 02/04/2026 for Carlos Velasquez. [26-4000] [Entered: 01/05/2026 12:49 PM] |
| 01/16/2026 | ☐ 2 | [11248127] Entry of appearance submitted by Ethan D. Thomas and Brian Tuttle for Appellee Amazon.com Services, Inc. for court review. Certificate of Interested Parties: Yes. Served on 01/16/2026. Manner of Service: US mail. [26-4000] --[Edited 01/16/2026 by AT to remove PDF as pleading was filed on 1/16/2026.] ET [Entered: 01/16/2026 08:35 AM] |
| 01/16/2026 | ☐ 3<br>3 pg, 143.49 KB | [11248128] Rule 26 Disclosure Statement filed by Amazon.com Services, Inc.. More than 50 parties disclosed: no. Served on 01/16/2026. Manner of Service: US mail. [26-4000] ET [Entered: 01/16/2026 08:36 AM] |
| 01/16/2026 | ☐ 4<br>3 pg, 146.21 KB | [11248155] Entry of appearance filed by Mr. Ethan Thomas and Mr. Brian D. Tuttle for Amazon.com Services, Inc.. CERT. OF INTERESTED PARTIES: y. Served on 01/16/2026. Manner of Service: US mail. [26-4000] [Entered: 01/16/2026 09:07 AM] |
| 01/29/2026 | ☐ 5<br>1 pg, 253.5 KB | [11252047] Consent to electronic service filed by filed by Mr. Carlos Velasquez. Served on 01/29/2026. Manner of Service: email. [26-4000] [Entered: 01/29/2026 02:08 PM] |
| 01/29/2026 | ☐ 6<br>7 pg, 689.2 KB | [11252048] Entry of appearance filed by Mr. Carlos Velasquez. CERT. OF INTERESTED PARTIES: y. Served on 01/29/2026. Manner of Service: email. [26-4000] [Entered: 01/29/2026 02:10 PM] |
| 02/02/2026 | ☐ 7<br>101 pg, 17.49 MB | [11252972] Appellant's pretrial motion filed by Mr. Carlos Velasquez for restatement of the judicial oath for guarantee of good faith and disqualification, for electronic filing privileges, and for waiver of a filing fee. Served on 01/26/2026 by US mail and 02/03/2026 by email. [26-4000] [Entered: 02/03/2026 10:58 AM] |
| 02/03/2026 | ☐ 8<br>3 pg, 136.4 KB | [11253021] Order filed by Clerk of the Court. This matter is before the court on Appellant's Pretrial Motion for Restatement of the Judicial Oath for Guarantee of Good Faith and Disqualification and for Electronic Filing Privilege, also for Waiver of a Filing Fee. The motion is denied without prejudice to renewal as set forth in the attached Order. Any other relief requested in the appellant's motion not expressly discussed in this order is also denied without prejudice to renewal if in compliance with this court's rules and this order. Please see Order for additional information. Served on 02/03/2026. [26-4000] [Entered: 02/03/2026 12:12 PM] |
| 02/04/2026 | ☐ 9 | [11253337] Fee paid. Date paid in District Court on 02/04/2026. Text only entry - no document attached. [26-4000] [Entered: 02/04/2026 10:15 AM] |
| 02/04/2026 | ☐ 10<br>2 pg, 78.88 KB | [11253342] Jurisdictional review complete. Appellant's brief due on 03/16/2026 for Carlos Velasquez. Record on appeal 10th circuit due 02/25/2026. [26-4000] [Entered: 02/04/2026 10:16 AM] |
| 02/05/2026 | ☐ 11<br>562 pg, 35.59 MB | [11253753] Record on appeal filed. No. of Volumes: 2, Comments: Volumes I & II - Pleadings. [26-4000] [Entered: 02/05/2026 09:34 AM] |
| 02/11/2026 | ☐ 12<br>11 pg, 3.1 MB | [11255574] Appellant's motion filed by Mr. Carlos Velasquez re: The Clerks Role Institutionalizing Exceptionalist Constructions of Public Standing, Respectful and Serious Request for the Resignation of the Clerk of the Tenth Circuit, Mr. Christopher Wolpert. Served on 02/09/2026 by US mail and 02/11/2026 by email. [26-4000] [Entered: 02/11/2026 06:12 PM] |
| 02/11/2026 | ☐ 13<br>1 pg, 121.84 KB | [11255575] Order filed by Clerk of the Court. This matter is before the court on a submission by plaintiff-appellant Carlos Velasquez captioned as "The Clerk's Role Institutionalizing Exceptionalist Constructions of Public Standing, Respectful and Serious Request for the Resignation of the Clerk of the Tenth Circuit, Mr. Christopher Wolpert. The [12] submission is referred to the panel of judges that will later be assigned to consider this appeal on its merits (no ruling will issue until briefing on the merits of the appeal is complete ). Appellant's opening brief remains due 03/16/2026. Served on 02/11/2026. [26-4000] [Entered: 02/11/2026 06:16 PM] |
| 03/13/2026 | ☐ 14<br>144 pg, 31.48 MB | [11264425] Appellant brief filed by Mr. Carlos Velasquez. Served on 03/17/2026 by email. Required 10th Cir. R. 28.2 Attachments Included? y. Appellee's brief due 04/16/2026 for Amazon.com Services, Inc. [26-4000] [Entered: 03/17/2026 09:02 AM] |
| 03/31/2026 | ☐ 15<br>5 pg, 52.86 KB | [11268857] Motion filed by Appellee Amazon.com Services, Inc. to extend time to file appellee/respondent's brief until 05/15/2026. Served on: 03/31/2026. Manner of service: email. This pleading complies with all required privacy and virus certifications: Yes. [26-4000] ET [Entered: 03/31/2026 03:00 PM] |
| 03/31/2026 | ☐ 16 | [11268925] Order filed by Clerk of the Court granting Appellee's motion for 29-day extension of time to file response brief. Appellee's response brief now due 05/15/2026 for Amazon.com Services, Inc. Served on 03/31/2026. Text only entry - no attachment. [26-4000] [Entered: 03/31/2026 04:10 PM] |
| 05/15/2026 | ☐ 17 | This entry has been removed from the docket. Corrected brief submitted on 5/15/2026 and filed on 5/18/2026 [SSB] [11282466] Appellee/Respondent's brief filed by Amazon.com Services, Inc.. Served on: 05/15/2026. Manner of service: US mail, email. Oral argument requested? No. Word/page count: 7886. |

This pleading complies with all required privacy and virus certifications:--[Edited 05/15/2026 by SSB cited as deficient on 5/15/2026] Yes. [26-4000] ET [Entered: 05/15/2026 10:21 AM]

| | | |
|---|---|---|
| 05/15/2026 | 18<br>2 pg, 122.19 KB | [11282612] Notice of appellee's deficient brief received from Amazon.com Services, Inc.. See attached letter for specifics. Appellee corrected response brief now due 05/18/2026 for Amazon.com Services, Inc. [26-4000] [Entered: 05/15/2026 02:15 PM] |
| 05/15/2026 | 19<br>42 pg, 210.14 KB | [11282698] Appellee/Respondent's brief filed by Amazon.com Services, Inc.. Served on: 05/15/2026. Manner of service: US mail, email. Oral argument requested? No. Word/page count: 7886. This pleading complies with all required privacy and virus certifications: Yes. [26-4000] ET [Entered: 05/15/2026 04:09 PM] |
| 05/18/2026 | 20 | [11282814] Minute order filed - the corrected brief submitted by appellee is accepted for filing. The parties will be notified via separate docket entry if paper copies are required. Appellant's optional reply brief now due 06/08/2026 for Carlos Velasquez. (Text Only - No Attachment) [26-4000] [Entered: 05/18/2026 09:05 AM] |
| 06/05/2026 | 21<br>47 pg, 9.39 MB | [11288235] Appellant's reply brief filed by Mr. Carlos Velasquez. Served on 06/05/2026. Manner of Service: email. [26-4000] [Entered: 06/05/2026 04:50 PM] |
| 06/05/2026 | 22<br>40 pg, 9.44 MB | [11288236] Attachments to reply brief received from Mr. Carlos Velasquez but not filed. Served on 06/05/2026. Manner of Service: email. [26-4000] [Entered: 06/05/2026 04:52 PM] |

Select All    Clear All

⦿ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0       **Selected Size:** 0 KB       **(Max: 30 MB)**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/09/2026 11:13:36 | | | |
| **PACER Login:** | admin2246378 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 26-4000 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**005**

Ethan D. Thomas, Utah Bar No. 15751
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone: 702.862.8800
Facsimile:  702.862.8811
edthomas@littler.com

Brian Tuttle, Utah Bar No. 16974
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone:  310.553.0308
Facsimile:   800.715.1330
btuttle@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ, Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES INC.,<br><br>Defendant. | **DEFENDANT'S MOTION TO DISMISS**<br><br>Civil No. 2:25-cv-00674-DAK-CMR<br><br>Judge Dale A. Kimball |

Defendant AMAZON.COM SERVICES LLC[1] ("Amazon" or "Defendant"), by and through its counsel of record, Littler Mendelson, P.C., hereby moves to dismiss the Complaint filed by *pro se* Plaintiff CARLOS VELASQUEZ ("Plaintiff" or "Velasquez") under Rule 12(b)(6)

---

[1] Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC. There is no existing entity by the name of Amazon.com Services Inc.

of the Federal Rules of Civil Procedure. Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion") is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, and any oral argument this Court may entertain.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

While difficult to parse, Plaintiff's Complaint—which, despite its length, alleges few facts and is replete with legal jargon and buzzwords that lack coherence and fail to articulate a clear or meaningful claim—appears to claim that after four years of employment with Amazon, Plaintiff resigned from his position in July 2023. He allegedly did so because he disagreed with and complained about his disciplinary warnings and performance reviews, and resented not being selected for a technical training program. As best as Amazon can determine, Plaintiff appears to pursue causes of action for (1) breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment, premised on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; and (5) intentional infliction of emotional distress ("IIED"). In each instance, Plaintiff fails to state a plausible claim for relief under Rule 12(b)(6), and the Court should dismiss this entire action.

## II.    RELEVANT FACTUAL ALLEGATIONS

Plaintiff began his employment with Amazon as a temporary Part-Time Associate at a "DUT1" in Salt Lake City, Utah. (Dkt. No. 1 ("Compl.") ¶ 12.) He "was onboarded on 4/21/2019" and "promoted to Level 3 Yard Marshall and Process Assistant" after June 25, 2021. (*Id.*) He appears to refer to himself as "Velaca" throughout his Complaint (although it is unclear what this word means). (*Id.* ¶¶ 5, 14, 15, 17, 21, 29, 44, 54, 228, 238, 256-259.)

In late 2021, Plaintiff alleges that several managers "engaged in a conspiracy to issue *false statement* [sic] respecting the Plaintiff" and "refused to hear facts" regarding unidentified

2

"inciden[t]s." (*Id.* ¶¶ 15, 16 (emphasis in original).) Amazon then purportedly issued disciplinary coachings to Plaintiff in November or December 2021 (gross insubordination) and "false[ly] report[ed] four separate disciplinary instances on dates 5/29, 5/31, 6/8, and 6/9." (*Id.* ¶¶ 36, 49, 51.) Amazon then allegedly issued another coaching in June 2022 for "[f]ailure to adhere to stand work guidelines" on June 13, 22 and 27, 2022. (*Id.* ¶ 53.)

Plaintiff applied for the Amazon Technical Academy ("ATA") on or around July 6, 2022. (*Id.* ¶¶ 176, 178.) He was "made aware during the interim period," however, "that if he was not in good standing, [he] would not be considered eligible for this training program. (*Id.*) Plaintiff was allegedly denied admission to the ATA. (*Id.* ¶ 181.)

In September or October 2022, Plaintiff's manager Adrian Caldera supposedly "demanded from the Plaintiff that he admit his own behavior was bad, and even fatally unpopular, and to present that admission to subordinates as a self-improvement interrogatory." (*Id.* ¶ 18.) Caldera "repeatedly sought to divest the Plaintiff of the merit of his *experience*." (*Id.* ¶ 19 (emphasis in original).)

On December 10, 2022, Plaintiff claims to have filed an "'Ethics Point'" disciplinary complaint "citing harassment, disciplinary fraud, and character assassination…as part of a greater movement." (*Id.* ¶ 61.) This complaint did not refer to any of the allegations resulting from a protected category. (*Id.*) On December 18, 2022, Plaintiff claims that Amazon issued Plaintiff a First Written warning based on "off-color statements" Plaintiff allegedly made on November 23, 2022. (*Id.* ¶ 92.) The warning also noted Plaintiff's performance failures (coding errors) on November 28, 29, and 30, 2022. (*Id.* ¶ 99.) Plaintiff acknowledged these errors, and Amazon issued a Final Written warning. (*Id.* ¶¶ 101, 103.)

3

In January and/or February 2023, Plaintiff claims to have filed another Ethics Point complaint(s) after his managers "executed a hostile takeover of the Plaintiff's assigned duties, while simultaneously discriminating against other associates." (*Id.* ¶¶ 104, 138.) This complaint did not refer to any of the allegations resulting from a protected category. (*Id.*)

On March 10, 2023, Plaintiff alleges that he appealed his Final Written warning. (*Id.* ¶¶ 130-131.) In the course of his appeal, Plaintiff described his "unrelated independent civil litigation ACTIVE during this time, which does require an enormous level of effort," resulting in "holding back to back 80 to 100 work weeks." (*Id.* ¶¶ 140-142.)[2] Following a teleconference, Amazon purportedly "rescinded the 'Final Written Warning.'" (*Id.* ¶ 146.) On March 15, 2023, Plaintiff's managers "initiated a process to attempt to terminate the Plaintiff" by issuing another "First Written" warning. (*Id.* ¶ 148.) In response to this discipline, Plaintiff admitted that he had previously "use[d] some sensitive language" but had been "under some more high-level stress which may have contributed to the oversight." (*Id.* ¶ 150.)

On May 6 and/or 10, 2023, Plaintiff claims that he "complain[ed] for the last time," this time regarding a positive recommendation given to a manager leaving Amazon who Plaintiff felt had engaged in "'Intentional Mismanagement'...sufficient to constitute 'Stalking' under Utah law." (*Id.* ¶¶ 156-157, 168.) Amazon allegedly investigated the complaint and did not find any violation of policy or standards of conduct. (*Id.* ¶ 168.)

On July 11, 2023, Plaintiff "dispatched a 'Notice of Legal Intent'", which Defendant can only presume that Plaintiff in one way or another informed Amazon of his intent to file a legal

---

[2] In the past 10 years alone, Plaintiff has filed close to a dozen separate lawsuits against various entities. (*See*, **Exhibit A** attached hereto.)

4

claim against Amazon. (*Id.* ¶ 171.) Plaintiff's Security token was then allegedly revoked sometime thereafter. (*Id.* ¶ 172.)

Plaintiff resigned his employment from Amazon on July 24, 2023. (*Id.* ¶ 12.)

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotations marks omitted). When determining whether a plaintiff has alleged plausible claims, courts draw on both "judicial experience and common sense." *Id.* at 679. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts therefore disregard legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."). Courts draw on both "judicial experience and common sense" to assess the plausibility of a claim. *Id.* at 679. The need for plausibility "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting FED. R. CIV. P. 8(a)(2)).

### IV. ARGUMENT

Amazon moves to dismiss Plaintiff's claims on the grounds discussed below based on Amazon's best efforts to discern the claims Plaintiff seeks to pursue.

5

011

### A.    Plaintiff Does Not State a Plausible Claim for Breach of Contract.

"Under Utah law, '[t]he elements of a *prima facie* case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'" *Premier Sleep Solutions, LLC v. Sound Sleep Med., LLC*, No. 2:20-cv-00062-JNP-JCB, 2021 WL 1192579, at *3 (D. Utah March 30, 2021) (quoting *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014)). To properly state a claim, the party must allege sufficient facts to support each of the foregoing elements. *Id.* Plaintiff does not do so.

Plaintiff claims that because Amazon employees "sign a code of conduct," they "are bound to an 'At-Will' contract." (Compl. ¶ 192.) But he then goes on to quote "Amazon's At Will Employment" policy, which expressly *rejects* any finding of a contract between Amazon and its associates:

> Employment at Amazon is not for any specified length of time, and both the associate and the company have the right to end the employment relationship at any time, with or without cause and with or without prior notice or warning. Only Amazon's general counsel and chief financial officer have authority to bind the company to policies or agreements that conflict with this policy of at-will employment. Any such exception must be in a written agreement signed by Amazon's general counsel or chief financial officer.

(*Id.* ¶ 193 (quoting Exhibit 30 thereto at 8 ("At Will Employment")).); *Abbott v. BNSF Ry. Co.*, 383 F. App'x 703, 709 (10th Cir. 2010) (determining that "at will" language in the Code of Conduct indicates the employers intent to not bind itself to a contract). Regardless of whether Plaintiff believes that Amazon failed to follow its own internal policies (Compl. ¶¶ 209-210), he has not alleged any facts that would show a binding contract existed between the parties, much less that Plaintiff performed his obligations and Amazon breached the contract instead. *See Gardner v. Deseret Mut. Benefit Admins.*, No. 2:14-CV-00602-DN-EJF, 2016 WL 2588165, at *6 (D. Utah May 4, 2016) (no contract where employee manual clearly disclaimed contractual liability) (citing *Tomlinson v. NCR*

*Corp.*, 345 P.3d 523, 529 (Utah 2014))). Thus, because no contract exists between Plaintiff and Amazon, no breach occurred and this claim must be dismissed. *Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020) (dismissing the breach of contract claim because no contract existed between the plaintiff and defendant – the defendant's policies and procedures were just guidelines and lacked the necessary promissory language to create contractual obligations).

> **B.    Plaintiff Does Not State a Plausible Claim for Hostile Work Environment, Discrimination, or Retaliation.**

Plaintiff repeatedly states that his supervisors harassed, discriminated, and retaliated against him. While his pleading intentions remain opaque, Plaintiff does not state any such claim as a matter of law because he premises his claim(s) on "criminal stalking" allegations, not on any protected status. (Compl. ¶ 223.) Plaintiff also does not allege to have exhausted administrative remedies for any protected status claim.

> **1.    Plaintiff Premises His Claim(s) on Criminal Stalking, Not Any Protected Status.**

If Plaintiff intended to plead a claim for hostile work environment, discrimination, or retaliation, he would need to allege membership in a protected group under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), or the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national*

*origin*," including sexual harassment based on gender (emphasis added));[3] 42 U.S.C. § 12101 *et seq.* (prohibiting discrimination on the basis of disability); 29 U.S.C. § 621 *et seq.* (prohibiting discrimination based on age); *Gray v. Trader Joe's Company*, no. 2:24-cv-00143, 2025 WL 1071626, at *5 (D. Utah Jan. 7, 2025) (retaliation claim required plaintiff to have complained about sexual harassment). But Plaintiff does not do so: he does not identify his race or age, any disability, or any other protected characteristic, nor does he make any complaint about discrimination or harassment. Plaintiff has therefore failed to support a claim for hostile work environment, discrimination, or retaliation.

### 2.    Plaintiff Did Not Exhaust Administrative Remedies.

Even if Plaintiff had alleged a protected status, a claim for hostile work environment, discrimination, or retaliation fails because he has not exhausted administrative remedies. Claims for discrimination, harassment, and retaliation under Title VII, the ADA, and the ADEA require that a plaintiff exhaust administrative remedies before filing suit. *See, e.g., Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (citing 29 U.S.C. § 626(d)(1)(B)) (The law provides that no civil action may be commenced unless "the would be plaintiff first files a grievance with the appropriate administrative agency – and does so 'within 300 days after the alleged unlawful practice occurred.'")[4]; *McElroy v. American Family Ins. Co.*, 51 F. Supp. 3d 1093, 1103 (D. Utah 2014) (failure to exhaust was grounds for dismissal of Title VII claim). To

---

[3] To the extent Plaintiff attempts to plead a separate claim for constructive discharge, it cannot stand as a freestanding cause of action. Constructive discharge constitutes an adverse employment action—an element of an employment discrimination or retaliation claim, not an independent claim in and of itself. *See, e.g., Rivero v. Bd. of Regents of Univ. of New Mexico*, 950 F.3d 754, 761 (10th Cir. 2020) (constructive discharge is "adverse employment action" sufficient to support employment discrimination claim under ADA).

[4] Even if Plaintiff reverted back and filed a Charge of Discrimination with the appropriate government agency, it would not be timely and would eventually be subject to dismissal because more than 300 days have transpired since the most recent alleged adverse action.

exhaust administrative remedies, plaintiff must file a charge of discrimination containing facts "concerning the discriminatory and retaliatory actions underlying each claim[.]" *Id.* Plaintiff does not allege filing any charge.

The exhaustion requirement serves two principal purposes: (1) "to give notice of the alleged violation to the charged party;" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). So, to promote the purposes of the exhaustion rule, a "plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* Because Plaintiff has failed to properly allege to have exhausted administrative remedies (likely because he has not), Plaintiff's claims of discrimination, a hostile work environment, and retaliation are barred from the outset.

### 3.    Plaintiff Cannot State a Claim Based on a Criminal Statute.

Finally, rather than his own protected status, Plaintiff seems to premise his claim(s) for hostile work environment, discrimination, and/or retaliation on "State and Federal anti-stalking laws." (Compl. ¶¶ 11, 167, 190, 217-221 (citing Utah Code § 76-5-105.5(2) and 18 U.S. § 2261A(1)(B)).) These criminal statutes do not provide for a private cause of action and Plaintiff may not pursue his claims thereunder. *See Semper v. Bessent*, 2025 WL 2046427, at *3 (10th Cir. July 22, 2005) ("criminal statutes do not provide a private cause of action" (citing *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002)).)

### C.    Plaintiff Does Not State a Plausible Claim for Tortious Interference.

To state a claim for tortious interference with a contract, a plaintiff must show (1) the defendant intentionally interfered with the plaintiff's existing or potential economic relations; (2) for an improper purpose or by improper means; (3) causing injury to the plaintiff. *Superior Water*

*and Air, Inc. v. Puronics, Inc.*, No. 2:07CV838 DAK, 2008 WL 2627467, at *3 (D. Utah June 30, 2008). Inherently, a party must have sufficiently alleged a breach of a contractual obligation. *1600 Barberry Lane 8 LLC v. Cottonwood Residential OP LP*, 2019 UT App 146, ¶ 21, 449 P.3d 949, 957. There is a presumption that all employment relationships entered into for an indefinite period of time are at-will. *Ray v. Wal-Mart Stores, Inc.*, 359 P.3d 614, 620 (Utah 2015).

As an at-will employee, and as discussed above, Plaintiff did not have an employment contract with Amazon that could be subject to a tortious interference claim. *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 2005 UT App 325, ¶ 9, 122 P.3d 891, 895 (trial court properly dismissed cause of action for tortious interference with employment contract because plaintiff was an at-will employee, without an employment contract.). In addition, Plaintiff's claim here defies logic, as it suggests Amazon could somehow tortiously interfere with its own contract. *See SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1082 (10th Cir. 2018) (tortious interference claim requires interference of third party).

Indeed, Plaintiff seems instead to base his tortious interference claim on Amazon's denial of his admission to the ATA training program, akin to a failure-to-promote claim that would arguably and more properly fall under Title VII, the ADA, or the ADEA, which Plaintiff has failed to plausibly plead or exhaust, as discussed above. *See Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1216 (10th Cir. 2022) (dismissing failure to promote claim under Title VII). As such, Plaintiff has failed to properly plead a tortious interference claim.

**D.    Plaintiff Does Not State a Plausible Claim for Fraudulent Misrepresentation.**

To state a claim for fraudulent misrepresentation under Utah law, Plaintiff must allege (1) that a representation was made; (2) concerning a presently existing material fact; (3) which was false; and (4) which the representor either (a) knew to be false; or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation; (5) for the purpose

10

of inducing the other party to act upon it; and (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to that party's injury and damage. *Chappell v. SkyWest Airlines, Inc.*, No. 4:21-cv-00083-DN-PK, 2021 WL 5882256, at *1 (D. Utah Dec. 13, 2021) (quoting *Cardon v. Jean Brown Research*, 327 P.3d 22, 24 (Utah Ct. App. 2014). Here, Plaintiff fails to allege what false representation was made and what action he took in detrimental reliance thereupon. At most, it appears Plaintiff objects to Amazon's reviews of his performance and discipline arising from Plaintiff's conduct at work. Amazon's assessment of Plaintiff's performance and conduct are inherently opinions, not facts, and Plaintiff does not describe any detrimental action *he* took because he relied on those reviews or disciplinary actions. Plaintiff's claim thereby fails as the pleadings do not properly allege the essential elements for a fraudulent misrepresentation claim.

E.    **Plaintiff Does Not State a Plausible Claim for Intentional Infliction of Emotional Distress.**

Finally, Plaintiff suggests a claim for "vicarious infliction of emotional distress." (Compl. ¶ 10.) As "vicarious infliction" does not exist as a claim for damages, Amazon interprets Plaintiff's claim as one for intentional infliction of emotional distress, or "IIED". An IIED claim under Utah law requires that a plaintiff show (1) the defendant's conduct is outrageous and intolerable; (2) the defendant intends to cause emotional distress; (3) the plaintiff suffers severe emotional distress; and 4) the defendant's conduct proximately causes plaintiff's emotional distress. *Odunze v. Lake Effect*, No. 2:24-cv-00341-DBB-CMR, 2025 WL 756924, at *2 n.2 (D. Utah Jan. 17, 2025).

As an initial matter, none of the alleged conduct by Plaintiff is sufficiently "outrageous" as a matter of law to state an IIED claim. Outrageous conduct "is conduct that evokes outrage or revulsion; it must be more than unreasonable, unkind or unfair." *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002). Additionally, conduct is not outrageous simply because it

11

constitutes an "insult," "indignity," or act which is "definitely inconsiderate and unkind." *Ankers v. Rodman*, 995 F. Supp. 1329, 1336 (D. Utah 1997). Conduct is also not outrageous because it is "unreasonable, unkind, or unfair". *Crowe v. SRR Partners, LLC*, 632 F. Supp. 3d 1233, 1242 (D. Utah 2022). At most, Plaintiff alleges that Amazon disciplined him for problematic behavior—at least some of which he admitted—and criticized his performance. These allegations do not rise to the level of "outrageous" and "intolerable" for purposes of an IIED claim. *Id.* (allegation that former employer terminated the plaintiff while she was fighting cancer was not outrageous conduct, as required to state an IIED claim, although such conduct may have been unreasonable, unkind, or unfair.) Nor has Plaintiff alleged any facts that would show Amazon *intended* to harm him. *See Odunze*, 2025 WL 756924 at *2 n.2. Plaintiff therefore cannot prevail on his IIED claim.

## V.    CONCLUSION

For the foregoing reasons, it is evident from the pleadings that Plaintiff has failed to state a claim on which relief may be granted. Defendant therefore respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated: September 25, 2025                     LITTLER MENDELSON, P.C.

_____
Ethan D. Thomas
Brian D. Tuttle

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113.4770. On September 25, 2025, I served the within document(s):

### DEFENDANT'S MOTION TO DISMISS

☒ By CM/ECF filing – pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the court's case management and electronic case filing (cm/ecf) system:

☐ By PROCESS SERVICE – the above-referenced document was process served via process service upon the parties listed.

☐ By EMAIL – by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below pursuant to agreement of counsel.

> Carlos Velasquez, Pro Se Plaintiff
> Civil Bureaucratic Federalist
> P.O. Box 581365
> Salt Lake City, UT 84158
> Phone: 801.71.0371

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 25, 2025, at Las Vegas, Nevada.

> /s/ Maribel Rodriguez
> Maribel Rodriguez

4922-4430-4233.3 / 114766.1320

13

019

# INDEX


EXHIBIT A – LexisNexis Report


INDEX

# EXHIBIT "A"

LexisNexis Report

# EXHIBIT "A"

### LexisNexis

Results for: (plaintiff-litigant("Carlos Velasquez ") or defend...

**Dockets**

1. ### CARLOS VELASQUEZ vs. SHANNON SYLVESTER

   ... Summary Judge GORDON J LOW CaseType Family Law GORDON J LOW **CARLOS VELASQUEZ** P
   Petitioner Address: 261 W 550 S City: LOGAN State: UT ...

   **Court:** Utah District Court, Logan County | **Date Filed:** May 24, 2006 | **Docket Number:** 064100260 |
   **Nature of Suit:** Paternity

2. ### VELASQUEZ, CARLOS vs. UT DEPT OF HUMAN SERVICES, et al.

   ... Judge KARA PETTIT CaseType Civil KARA PETTIT **CARLOS VELASQUEZ** P Plaintiff Address: 1848
   RAMONA AVE City: SALT LAKE CITY State: ...

   **Court:** Utah District Court, Salt Lake City County | **Date Filed:** May 10, 2017 | **Docket Number:**
   170903058 | **Nature of Suit:** Administrative Ag

3. ### Velasquez V. Amazon.Com Services

   ... Magistrate Judge Cecilia M. Romero Assigned CECILIA M ROMERO 2019-06-10T14:14:00
   3081723170931 **Carlos Velasquez** P Plaintiff **CARLOS VELASQUEZ** 2004-05-19T10:06:00 1 **Carlos
   Velasquez Carlos Velasquez** PRO SE -1...

   **Court:** United States District Court, Utah | **Date Filed:** Aug 12, 2025 | **Docket Number:** 2:25cv674 |
   **Nature of Suit:** Other Contract | **Cause:** Breach of Contract | **Status:** Open

4. ### Velasquez v. Baldock, et al

   ... District Court for the District of Utah - Salt Lake City **CARLOS VELASQUEZ** P Plaintiff - Appellant
   **CARLOS VELASQUEZ** 2023-06-20T13:13:17.703 **Carlos Velasquez** P Plaintiff - Appellant...

   **Court:** US Court of Appeals for the Tenth Circuit | **Date Filed:** Oct 19, 2022 | **Docket Number:** 22-4098 |
   **Nature of Suit:** 2440: Other Civil Rights | **Status:** Terminated

5. ### Velasquez V. Baldock Et Al

   ... Supreme Court order dated 02/20/2024 denying certiorari filed by Mr. **Carlos Velasquez** as to 56 Notice
   of Appeal filed by **Carlos Velasquez**. (jrj) (Entered: 02/20/2024) Judge Howard C. Nielson, Jr Assigned
   HOWARD C NIELSON 2019-06-14T19:01:00 1888219207275 **Carlos Velasquez** P Plaintiff **CARLOS
   VELASQUEZ** 2004-05-19T10:06:00 1 **Carlos Velasquez Carlos Velasquez** PRO SE -1...

   **Court:** United States District Court, Utah | **Date Filed:** Feb 25, 2022 | **Docket Number:** 2:22cv133 |
   **Nature of Suit:** Other Civil Rights | **Cause:** Civil Rights Act | **Status:** Closed

6. ### Velasquez v. State of Utah, et al

... District Court for the District of Utah - Salt Lake City **CARLOS VELASQUEZ** P Plaintiff - Appellant
**CARLOS VELASQUEZ** 2019-06-20T21:50:16.720 **Carlos Velasquez** P Plaintiff - Appellant...

**Court:** US Court of Appeals for the Tenth Circuit | **Date Filed:** Mar 22, 2019 | **Docket Number:** 19-4041 |
**Nature of Suit:** 3899: Other Statutes - APA Review/Appeal | **Status:** Terminated

7.   Velasquez v. State of Utah, et al

... District Court for the District of Utah - Salt Lake City **CARLOS VELASQUEZ** P Plaintiff - Appellant
**CARLOS VELASQUEZ** 2021-06-09T17:28:22.317 **Carlos Velasquez** P Plaintiff - Appellant...

**Court:** US Court of Appeals for the Tenth Circuit | **Date Filed:** Aug 20, 2020 | **Docket Number:** 20-4087 |
**Nature of Suit:** 2440: Other Civil Rights | **Status:** Terminated

8.   Velasquez V. State Of Utah Et Al

... DOCUMENTS LODGED consisting of Correspondence from **Carlos Velasquez** . Note: attached
document lodged for reference purposes only; no response ...
... (dla) (Entered: 02/04/2022) Judge Dee Benson Assigned DEE BENSON 2004-05-19T10:03:00
722625467602 **Carlos Velasquez** P Plaintiff **CARLOS VELASQUEZ** 2004-05-19T10:06:00 1 **Carlos
Velasquez Carlos Velasquez** PRO SE -1...

**Court:** United States District Court, Utah | **Date Filed:** Mar 26, 2020 | **Docket Number:** 2:20cv205 |
**Nature of Suit:** Other Civil Rights | **Cause:** Civil Rights Act | **Status:** Closed

9.   Velasquez V. State Of Utah Et Al

... DOCUMENTS LODGED consisting of Correspondence from **Carlos Velasquez** . Note: attached
document lodged for reference purposes only; no response ...
... (dla) (Entered: 02/04/2022) Judge David Nuffer Assigned DAVID NUFFER 2004-05-19T10:03:00
939376449333 **Carlos Velasquez** P Plaintiff **CARLOS VELASQUEZ** 2004-05-19T10:06:00 1 **Carlos
Velasquez Carlos Velasquez** PRO SE -1...

**Court:** United States District Court, Utah | **Date Filed:** Sep 13, 2018 | **Docket Number:** 2:18cv728 |
**Nature of Suit:** Other Statutes - Administrative Procedure Act/Review or Appeal of Agency Decision |
**Cause:** Administrative Procedure Act | **Status:** Closed

10.   USA v. Medina-Arteaga et al

... Terminated Felony Judge Jill N. Parrish Assigned to JILL PARRISH 2023-03-13T10:41:00 **Carlos
Velasquez**-Cruz D Defendant  **CARLOS VELASQUEZ** CRUZ 2023-03-13T10:41:00 2 2 09/09/2022
**Carlos Velasquez**-Cruz Michael J. Langford...

**Court:** United States District Court, Utah | **Date Filed:** Feb 03, 2021 | **Docket Number:** 2:21cr51 | **Status:**
Closed

11.   USA v. Valle-Hernandez

... VALLES HERNANDEZ 2019-11-29T17:42:00 Atilio Fernandez Velasquez ATILIO FERNANDEZ
VELASQUEZ 2019-11-29T17:42:00 Juan **Carlos Velasquez** JUAN **CARLOS VELASQUEZ** 2019-11-
29T17:42:00 D Defendant  KEVIN ATILIO VALLE HERNANDEZ 2019-11-29T17:42:00...

**Court:** US District Court for the District of Utah | **Date Filed:** Jan 05, 2016 | **Docket Number:** 2:16cr6 | **Status:** Closed

PRESS FIRMLY TO SEAL

FSC
MIX
Board
FSC® C116918

PAPER POUCH
w2recycle.info

PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

# PRIORITY MAIL EXPRESS®

FLAT RATE
ENVELOPE
E RATE ■ ANY WEIGHT

schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

 

UNITED STATES POSTAL SERVICE®   **Click-N-Ship®**

**E**

usps.com
$31.11
US POSTAGE

9470 1301 0935 5017 0728 71 0311 1001 0008 0257


U.S. POSTAGE PAID
Click-N-Ship

06/09/2026
1 lb 0 oz                  Mailed from 84158   7591138946365846

IONAL USE
HERE

## PRIORITY MAIL EXPRESS®

CARLOS VELASQUEZ
PO BOX 581365
SALT LAKE CITY UT 84158-1365

Created 2026-06-09
Flat Rate Envelope
RDC 07

C000

WAIVER OF SIGNATURE

domestic


Scanned by
US Marshal

insurance


BYRON WHITE US COURTHOUSE/CLERK 'S O
1823 STOUT ST
DENVER CO 80257-0001

### USPS TRACKING #

9470 1301 0935 5017 0728 71

and

ails.

egarding

 MAY BE REQUIRED.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.