IN THE TENTH CIRCUIT COURT OF APPEALS

FOR THE UNITED STATES OF AMERICA

| | |
|---|---|
| In re Velasquez v. Amazon.com<br><br>v.<br><br>Senior Judge Dale Kimball (D. Utah) | Extraordinary Motion to Compel his Honor, Senior Judge Dale Kimball to Respond to the Appellant's Brief<br><br>Appeal No. 26-4000 |

1. We respectfully demand the Circuit Court will ask and compel Senior Judge Dale Kimball to respond, and will consider de novo review of his handling of (1) Pro Se Affidavit of Judicial Bias; (2) Defendant's Motion to Dismiss; (3) Motion for Relief from a Judgment cit. Fed. R. Civ. P. 60(d).

2. The Motion demonstrates three things,

1

(1) Senior Judge Dale Kimball allowed himself to Falsely Declare and avoid Recusal for an unresolved allegation of *Fraud on the Court,* his honor abused the *extrajudicial source* doctrine. The allegation the Judge was previously biased against the law cit. 28 U.S. § 144, incl. partial demonstrations of an unresolved District Court case, and *Fraud at Determination* in the Circuit Court instance, *Velasquez v. Utah,* No. 2:20-cv-205/CA10 No. 20-4087. It is unacceptable to hold this point was ever not argued correctly, we timely and correctly posed the objection and allegation.

(2) The *Fraud on the Court* motion remains withstanding versus Senior Judge Dale Kimball, and Senior Judge Nancy Moritz, and the court's opinions on the matter are defined by intrinsic Abuses of Procedures to commit Perjury against case and constitution. Judiciary named herein appear *biased against the law,* and may Recuse under 28 U.S. § 144 in light of the Affidavit.

(3) The Judiciary have not upheld the Constitution of the United States of America, the Public Law, or the Federal Rules of Civil and Appellate Procedure when it came to citizen and person Carlos Velasquez, any of the

cases that were advised to the court were related to the Recusal and *Fraud on the Court* allegation in this instance versus Amazon.com.

3. The general cause within the *Fraud on the Court* circumstance literally appears to be the unwillingness of the Circuit Court to uphold the Frist Amendment in context to an appeal, a question of "Issue Preclusion" terminated the civil rights of the Pro Se plaintiff at Family Law. See Addenda 089.

4. Senior Judge Dale Kimball was responsible for the opinion of the deceased Senior Judge Dee Benson after issuing an undefined Notice of Appeal in Bad Faith in District of Utah Case No. 2:20-cv-205/CA10 No. 20-4087; undefined, Kimball's opinion terminated strictly on a procedural basis and did not state the case while the Motion that defined *Fraud on the Court* was already filed; he apparently sought to harm the Appellant politically, and has not stated his observable bias.

5. Senior Judge Dale Kimball has a persistent duty to report both fraud and error in the court, and cannot evade the disposition by any degree of implication.

6. The Appellant, Carlos Velasquez, attempted to find an opportunity to make these demonstrations in a Mandamus paper but was prevented on legally questionable or even illegal basis, because an Interlocutory Appeal can review whether a Judge perjury to evade a Recusal standard. See Appeal No. 25-4145.

7. The Circuit Court by and through Senior Judges Jerome Holmes and Nancy Moritz present the appearance of having harmed the Pro Se civil petitioner, the people thereby, and can be observed to have evaded very plain terms in review because the last dispositive motion tolls the time for a Notice of Appeal, so they cannot have ignored a *Fraud on the Court* motion and upheld the Public Law; these circumstances carry civil and prejudicial allegations of Perjury in the Judicial Opinion itself.

8. The Appellant's Brief provides a convenient tautology for interpreting Ministerial Fraud, a process that begins identifying more than one *false declaration* in the opinion, graduates to a *perjury* allegation in terms of the procedural-statutory issue, and asks whether the Constitution of the United States of America was directly and intentionally misinterpreted to disorient the victim, the issue, and the court itself.

9. All four cases show direct and intentional violations of the civil right to petition.

10. It is an auspicious year for the United States of America, and the judiciary must surrender and confess their false testimonies in these matters, or will find no lenity for having remained hostile and contumacious.

## RELIEF SOUGHT

11. We demand the exposure of Ministerial Fraud and Judicial Malpractice in any and all cases the allegation remains timely published to the court's docket, and left unresolved or improperly avoided.

12. To that end the following demands are civilly equitable to Justice:

(1) The Circuit Court will formally acknowledge the Fraud on the Court rule, including the condition of Relief from a Judgment, cited under Fed. R. Civ. P. 60(d);

(2) The Circuit Court will admit the term of undue Judicial Adversity is, or may be, the Cause of Appeal, and recognize Appeal No. 26-4000 as titled above;

(3) The Circuit Court will allow and so command the Senior Judge Dale Kimball to reply, and defend his dismissal and reconsideration terms in light of the Appellant's Brief, Replies, Appellee's Responsive positions;

(4) The Circuit Court will allow that if the Fraud on the Court allegation is true, the jurist is recused, and may be liable for Appeal;

(5) The Circuit Court will issue Notice, and Compel Service by U.S. Marshall, or any other means;

(6) Judiciary named herein appear *biased against the law,* and may Recuse under 28 U.S. § 144 in light of the Affidavit we present was faithlessly deposed by Senior Judge Dale Kimball, and Senior Judge Jerome Holmes who mistreated this question to prevent United States Courts from learning the truth.

**Extraordinary Grounds for Circuit Court Jurisdiction**

13.28 U.S. § 1291 declares the "courts shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

14. We demand this includes Jurisdiction over past appeals where Ministerial Fraud can be demonstrated.

15. The Circuit Court's finality terms under Fed. Rs. App. P. 36, 41, 42 have not been applied in good faith. See Below.

### Waiver of Presumption of Good Faith in Judicial Issues on Judicial Misstatement of Congressional Intent

16. We have asked in the Appellate Brief for the Court to suspend a Presumption of Good Faith, this is the maintained pleading for application of an Ethical Suspense doctrine on conditions in limine.

17. Good Faith in the Judicial Opinion describes circumstances wherein (a) the Judiciary have testified under the Constitution of the United States of America, for United States Courts, their witness and mastery over the civil case between two parties in adversity, and (b) said testimony of the Constitution, Public Law, and Rules is incontestable on the independence of hisher deliberations for its truthfulness of the case, consistency with the

7

court's applied precedents, for continuity with the Constitution of the United States of America who rejects civico-criminal exceptionalism and may punish and fine such intent and negligence zealously.

18. Senior Judge Dale Kimball disposed of an Affidavit he had previously committed a *Fraud on the Court,* the affidavit admitted for Judicial Review that it was left unresolved from the court's opinions, and further the related case remains withstanding,

> "In this case, Plaintiff has not provided a certification that his accompanying Affidavit and the substantive factual allegations have been filed in good faith." [Cit. *Robertson v. Cartinhour,* 691 F. Supp. 2d 65 [D.D.C. 2010]. [See Addenda, 006].

19. In contradiction to Kimball's whole disposition of the question, the standard requesting an Affidavit in Good Faith is intended to prevent vexatious litigants from abusing a recusal standard independent of counsel.

20. The plaintiff is Pro Se in all of these instances, and does not ever find a refutation or proof against his pleadings. Instead, as pleaded already, the Judicial Opinion on recusal appears to be a cruel and informal *derision.*

We say, therefore, Recusal is not a question of *Judicial Discretion,* but is instead part of broad conditions on the Federalism of Impartiality.

21. The best statutory means of recognizing the complex allegation, (1) 28 U.S. § 144, the Recusal standard can implicate breach of *judicial expression* doctrine who observes extrinsic from intrinsic judicial expression, and includes limitations on *extrajudicial source* construction to better observe the form and manner of some allegation of *judicial bias,* whether "intrinsic" or "extrinsic," and rather whether it can be proper, "It is true that a number of Courts of Appeals have relied upon the word *personal* in restricting § 144 to extrajudicial sources (cit. omitted)…It seems to us, however, that mistakes the basis for the *extrajudicial source* doctrine [because] First and foremost, that explanation is simply not the semantic success it pretends to be[.]" *U.S. v. Brocato,* 4 F.4th 296 (CA5 2021) cit. *Liteky v. U.S.,* 510 U.S. 540 (1994). See Addenda 139.

22. Judicial Bias under Section 144 is all-encompassing for immediate Recusal standards, while Personal Bias under Section 28 U.S. § 455 addresses conditions of disqualification from a proceeding as based in a extrinsic Statement or judico-administrative Declaration.

23. This opinion should appear as a restatement of *Liteky* and delineation against *Brocato's* construction of *appearance,* because Section 455 respects pre-trial Declarations Judges ordinarily make for the Clerk who issues notice of their Disqualification.

24. "Bias against the law" is not a question of reasonable defects from routine individual impartiality.

25. The delineation for a Fraud on the Court allegation is softer because "judicial bias" may be "bias against law," while questionable "impartiality" may also stand "bias against law."

26. Section 144 appears to resolve this observation on a substantivity check, two critical points, (1) whether the affidavit is sufficient; (2) whether the attorney filing it has filed attached an affidavit of Good Faith.

27. Section 144 is all-encompassing and defines future applications for Section 455; so the malpractice occurred when the Affidavit went unresolved on its substantive grounds, so that the jurist could improperly hold that it was not an

extrajudicial source condition called into question, but was merely insufficient.

28. The awkwardness of his expression is telling, so that in this way we admit the role of the Judiciary is as intended for the People, and its Federal role cannot abrogate Public Standing for any question. In pragmatic terms, how would the Pro Se litigant contract an attorney to file an affidavit which for which he has no other proxy.

29. The statute also naturally limits the number of such affidavits per trial to a single question; so that compounding old issues with new issues may not define the measure of Congressional intent, and only resolve that *Judicial Discretion* interpreting Congressional intent must interpret the Constitution of the United States of America in the exceptionless cause of the People.

30. The alternative will break the impartiality of the judiciary and permit criminal malpractice on false textual predicate.

31. The Motion invoked both statutes; the jurist having committed an unrecognized malpractice in the past is forever disqualified from hearing cases concerning the victim and defendant parties, and knows "bias against

the Law," can find no formal *judicial protectorate* to allow him to write simply any kind of whimsical opinion.

32. Restated, Ministerial Fraud is an Intrinsic Fraud by definition, one intrinsic to Authority who may intentionally forget limited government, who may be interested in magnifying the impact of partisan seditions, and the Affidavit filed declares plainly the question of "bias against the law" and does not permit exception from the same condition between 144 and 455, as if exclusively under the latter.

33. Senior Judge Dale Kimball, however, reviewed improperly under Section 455 and made the following unreasonable declaration,

> In his Motion for Recusal, [the Appellant] has offered no
>
> valid justification for recusal. The sole basis for the recusal
>
> request appears to be that this court has previously ruled
>
> against [the Appellant]. It is well settled, however, that
>
> adverse ruling do not provide grounds for recusal. [See
>
> Addenda, 014].

34. *Fraud on the Court* cannot be interpreted beneath a standard of bias against law per se. The intrinsic nature of the fraud alleged has here been provided

as an extrinsic source, "adverse rulings" that do not provide grounds for recusal.

35. Paragraph 2 of the Motion made the plain summary invocation. See Addenda 020.

36. The Affidavit shows three plain causes:

(1) A case pending filing for *Fraud on the Court* that names Senior Judge Dale Kimball as a defendant, the case is not yet filed is pending resolution of this circumstance. See Addenda 021, "Cause 1."

(2) The disposition of *Velasquez v. Baldock et al.* (Case No. 2:22-cv133/CA10 22-4098) was apparently contributory to the workplace disposition. Senior Judge Dale Kimball was named as a defendant, and Senior Judge Howard Nielson and Magistrate Jared Bennet failed to resolve that case, Circuit Judge Tymkovitch apparently also refused to recognize the Cause of Action, and set a precedence to pre-empt replies with false testimony of the meaning and intent of the Case or Controversy Requirement. Id, 024, "Cause 2."

(3) The Code of Judicial Conduct, CJC3 admits that the UNRESOLVED allegation in terms of the appearance of his name on the docket provokes the Recusal/Disqualification question. Id, 025 "Cause 3."

37. The Senior Judge Falsely claimied to have deposed these causes in light of the appended withstanding Motion, cited cases such as *United States v. Nickl,* 427 F.3d 1286 (10th Cir. 2006), *United States v. Well,* 873 F.3d 1241 (10th Cir. 2017), *Nichols v. Alley,* 71 F.3d 347 (10th Cir. 1995); *Green v. Branson,* 108 F.3d 1296 (10th Cir. 1997); *Glass v. Pfeffer,* 849 F.2d 1261 (10th Cir. 1988); *Willner v. University of Kansas,* 848 F.2d 1023 (10th Cir. 1988); all cases which decline the court on reasonable skepticism. See Addenda, 013.

38. The jurist however simply abused procedural leverage, on replies we can make more bold demonstrations based on the Affidavit's appendage, an Unresolved *Fraud on the Court* motion, and the opinions upholding it. See Addenda, 005, 013, 035, 067, 083, 089.

**Further Demonstration of Bad Faith in Judicial Malpractice**

39. When read thoroughly, we get some background on the judicial procedures,

The district judge adopted the R&R and noted that just two days after the R&R was issued, [the Appellant] accused the magistrate judge of criminal misconduct. *Id.* at Docket No. 42. [the Appellant] then requested that district judge recuse. *Id.* at Docket Nos. 51 & 63. The judge declined, finding that it is well settled that adverse rulings do not provide grounds for recusal. at Docket No. 63 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988)). [See Addenda, 014].

40. His recitations fail to substantiate the case: and falsely navigate a kind of judicial "vague space" between the 144 term of Bias as applied against the law, versus the circumstantial bias under Judicial Adversity per 455.

41. The judicial treatment paints the portrait of repeated frivolous or vexatious or petition practices, but stops at the case precedence. Such an implication improperly commutes bias and force to invade the privileges and immunities of the victim.

42. When evenly read, those case histories only provoke outrage at the extensive civil tort.

15

43. The judiciary must make plinary showing under all of the cases cited.

**The Moritz Opinion is Relevant and Fraudulent on Interpretation**

44. Related to the holding called into question by the Motion to Set Aside for Fraud on the Court, Relief from a Judgment under Rule 60(d), Senior Judge Nancy Moritz misstated Claim Preclusion orientations,

("[A] dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion . . . ." (internal quotation marks omitted)). Thus, the district court erred in applying claim preclusion to dismiss... But a dismissal for lack of jurisdiction still precludes a plaintiff from relitigating that ground for dismissal. [See Addenda, 095.]

45. The court did not acknowledge the Ministerial Fraud allegation, although it was presented as the basis for Appeal.

46. The Motion itself recognizes a misstatement of *Rooker-Feldman* doctrine between two cases sloppily misidentified the applied Jurisdiction for the Cause, a *Rooker-Feldman* procedural bar to an Administrative Application has

been corrected with an amended complaint filed. See Addenda, 038, "Objections I."

47. The Moritz Opinion affirms the Benson Opinion merely because the Opinion prior, the Nuffer opinion, concluded the matter under Rooker-Feldman doctrine with prejudice; that global contention about the doctrine itself was not the basis to demonstrate Ministerial Fraud, it was instead the Jurisdiction of the Case differed from that under which the Nuffer Opinion held that matter to be concluded. Comp. Title VII Jurisdiction under a misstatement from the Pro Se party to Original Jurisdiction under the Civil Rights Act. Id. See Addenda, 036, "Statement."

48. The Amended Complaint was field under the Civil Rights Act and could not recognize the *Rooker-Feldman* disposition of the first case; Senior Judge David Nuffer did not cooperate with a Motion to Amend the Complaint to Show Jurisdiction.

49. The Judiciary thereby colluded under false terms of res judicata to foreclose all civil rights to the question where it was demonstrated the *Rooker-Feldman* doctrine does not extend so far, "A Federal Court lacks jurisdiction only if (1)

17

the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the judgment was rendered before the federal suit was filed; and the plaintiff is inviting the district court to review and reject the state judgment.' *In re Philadelphia Entm't Partners v. Commonwealth of Pennsylvania Dept. of Revenue*, 569 B.R. 394 (E.D. Pa. 2017), cit. *Great Western Mining & Mineral Co., v. Fox Rothschild LLP*, 615 F.3d [159,] 166." See Addenda, 039; See Also, 139.

50. The latter term, "the plaintiff is inviting the district court to review and reject the state judgment," tolerates that *Rooker-Feldman* doctrine does not bar or prohibit Jurisdiction over original actions because it cannot be read to be a direct impairment of Jurisdiction than a question of injunction upon a State Court post-trial.

51. The *transfer* of Jurisdiction is limited under law to trials that have not yet concluded.

52. The *Rooker-Feldman* is not a doctrine of *Judicial Discretion*, preclusion issues directly from against the observation of the Jurisdiction of the State

Court Judgment, and in theory applies the ruling from the State court in terms of rejecting the case from original jurisdiction.

53. The doctrine is not discovered to protect State Agency per se, and should be understood to demand a high quality decisions from State court judgments.

54. As stated above, "The review and reject requirement concerns whether the federal court must conduct prohibited appellate review of state-court decisions. (Cit. omitted) Prohibited appellate review means a review of proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with the law. *In re Phil. Entmt. Partners,* 16. [See Addenda, 113, 126.]

55. The Nuffer and Benson/Kimball Opinions do not prove the state resolved the question, and do not restate the opinions of that court for confidence in the Constitutionality of the application of the doctrine; the question was on the constitutionality of a state law as a broadly civil censure within the compass of strictly administrative discretion.

56. The State of Utah was never allowed to bring its replies, their position was damaged by the Senior Judge Dale Kimball just as Amazon.com's was also originally damaged.

57. An observed *Fraud on the Court* does not resolve issues, just as unresolved trial questions from a State court have not resolved critical questions.

58. Further, "Hon. Mr. Benson is unduly prejudiced to terminate the case and cannot reference any petition or decision to find the exact place where Velasquez' expressions are deficient, or redundant…[because] Hon. David Nuffer's position is only speculative[.] See Addenda, 045, "Conclusions I."

59. The jurists all carried false prejudice after the Nuffer Opinion.

60. Even the Opinion of Senior Judge Paul Kelly has committed *Fraud at Determination* when reviewed in light of the Circuit Court's holding.

61. We have already repeatedly expressed how this is a collateral appeal, and have described the form of malpractice to be impoundment of civil right, and invasion of privilege.

**His Honor Has Falsely Recited Precedence**

62. In Trial Doc. 18 (R.Vol.II.61) has declared summary review of cases *Velasquez v. Hon. Baldock, et al.* 2:22-cv-00133 wherein the Plaintiff sued to release his civil rights from an unlawful judicial impound (a term of art) in two cases, *Velasquez v. State of Utah,* 2:20-cv-205/2:18-cv-728 where there was cited before the Circuit Court a *Fraud on the Court* allegation.

63. Reciting these standards, Hon. Mr. Kimball has not shown *cause* and relies entirely upon the procedural precedence of the court.

64. It is best understood to be a criminal innuendo, the opinion from Senior Judge Timothy Tymkovitch, "Mr. Velasquez did not file his notice of appeal until 138 days after the underlying dismissal order, we lack jurisdiction to review it." See Addenda, 103, 105, "Discussion."

65. All of these filings were timely from the date of Judgement, and were included to the Record on Appeal.

66. The Circuit Court must be cautioned repeatedly because its own membership does bear liability for *Fraud on the Court,* these are not heightened facts

21

pleadings that were untimely, these are the timely filings and factual predicates of the case improperly disposed thereof.

67. Any part can be summarily briefed in light of any Judicial Response.

### Affirmative Conclusion

68. The realism and reasonability of the allegation of *Fraud on the Court* is based in the summary review conducted by the Pro Se appellant who recognized the Defendant became overzealous once it was plain the Jurist had hesitated to recuse himself, and also had hesitated to immediately depose the affidavit precedenting his recusal, and disqualification.

69. Not only was it plain the judicial disposition was proximate to aggravation of circumstances defined in the suit versus Amazon.com, it was plain the spectre of Ministerial Fraud was intentionally avoided in spite of the evidence both *to the case,* and the evidence provided in those previous cases.

70. Civil Rule 12(b)(6) is a broadly drawn rule that applies to the substantive efficiency of the court, if the court on its sua sponte initiate has refused to allow factual discovery in responsive terms it cannot dismiss under the rule with prejudice.

71. That expression of prejudice is simply not forensically discernable.

72. We demonstrate there are irregular practices, and the court must be competent to measure and prosecute those variances when they come from the jurist him or herself.

**Defendant's Position**

73. Attorney of General Counsel, Brian Tuttle, refused to recognize or refute the allegation of *Fraud on the Court* in conference to the appeal between March 27, 2026 and April 15, 2026, "Amazon's position is that the District Court correctly granted the motion to dismiss." (Not demonstrated)

74. We have no refutation or rebuttal from the Defendant, nor from the Judiciary; all appear to have lost patience and credibility while whole questions of *plausibility* remained demonstrated at the time of the communication.

75. The Defendant is unlikely to appeal any reversal to the Supreme Court, and given they have provided no demonstration in light of the allegation, would

preclude this issue arbitrarily and not substantively; their holding can stand correction.

## SIGNATURE

s/Carlos Velasquez, Pro Se Appellant

_____

Civil Bureaucratic Federalist

6/20/2026

## CERTIFICATES

## Word Count

I affirm the Motion complies with Appellate Rule 27 limits on Word Count, is less than 3900 words.

s/Carlos Velasquez, Pro Se Appellant

_____

Service of Process

I certify the document attached is served by mail and electronic mail to all of the

following parties, I certify I retain Proof of Mailing.


**Amazon.com Services LLC**

Brian D. Tuttle

LITTLER MENDELSON

222 Main St. 5tth Floor

Salt Lake City, UT 84101

801-401-8312

Email: btuttle@littler.com

*Bar Number: 16974*

Senior Judge Dale Kimball

Ethan D. Thomas

LITTLER MENDELSON PC

8474 Rozita Lee Ave Ste 200

Las Vegas, NV 89113

702-862-8800

Email: edthomas@littler.com

*Bar Number: 15751*


**U.S. Courts**

Orrin G. Hatch United States Courthouse

351 South West Temple, Rm. 10.400 (Chambers)

Salt Lake City, Utah 84101

801 -524-6100


Signature of the Appellant with Date: _____