No. 26-4000

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

CARLOS VELASQUEZ,
*Plaintiff-Appellant*
v.

AMAZON.COM SERVICES LLC,
*Defendant-Appellee*

On Appeal from the United States District Court for the District of Utah
District Court Case No. 2:25-cv-00674-DAK
Honorable Dale A. Kimball, United States District Court Judge Presiding

# APPELLEE AMAZON.COM SERVICES LLC'S
# RESPONSE TO APPELLANT'S EXTRAORDINARY MOTION TO
# COMPEL HIS HONOR, SENIOR JUDGE DALE KIMBALL TO RESPOND
# TO THE APPELLANT'S BRIEF
# (ORAL ARGUMENT IS NOT REQUESTED)

Ethan D. Thomas
Brian D. Tuttle
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, Ste. 200
Las Vegas, Nevada 89113
Telephone: 702.862.8800
Email: edthomas@littler.com
btuttle@littler.com

ATTORNEYS FOR APPELLEE
AMAZON.COM SERVICES LLC

1

Appellee AMAZON.COM SERVICES LLC ("Amazon"), by and through its counsel of record, Littler Mendelson, P.C., hereby responds to *pro se* Plaintiff-Appellant CARLOS VELASQUEZ's ("Velasquez") "Extraordinary Motion to Compel His Honor, Senior Judge Dale Kimball to Respond to Appellant's Brief." (App. ECF No. 27, "Extraordinary Motion".)

## I.   INTRODUCTION

Amazon respectfully submits that the Court should deny Velasquez's Extraordinary Motion. The Extraordinary Motion is premised almost entirely on allegations that the district court judge was biased because he ruled against Velasquez in the proceedings below. In substance, Velasquez seeks to compel the district court judge to respond to allegations contained in Velasquez's Opening Brief and to revisit the district court's dismissal order simply because Velasquez disagrees with the outcome.

Velasquez's request is improper. This case is before the Court on direct appeal, not on a petition for an extraordinary writ. The district court judge is not a party to this appeal and has no obligation to respond to the parties' appellate briefing. Under the Federal Rules of Appellate Procedure, briefing is conducted between the appellant and appellee; there is no provision authorizing an appellant to compel a non-party district judge to file a responsive brief. See Fed. R. App. P. 31. Moreover, the role of the district court on appeal is complete once the record

has been transmitted. The merits of the judgment are reviewed by this Court based on the record and the briefs of the parties, not through post hoc responses from the district court judge whose ruling is under review.

In addition, even if such relief were procedurally available—which it is not—the Extraordinary Motion is untimely. The Federal Rules of Appellate Procedure establish a defined briefing sequence that concludes with the filing of the reply brief, after which no further merits briefing may be submitted absent leave of Court. Fed. R. App. P. 28(c). By attempting to inject new matters into the appeal after briefing has been completed, Velasquez seeks to circumvent the orderly appellate process and expand the issues before the Court outside the established briefing framework.

For these reasons, the Court should deny Velasquez's Extraordinary Motion in its entirety.

## II. RELEVANT PROCEDURAL HISTORY

Velasquez originally filed suit against Amazon on August 12, 2025, alleging that he resigned from his position in July 2023 because he disagreed with and complained about his disciplinary warnings and performance reviews, and resented not being selected for a technical training program. (*See* Dist. Ct. ECF No. 1.) Velasquez appears to pursue causes of action for (1) breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment, premised

on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; and (5) intentional infliction of emotional distress.

Following the district court's denial of his request to proceed *in forma pauperis* (Dist. Ct. ECF Nos. 8, 10), Velasquez filed a request on August 25, 2025 for recusal of the assigned district court judge. (Dist. Ct. ECF No. 11.) On September 25, 2025, Amazon filed a motion to dismiss Velasquez's Complaint. (Dist. Ct. ECF No. 15.) Velasquez filed further objections to the district court judge's assignment on October 3 and 9, 2025 (Dist. Ct. ECF Nos. 17, 19), which the district court denied. (Dist. Ct. ECF Nos. 18, 27.) Velasquez filed his opposition to Amazon's motion to dismiss on October 23, 2025, to which Amazon replied on November 6, 2025. (Dist. Ct. ECF Nos. 26, 28.)

On November 10, 2025, the district court issued an order indicating that it would rule on Amazon's motion to dismiss by November 14, 2025. (Dist. Ct. ECF No. 33.) The district court granted Amazon's motion to dismiss on November 14, 2025. (Dist. Ct. ECF Nos. 36-37.)

On January 5, 2026, Velasquez filed his Notice of Appeal. (App. ECF No. 1.) On March 13, 2026, Velasquez filed his Opening Brief. (App. ECF No. 14.) On May 15, 2026, Amazon filed its Response Brief. (App. ECF No. 17.) On June 5, 2026, Velasquez filed his Reply Brief. (App. ECF No. 21.) On June 24, 2026, 19 days after the appeal had been fully briefed, Velasquez filed his "Extraordinary

Motion" moving the Court to compel the district court judge to respond to his Opening Brief. (App. ECF No. 27.)

## III.   ARGUMENT AND AUTHORITIES

Velasquez's Extraordinary Motion fails for two independent reasons. First, the Extraordinary Motion seeks to compel a response from the district court judge, who is not a party to this appeal and therefore has no obligation to participate in the appellate briefing process. Second, the Extraordinary Motion is untimely because it was filed after the completion of merits briefing and constitutes an improper attempt to inject additional argument into the appeal outside the briefing framework established by the Federal Rules of Appellate Procedure.

### A.   THIS COURT SHOULD DENY APPELLANT'S "EXTRAORDINARY MOTION" BECAUSE A NON-PARTY CANNOT BE COMPELLED TO ACT.

Under Federal Rule of Appellate Procedure 31, briefing in the court of appeals is strictly limited to the parties to the appeal—i.e., the appellant, who files the opening brief, and the appellee, who may file a response brief. The Rule provides that "the appellee must serve and file a brief" after the appellant's filing, thereby defining the universe of participants obligated (or even permitted as of right) to respond. *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 993 (10th Cir. 2021) (A non-party may participate only if it shows it has direct, legally protected interest sufficient for appellate standing). The district court judge is not a party to the appeal, nor is he designated as an appellee or otherwise have any interest in this

action. Accordingly, Rule 31 imposes no obligation on a judge to file a response brief, nor does it provide any mechanism by which an appellant may compel one.

B. **EVEN IF THE JUDGE COULD BE COMPELLED TO RESPOND, THE EXTRAORDINARY MOTION IS UNTIMELY**.

Under the Federal Rules of Appellate Procedure, the merits briefing in an appeal closes with the appellant's reply brief, after which "no further briefs may be filed" without leave of court. Fed. R. App. P. 28(c). *See, e.g., Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1239 (10th Cir. 2000) (rejecting a motion that constituted additional briefing on the merits "as an inappropriate attempt to circumvent Federal Rule of Appellate Procedure 28(c)); *Ramirez v. Barr,* 814 Fed. Appx. 259, 262 n.1 (9th Cir. 2020) (granting respondent's motion to strike petitioner's supplemental brief and any arguments therein as it was filed without the court's permission). Because Velasquez filed the Extraordinary Motion 19 days after his Reply Brief, this Court should reject the Extraordinary Motion as untimely.

## IV. CONCLUSION

For the foregoing reasons, the Tenth Circuit should deny Velasquez's "Extraordinary Motion" because the District Judge cannot be compelled to respond

/ / /

/ / /

/ / /

5

to his Opening Brief and, even if the district court judge could respond, the

Extraordinary Motion is untimely.

Dated: July 6, 2026

LITTLER MENDELSON, P.C.

Ethan D. Thomas
Brian D. Tuttle

Attorneys for Appellee
AMAZON.COM SERVICES LLC

## REQUEST FOR ORAL ARGUMENT

Amazon believes that oral argument would not be of assistance to this Court and respectfully does not request oral argument.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7)(B) OF THE FEDERAL RULES OF APPELLATE PROCEDURE

Pursuant to Federal Rule of Appellate Procedure 32(a) and Tenth Circuit Rule 32, the undersigned certifies that this brief complies with the applicable type-volume limitation, typeface requirements, and type-style requirements.

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and 29(d) because the brief contains 1134 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman font in text and footnotes.

Dated this 6nd day of July, 2026.

Ethan D. Thomas, Esq.
Brian Tuttle, Esq.
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, #200
Las Vegas, NV 89113
Tel: (702) 862-8800
Email:  edthomas@littler.com
        btuttle@littler.com

ATTORNEYS FOR APPELLEE

# ANTI-VIRUS CERTIFICATION FORM

I hereby certify a virus check was performed on the PDF version of this brief and no viruses were found.

Dated this 6th day of July, 2026.

Ethan D. Thomas, Esq.
Brian Tuttle, Esq.
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, #200
Las Vegas, NV 89113
Tel: (702) 862-8800
Email:  edthomas@littler.com
          btuttle@littler.com

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify as follows:

(1) All required privacy redactions have been made pursuant to Tenth Circuit Rule 25.5; and

(2) Any paper copies of this document submitted to the Court are exact copies of the version filed electronically.

Dated this 6th day of July, 2026.

Ethan D. Thomas, Esq.
Brian Tuttle, Esq.
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, #200
Las Vegas, NV 89113
Tel: (702) 862-8800
Email:  edthomas@littler.com
        btuttle@littler.com

ATTORNEYS FOR APPELLEE

# CERTIFICATE OF SERVICE

I hereby certify that:

☐      All other parties to this litigation are either: (1) represented by attorneys; or (2) have consented to electronic service in this case; or

☒      On July 6, 2026 I sent a copy of this APPELLEE AMAZON.COM SERVICES LLC'S RESPONSE TO APPELLANT'S EXTRAORDINARY MOTION TO COMPEL HIS HONOR, SENIOR JUDGE DALE KIMBALL TO RESPOND TO THE APPELLANT'S BRIEF (ORAL ARGUMENT IS NOT REQUESTED) to:

Carlos Velasquez, Pro Se Plaintiff, via U.S. Mail, at P.O. Box 581365, Salt Lake City, Utah 84158. (cfv1983@gmail.com)

July 6, 2026
Date

/s/ *Maribel Rodriguez*
Signature